1 | MICHAEL C. SULLIVAN (SBN 131817)
Email: msullivan@paulplevin.com

2 | MARTINA M. NAGLE (SBN 160983)
Email: tnagle@paulplevin.com

3 | **PAUL, PLEVIN, SULLIVAN & CONNAUGHTON** LLP
401 B Street, Tenth Floor

4 | San Diego, California 92101-4232
Telephone: 619-237-5200

5 | Facsimile: 619-615-0700

6 | Attorneys for Defendants
FRONTIER AIRLINES, INC., REPUBLIC AIRWAYS

7 | HOLDINGS, INC. AND ROGER SORENSEN

8

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11 | KHAN MICHAEL ORDONEZ,

12 |             Plaintiff,

13 |     v.

14 | FRONTIER AIRLINES, REPUBLIC
AIRWAYS HOLDINGS, ROGER

15 | SORENSON,

16 |             Defendants.

17

18

CASE NO. **13      0940**

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**
**(DIVERSITY - 28 U.S.C. § 1332)**

San Mateo Superior Court
Case No. CIV519071
Complaint Filed:      January 11, 2013

19 |                    **NOTICE OF REMOVAL**

20 |     TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21 |     PLEASE TAKE NOTICE that Defendants Frontier Airlines, Inc. ("Frontier"), Republic

22 | Airways Holdings, Inc. ("Republic") and Roger Sorensen ("Sorensen") (collectively

23 | "Defendants") hereby remove to this Court the state court action described below. The state court

24 | action is one that this Court has original jurisdiction to decide under 28 U.S.C. § 1332 (diversity

25 | jurisdiction), and is one that may be removed to this Court by Defendants pursuant to 28 U.S.C. §

26 | 1441. Removal is proper based upon the following:

27 |     1.      On January 11, 2013, Plaintiff Khan Michael Ordonez ("Plaintiff") filed a civil

28 | action in the Superior Court of California, County of San Mateo, styled *Khan Michael Ordonez v.*

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON

NOTICE OF REMOVAL OF ACTION                    1

FILE VIA FAX

1  *Frontier Airlines, Republic Airways Holdings, Roger Sorensen and Does 1 through 20, inclusive,*

2  Case Number CIV519071. On February 8, 2013, a copy of the Summons, Complaint, and other

3  initial pleadings in this action was personally served on Sorensen. This is the first time Sorensen

4  received a copy of any complaint in this action.

5      2.      On February 25, 2013, Frontier and Republic each timely executed and served

6  Plaintiff with a Notice and Acknowledgment of Receipt which Plaintiff had mail served on them

7  on February 4, 2013, along with the Summons, Complaint, and other initial pleadings in this

8  action, per California Code of Civil Procedure section 415.30. This is the first time Frontier and

9  Republic received a copy of any complaint in this action.

10     3      In accord with 28 U.S.C. § 1446(a), a true and accurate copy of the Complaint is

11  attached hereto as Exhibit A, and a true and accurate copy of all other process and pleadings

12  served on Defendants in this matter is attached hereto as Exhibit B. Also, a true and correct copy

13  of the Notice and Acknowledgment of Receipts served by Plaintiff, and executed and served by

14  Frontier and Republic, is attached hereto as Exhibit C.

15                          **INTRADISTRICT ASSIGNMENT**

16     4.      Plaintiff alleges he is a resident of San Mateo County, California, and was

17  employed by Frontier at its San Francisco International Airport location in San Mateo County,

18  where this action arose and the state action was filed. See Complaint, ¶¶ 1, 5. Venue thus lies

19  with the United States District Court for the Northern District of California pursuant to 28 U.S.C.

20  §§ 1441(a) and 1391(a), and pursuant to Civil Local Rule 3-2(c), assignment shall be made by the

21  Clerk of this Court to its San Francisco or Oakland division.[1]

22                          **DIVERSITY JURISDICTION**

23     5.      This is an action that this Court has original jurisdiction to decide under 28 U.S.C.

24  § 1332, and is one that may be removed to this Court by Defendants pursuant to the provisions of

25  28 U.S.C. § 1441 because, as demonstrated below; (1) it is a civil action between citizens of

26  [1] In response to a telephone inquiry from this firm, the clerk advised that this case would be assigned to
27  the San Francisco division.

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON

NOTICE OF REMOVAL OF ACTION                              2

1  different states, and (2) the matter in controversy exceeds the sum of $75,000 exclusive of interest

2  and costs.

3        6.      Plaintiff, Frontier and Republic are citizens of different states. Plaintiff is and was,

4  at the time of the filing of this action, a citizen of California. See Complaint, ¶ 1. Frontier is and

5  was, at the time of the filing of this action, a Colorado corporation with its principal place of

6  business and headquarters in Colorado. Republic is and was, at the time of the filing of this

7  action, a Delaware corporation with its principal place of business and headquarters in Indiana.

8  See *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (concluding that "'principal place of

9  business' is best read as referring to the place where a corporation's officers direct, control, and

10 coordinate the corporation's activities... And in practice it should normally be the place where the

11 corporation maintains its headquarters.") Frontier's corporate headquarters (where the majority of

12 executive and administrative functions are performed, where the majority of its corporate officers

13 and executives exist) are located in Colorado. See Declaration of Jacalyn Peter in Support of

14 Defendants' Notice of Removal ("Peter Decl.") ¶ 2. Republic's corporate headquarters (where the

15 majority of executive and administrative functions are performed, where the majority of its

16 corporate officers and executives exist) are located in Indiana. *Id.* at ¶ 3.

17       7.      Sorensen is named in the Complaint on two causes of action only, the first cause of

18 action for retaliation under the California Family Rights Act ("CFRA"), and the sixth cause of

19 action for harassment under the CFRA.[2]  There is no individual (or supervisor) liability under the

20 CFRA; only employers who directly employ 50 or more persons are liable under the CFRA. See

21 California Government Code sections 12945.2(c)(2)(A) & 12945.2(a); see also *Herrera v. Pepsi*

22 *Bottling Group, Inc.*, 2010 WL 4483742 (E.D. Cal. 2010); *Corrales v. United Rentals, Inc.*, 2010

23 WL 2380875 (C.D. Cal. 2010). Sorensen did not personally employ anyone, but was merely a

24 ――――――――――――――――――――――――――――――
   [2] The sixth cause of action in the Complaint is mislabeled age harassment under the Fair Employment &
25 Housing Act ("FEHA"), but there are no age allegations in the complaint whatsoever, and the body of the
   sixth cause of action alleges harassment under the CFRA. In any event, Plaintiff's date of birth is April
26 29, 1972 and he was under 40 years old when his employment was terminated on September 3, 2010. See
   Peter Decl. ¶ 4, Exh. 1; Complaint, ¶ 46. Plaintiff is not in the protected class of those 40 years of age or
27 older for purposes of a FEHA claim based on age. See California Government Code § 12926(b).

28

1   supervisor. See Complaint, ¶ 4. Individual supervisors may not be sued under the CFRA. See

2   *Corrales*, 2010 WL 2380875; *McLaughlin v. Solano County*, 2008 WL 2977959 (E.D. Cal. 2008),

3   *citing Miskuski v. Crescent Heights of America, Inc.*, 2007 WL 118637 (S.D. Cal. 2007).

4   Plaintiff's' joinder of Sorensen, who is a citizen of California, as a named defendant in the

5   Complaint, is a sham or fraudulent joinder to attempt to destroy diversity: Sorensen is an

6   individual defendant, and thus cannot, as a matter of law, be liable to Plaintiff as alleged in this

7   action for retaliation and harassment under the CFRA. See *Ritchey v. Upjohn Drug Co.*, 139 F.3d

8   1313, 1318-1319 (9th Cir. 1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.

9   1987). Plaintiff is the only named plaintiff in this action, and Frontier and Republic are the only

10  properly named defendants in this action. Complete diversity of citizenship accordingly exists

11  between the parties.

12      8.      It is facially apparent from the Complaint that the amount in controversy exceeds

13  $75,000 exclusive of interest and costs. See *Singer v. State Farm Mut. Automobile Ins. Co.*, 116

14  F.3d 373, 377 (9th Cir. 1997) (endorsing the Fifth Circuit's procedure for determining the amount

15  in controversy for removal purposes – considering first whether it is "facially apparent" from the

16  complaint that the jurisdictional amount is in controversy); *White v. FCI USA, Inc.*, 319 F.3d 672,

17  674-75 (5th Cir. 2003) (when amount in controversy is not stated in complaint, amount is

18  determined from plaintiff's requested relief).

19      9.      In the present case, it is apparent from the Complaint that Plaintiff's prayer for relief

20  exceeds $75,000.00. Plaintiff seeks the following relief:

21      • Compensatory damages and other economic damages, including front pay and back

22          pay;

23      • General damages;

24      • Special damages;

25      • Mental and emotional distress damages;

26      • Punitive damages;

27      • Statutory attorneys' fees and costs;

28      • Such other and further relief as the Court may deem just and proper.

PAUL, PLEVIN,
SULLIVAN &         NOTICE OF REMOVAL OF ACTION                    4
CONNAUGHTON

1  See Complaint, ¶¶ 59-62, 67-69, 77-79, 85-87, 92-94, 101-103, 112-114, 120-124; prayer for relief

2  at ¶¶ 1-5.

3      10.    In addition to what is facially apparent from the Complaint, other facts further

4  establish that it is "more likely than not" that the amount in controversy exceeds $75,000

5  exclusive of interest and costs, thus satisfying the applicable removal standard. See, e.g., *Sanchez*

6  *v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

7      11.    In the experience of Defendants' undersigned lead counsel, an experienced

8  California labor and employment attorney who has been practicing law for over 25 years, an

9  action alleging claims for retaliation and interference under the CFRA; discrimination and a

10  failure to provide reasonable accommodation or to engage in the interactive process under the

11  FEHA; and wrongful termination in violation of public policy; and expressly seeking lost wages

12  (front pay and back pay) and benefits, compensatory damages, and punitive damages, as this

13  action does, necessarily implicates an amount in controversy in excess of $75,000, exclusive of

14  interest and costs.

15      12.    This Notice of Removal is being filed by Defendants within thirty days of their

16  receipt of copies of the initial pleadings setting forth Plaintiff's claims for relief in this action, and

17  is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

18      12.    A copy of this Notice of Removal is being filed with the Superior Court of

19  California, County of San Mateo, and served upon counsel for Plaintiff pursuant to the Notice of

20  Removal to Federal Court, a copy of which is attached hereto as Exhibit D.

21

22  Dated: February 28, 2013                PAUL, PLEVIN, SULLIVAN &
                                            CONNAUGHTON LLP

23                                          By: _____
                                                MICHAEL C. SULLIVAN
24                                              Attorneys for Defendants
                                                FRONTIER AIRLINES, INC., REPUBLIC
25                                              AIRWAYS HOLDINGS, INC. AND
                                                ROGER SORENSEN
26

27

28

# EXHIBIT A

KENNETH C. ABSALOM (SBN 114607)
kenabsalom@333law.com
JAMES J. ACHERMANN (SBN 262514)
james.achermann@333law.com
LAW OFFICE OF KENNETH C. ABSALOM
275 Battery Street, Suite 200
San Francisco, Ca. 94111
Tel: 415-392-5040
Fax: 415-392-3729

Attorneys For Plaintiff
KHAN MICHAEL ORDONEZ

**ENDORSED FILED
SAN MATEO COUNTY**

JAN 1 1 2013

Clerk of the Superior Court
By____ Rebecca Krill
DEPUTY CLERK

### SUPERIOR COURT FOR THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| KHAN MICHAEL ORDONEZ,<br><br>Plaintiff,<br><br>vs.<br><br>FRONTIER AIRLINES, REPUBLIC AIRWAYS HOLDINGS, ROGER SORENSON an individual and DOES 1-20.<br><br>Defendant | Case No.:  CIV 5 1 9 0 7 1<br><br>COMPLAINT FOR DAMAGES<br><br>1. Retaliation for Exercise of CFRA Rights<br>2. Interference w/ Denial of CFRA<br>3. Discrimination in Violation of the FEHA<br>4. Failure to Provide Reasonable Accommodation<br>5. Failure to Engage in the Interactive Process<br>6. Harassment in Violation of the FEHA<br>7. Failure to Take Appropriate Action or Corrective Action In Violation of the FEHA<br>8. Wrongful Termination in Violation of Public Policy<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff KHAN MICHAEL ORDONEZ and as and for his Complaint herein alleges as follows:

### PARTIES AND JURISDICTION

1.      Plaintiff, Khan Michael Ordonez (hereinafter "Plaintiff" or Mr. Ordonez) is a resident of Burlingame, County of San Mateo, State of California.

-1-

1    2.    At all times material herein, Plaintiff was employed by Frontier Airlines and
2  Republic Airways Holdings the owner of Frontier Airlines, (hereinafter collectively referred to
3  as "Defendants") operating within the Jurisdiction of this Court.

4    3.    Defendant Frontier Airlines is owned by and/or a subsidiary of Defendant
5  Republic Airways Holdings providing flight services through numerous subsidiaries within San
6  Mateo County, a formally recognized County within the State of California.

7    4.    At all times material herein, Plaintiff was supervised by Roger Sorensen, an
8  individual, ("Defendant Sorenson") while Plaintiff was employed by Frontier Airlines and
9  Republic Airways Holdings.

10   5.    The injuries sustained by plaintiff occurred at Terminal One San Francisco
11  International Airport, San Mateo, County of San Mateo 94128, within the Jurisdiction of this
12  Court.

13                                **EXHAUSTION OF REMEDIES**

14   6.    On or about August 12, 2011, Plaintiff filed charges against his former employer
15  Frontier Airlines/Republic Airways Holdings, as well as against Defendant Roger Sorenson, with
16  the Department of Fair Employment and Housing ("DFEH") alleging violations of Fair
17  Employment and Housing Act ("FEHA") and California Family Rights Act ("CFRA').

18   7.    On or about April 18, 2012, Plaintiff amended his then pending DFEH charge to
19  name Frontier Airlines parent company Republic Airways Holdings. The Amended Charge was
20  mailed for signature to Plaintiff on April 18, 2012, signed April 20, 2012 and filed April 24,
21  2012 and noted the original August 12, 2011 filing date.

22   8.    On or about January 17, 2012, Plaintiff received a "Right to Sue" letter from
23  DFEH against both Frontier Airlines and Roger Sorenson. The DFEH "Right to Sue" letter
24  stated that civil actions under that letter must be brought within one year of the date of the letter.

25   9.    On July 19, 2012, Plaintiff received a "Right to Sue" letter from the DFEH
26  against both Frontier Airlines/Republic Airways Holdings and Roger Sorenson. The DFEH
27  "Right to Sue" letter stated that civil actions under that letter must be brought within one year of
28  the date of the letter.

-2-

10. Plaintiff has exhausted all his administrative remedies required to be pursued prior to bringing this action as set forth above.

### VENUE

11. Venue is proper in San Mateo County in that Defendants have an office and perform business within this judicial district.

### FACTS COMMON TO ALL CLAIMS

12. At all times material herein, Plaintiff was employed by Defendants Frontier and Republic Airways as a Customer Service Agent.

13. Defendant employs thousands of employees throughout the country and well over fifty (50) employees at the location in which Plaintiff works.

14. Plaintiff, at the time of his termination, and/ or request for California Family Rights Act (CFRA) leave, had worked for over a year and over 1250 hours in the previous year.

15. Plaintiff lives with learning disabilities including; visual perception; auditory expression; reading comprehension/retention; speech pathology; difficulty with hand/eye coordination; difficulty with fine and gross motor skills.

16. At all times material herein, Plaintiff had an excellent work record.

17. At all times relevant, Defendants and their agents were aware of Plaintiff's learning disabilities.

18. Prior to his termination, Plaintiff was denied the opportunity to train on procedures and policies in a way that accommodated his disabilities. The denial of training resulted in Plaintiff being written up on occasions. When Plaintiff asked to view his written discipline he was brushed off by defendants.

19. Plaintiff was told by his supervisors that he was not cut out for his position and that he should find something else. Plaintiff believes that this comment was made because of Plaintiff's disability.

20. In early July of 2010, Plaintiff began to suffer from a then unknown illness making it difficult at work. Defendants were aware that Plaintiff was sick

-3-

21.     On or about July 3, 2010, Plaintiff was unable to attend work and went to the hospital where he was seen by his employer's designated physician. Plaintiff was treated and given a work status report which took him off work till July 9, 2010 which Plaintiff delivered to Defendants through his father.

22.     On or about July 9, 2010, Plaintiff was seen by his physician who determined that he had whooping cough and gave him a work status report which indicated that he should return to work on July 12, 2010. This work status report was given to Defendants.

23.     On or about July 12, 2010, Plaintiff again saw his physician and her associate who gave him an updated work status report which indicated that Plaintiff was to stay off work till July 19, 2010. This updated work status report was given to Defendants.

24.     On July 19, 2010, Plaintiff saw a physician regarding his condition who again updated his work status report which now indicated a return to work of July 25, 2010. This work status report was given to Defendants.

25.     During Plaintiff's battle with his illness, he was repeatedly harassed and harangued by Roger Sorensen, Roberto Moreno and Dylan Swartz as to the details of his illness and his treatment.

26.     On or about July 19, 2012, Plaintiff was informed by a staff member of his physician's office that two people introducing themselves as his employer had inquired about seeing his medical records to determine his current illness, and whether it was serious enough to have missed work. Based on the description given to Plaintiff by the staffer, Plaintiff concluded that the two individuals were his supervisors. The staffer informed Plaintiff that when he asked if the two individuals had a medical authorization signed by Plaintiff they stated no.

27.     That same evening, Plaintiff received a call from Dylan Swartz in which it was relayed to Plaintiff that Roger Sorensen instructed Dylan Swartz to instruct him to obtain and provide a medical report from his doctor detailing his illness including whether or not Plaintiff's illness was contagious.

28.     Despite what Plaintiff believed to be an illegal request, Plaintiff attempted to appease Defendant Sorensen and on or about July 22, 2010, had his father deliver a medical

-4-

1  report from his physician which stated that Plaintiff was not contagious to co-workers.

2      29.     On or about July 24, 2010, Plaintiff called Defendant to inform them that he

3  would be returning to work for his regular shift at 4:00 am on July 25, 2010.

4      30.     Plaintiff still feeling very ill worked both July 25 and July 26, 2010

5      31.     Plaintiff first requested CFRA leave on or about July 25, 2010.    Plaintiff

6  specifically asked his supervisors including Moreno and Defendant Sorenson about CFRA

7  paperwork. Plaintiff was not provided CFRA paperwork despite his request.

8      32.     Plaintiff alleges on information and belief that Defendants had no CFRA posters

9  posted in the building in which he worked.

10     33.     Plaintiff could no longer continue to work by July 27, 2010 due to this illness and

11 informed Supervisor Robert Earhart that he needed to leave work.

12     34.     Plaintiff attempted to wait till the following day to see his physician however was

13 instructed to immediately go to Urgent Care.

14     35.     At the urgent care facility, Plaintiff was asked for a medical authorization form

15 which he had not been given, the receptionist attempted to call his employer. Swartz informed

16 the receptionist that Defendants were refusing to authorize treatment when Plaintiff asked

17 Swartz why they were refusing to authorize treatment she informed him that she believed he had

18 left work without her permission despite having sought permission to leave from his supervisor.

19     36.     After being denied the treatment Plaintiff needed by his employer, Plaintiff was

20 seen by his regular physician on July 28, 2010 who provided him with a work status report

21 indicating that he should be off work until August 15, 2010. This work status report was given to

22 Defendants.

23     37.     Despite Defendants' knowledge that Plaintiff was ill beginning on or about July 2,

24 2010, Plaintiff was never advised or notified of his CFRA rights until August of 2010.

25     38.     On or about July 31, 2010 Plaintiff became violently ill and was taken to the

26 hospital by ambulance.

27     39.     On or about early August of 2010 while recovering from his illness, Plaintiff was

28 instructed by his supervisor Robert Moreno to contact the Home Office of Republic Airways

-5-

1   regarding his absence due to illness. Plaintiff had recently been rushed to the hospital due to his

2   illness and not feeling up to the conversation with the Home Office of Republic Airways asked

3   his father to make the initial contact while he recuperated. Plaintiff's father contacted the Home

4   Office of Republic Airways as instructed and was put in touch with Eric Kartchner. Plaintiff's

5   father requested Family Medical Leave paperwork.

6   40.   During the conversation with Mr. Kartchner, Mr. Kartchner appeared taken aback

7   by the fact that individuals from Frontier had attempted to speak to Plaintiff's physicians directly

8   and instructed Plaintiff to inform any supervisor that inquiries into his illness to call or speak to

9   Mr. Kartchner directly, and that Plaintiff should provide no further information.

10   41.   Plaintiff was sent CFRA paperwork by fax and the cover memo from Mr.

11   Kartchner stated that the paperwork would cover his current leave from July 27, 2010 through

12   his return to work. The cover letter also asked that the forms be submitted no later than August

13   21, 2010.

14   42.   Plaintiff filled out the CFRA paperwork and provided the forms to his physician

15   to complete the forms which his physician did. The forms were faxed back to Mr. Kartchner at

16   Republic Airways on August 19, 2010.

17   43.   On or about September 1, 2010, Mr. Kartchner spoke to Plaintiff's father and

18   pointed out a mistake in the forms regarding the dates provided on the CFRA forms. The error

19   was corrected by Plaintiff's physician and sent back to Mr. Kartchner.

20   44.   On or about September 3, 2010, Plaintiff was contacted by Defendant Sorenson

21   who began inquiring about Plaintiff's illness wanting to know what Plaintiff was diagnosed with,

22   who his physician was, when Plaintiff was returning, etc. Plaintiff, as instructed, told Defendant

23   Sorenson to contact Mr. Kartchner. Plaintiff told Defendant Sorenson he was seeing his

24   physician on September 8, 2010 and that a work report would thereafter be delivered. Plaintiff

25   attempted to speak to Defendant Sorenson on September 5th, 6th, and 7th but was not able to get a

26   hold of him.

27   45.   On September 8, 2010, Plaintiff was seen by his physician who gave him a work

28   status report keeping him off work till October 5, 2010. On his way to the Airport to deliver it,

-6-

1  Plaintiff was contacted by Defendant Sorenson who again inquires into his condition and

2  became upset when Plaintiff instructed him to speak to Kartchner. Plaintiff informed Defendant

3  Sorenson he was on his way to deliver the work status report. Plaintiff's work status report was

4  delivered to Defendants by his father who left it at the ticket counter with instructions to give it

5  to Sorenson, Swartz or Moreno.

6      46.    On September 9, 2010, Plaintiff received a termination letter from Sorenson dated

7  September 3, 2010 that was filled with inaccurate and false statements regarding his failure to

8  request CFRA leave.

9      47.    Plaintiff was provided a check for one thousand dollars, for accrued vacation with

10  no explanation as to how the amount was calculated.

11     48.    Subsequently Plaintiff's medical insurance was canceled while he was still in the

12  need of treatment and Plaintiff was forced to pay out of pocket for his treatment.

13

14                          **FIRST CAUSE OF ACTION**

15   **(Retaliation for Engaging In Leave Protected by the California Family Rights Act**

16                  **Violation of Cal. Gov. Code § 12945.2).**

17                          (Against All Defendants)

18     49.    Plaintiff realleges and incorporates by reference each and every allegation in

19  Paragraphs 1 through 48 as though fully set forth herein.

20     50.    At all times material, the California Family Rights Act was in place. The CFRA

21

22  provides job security to an employee who is absent from work because of the employee's own

23  serious health condition or to care for a family member with a serious health condition.

24     51.    Under Section 12945.2 (l)(1) of the California Government Code it is unlawful

25  for an Employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against,

26

27  any individual because of an individual's exercise of the right to family care and medical leave.

28

                              -7-

52. When Plaintiff took his CFRA leave in August/September of 2010 Plaintiff was eligible to take CFRA leave, having worked for at least 12 months prior to his leave, and having been a full time employee working at least 1,250 hours of service in the previous 12 months.

53. Defendant Frontier Airlines and Republic Airways Holdings are employers subject to the California Family Rights Act.

54. At the time Plaintiff took his CFRA Leave in 2010 it was due to a medical condition covered by the CFRA.

55. Plaintiff provided the Defendants with the requisite notice of his intent to take CFRA leave in August of 2010.

56. Plaintiff was terminated for allegedly not providing documentation in regards to his medical condition in September of 2010.

57. Plaintiff was interfered with, retaliated against and terminated because of his attempt to use leave he was afforded under the law.

58. Defendants' conduct as described above constitutes interference, discrimination and retaliation in violation of Cal. Gov. Code § 12945.2.

59. As a proximate result of Defendants' willful, knowing and intentional retaliation against Plaintiff, he has sustained and continues to sustain substantial losses in earnings and other employment benefits.

60. As a proximate result of Defendants' willful, knowing and intentional retaliation against Plaintiff, he has suffered and continues to suffer humiliation, emotional distress, and mental pain and anguish, all to his damage in a sum according to proof.

-8-

61.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave to amend this complaint when the amounts are ascertained.

62.     Defendant committed the acts and omissions alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in reckless or conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages from Defendant.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

**(Interference with/ Denial of California Family Rights Act Leave Cal Gov. Code § 12900)**
**(Defendants Frontier, Republic Airways and Does 1-20)**

63.     Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 62 as though fully set forth herein.

64.     At all times material, the California Family Rights Act was in place. The CFRA provides job security to an employee who is absent from work because the employees own serious health condition or to care for a family member with a serious health condition.

65.     Under Section 12945.2 et seq., Plaintiff had a legal right to take leave because Defendant Frontier and Republic Airways employed more than 50 employees within a 75 mile radius, Plaintiff was employed for twelve months prior to his request for leave, had worked 1,250 hours in that twelve month period, and has had a serious health condition that intermittently cause him to be unable to perform the functions of his position.

66.     Defendants Frontier and Republic Airways and DOES 1-20 interfered with and denied Plaintiff leave which he was lawfully entitled to.

-9-

COMPLAINT FOR DAMAGES

67.    As a direct and foreseeable result of the aforesaid acts and/or omissions of Defendants, and each of them, Plaintiff has sustained, and continues to sustain, economic damages including but not limited to loss of wages, retirement benefits, medical and other employment benefits, in an amount that has yet to be determined but that is in excess of this Court's minimum for unlimited jurisdiction cases, all to be proved at trial.

68.    As a further result of the aforementioned acts and omissions of defendants, and each of them, Plaintiff has suffered, and continues to suffer, humiliation, embarrassment, aggravation, mental and emotional distress and discomfort, all to his general damage in an amount which will be proven at trial.

69.    Defendant committed the acts and omissions alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in reckless or conscious disregard of Plaintiff's rights.    Plaintiff is therefore entitled to recover punitive damages from Defendant.

### THIRD CAUSE OF ACTION

#### (Disability Discrimination in Violation of California

#### Fair Employment and Housing Act; Govt. Code §12940(a))

(Against Defendants Frontier and Republic Airways and DOES 1-20)

70.    Plaintiff realleges and incorporates by reference paragraphs 1 through 69, as though fully set forth herein.

71.    Plaintiff suffers from a physical disability within the meaning of Govt. Code §12926(k), to wit: Plaintiff lives with learning disabilities including; visual perception; auditory expression; reading comprehension/retention; speech pathology; difficulty with hand/eye coordination; difficulty with fine and gross motor skills and Pertussis (whooping cough).

72.    California Government Code §12940(a) provides that it is an unlawful employment practice for an employer, such as DEFENDANT to refuse to employ, or to bar or to discharge an employee, or to otherwise discriminate against an employee in terms, conditions or privileges of employment, like Plaintiff herein, because of such employee's physical disability.

-10-

73.     The FEHA also makes it an unlawful employment practice for an employer such as Defendant to discriminate against an employee because such person is "regarded or treated by the employer ... as having, or having had, any physical condition that makes achievement of a major life activity difficult." Cal.Gov't. Code Section 12926(k)(4).

74.     Since Plaintiff's illness Defendant has known that Plaintiff sustained an illness which caused him to be disabled within the meaning of the FEHA.   When Plaintiff was terminated, and denied accommodation from Defendant's place of business, Defendant knew that he was disabled or regarded him as having a disability or having had a disability.

75.     Plaintiff has since October of 2010 been able to perform the essential duties of his position with or without reasonable accommodations.

76.  ,   By failing and refusing to permit Plaintiff to continue at his job, Defendant adversely affected employment all in violation of *Gov't Code §12940(a)*

77.     As a direct and foreseeable result of the aforesaid acts and/or omissions of Defendants, and each of them, Plaintiff has sustained, and continues to sustain, economic damages including but not limited to loss of wages, retirement benefits, medical and other employment benefits, in an amount that has yet to be determined but that is in excess of this Court's minimum for unlimited jurisdiction cases, all to be proved at trial

78.     As a further result of the aforementioned acts and omissions of defendants, and each of them, Plaintiff has suffered, and continues to suffer, humiliation, embarrassment, aggravation, mental and emotional distress and discomfort, all to his general damage in an amount which will be proven at trial.

79.     Defendant committed the acts and omissions alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in reckless or conscious disregard of Plaintiff's rights.   Plaintiff is therefore entitled to recover punitive damages from Defendant.

////

////

////

-11-

COMPLAINT FOR DAMAGES

### FOURTH CAUSE OF ACTION

#### (Failure to Provide Reasonable Accommodations In
#### Violation of FEHA § 12940(m))
(Against Defendants Frontier and Republic Airways and DOES 1-20)

80.    Plaintiff realleges and incorporates by reference paragraphs 1 through 79 above, as though fully set forth herein.

81.    California Government Code § 12940(m) provides that it is an unlawful employment practice for an employer, such as DEFENDANT, to fail or refuse to provide an employee such as Plaintiff reasonable accommodation for the known physical disability of the employee or for any disability that an employer perceives the employee as having or having had.

82.    Plaintiff's disability limits one or more of Plaintiff's major life activities and is thus a physical disability within the meaning of *Gov't Code §12926 (k)*.

83.    Defendant knew of Plaintiff's disability but failed and refused to provide Plaintiff with reasonable accommodations including by way of example, enabling Plaintiff to continue to perform the essential functions of such jobs, or making other reasonable accommodations regarding leave which would also have permitted Plaintiff to continue in active employment.

84.    By failing and refusing to reasonably accommodate Plaintiff's disability Defendant is in violation of *Gov't Code §12940(m)*.

85.    As a direct and foreseeable result of the aforesaid acts and/or omissions of Defendants, and each of them, Plaintiff has sustained, and continues to sustain, economic damages including but not limited to loss of wages, retirement benefits, medical and other employment benefits, in an amount that has yet to be determined, all to be proven at trial.

86.    As a further result of the aforementioned acts and omissions of defendants, and each of them, Plaintiff has suffered, and continues to suffer, humiliation, embarrassment, aggravation, mental and emotional distress and discomfort, all to his general damage in an amount to be proven at trial.

87.    Defendant committed the acts and omissions alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive

-12-

1   amounting to malice, and in reckless or conscious disregard of Plaintiff's rights.    Plaintiff is

2   therefore entitled to recover punitive damages from Defendant.

3                              **FIFTH CAUSE OF ACTION**
                    **(Failure to Engage in Interactive Process In**
4                          **Violation of FEHA §12940(n))**

5              (Against Defendants Frontier and Republic Airways and DOES 1-20)

6        88.    Plaintiff realleges and incorporates by reference paragraphs 1 through 87 above,

7   as though fully set forth herein.

8        89.    California Government Code §12940(n) provides that it is an unlawful employment

9   practice for an employer such as DEFENDANT to fail to engage in a timely, good faith,

10  interactive process with a disabled employee, or disabled applicant for employment, or one

11  regarded as having or having had a disability, to determine effective reasonable

12  accommodations, if any, to enable an employee such as Plaintiff to perform the essential

13  functions of his job, or of other available positions.

14       90.    Despite its knowledge of Plaintiff's disability Defendant failed to engage Plaintiff

15  in the interactive process required by law.

16       91.    By the aforesaid conduct and omissions Defendant is in violation of *Gov't Code*

17  *§12940(n)*.

18       92.    As a direct and foreseeable result of the aforesaid acts and/or omissions of

19  Defendants, and each of them, Plaintiff has sustained, and continues to sustain, economic

20  damages including but not limited to loss of wages, retirement benefits, medical and other

21  employment benefits, in an amount to be proven at trial.

22       93.    As a further result of the aforementioned acts and omissions of defendants, and

23  each of them, Plaintiff has suffered, and continues to suffer, humiliation, embarrassment,

24  aggravation, mental and emotional distress and discomfort, all to his general damage in an

25  amount to be proven at trial.

26       94.    Defendant committed the acts and omissions alleged herein oppressively and

27  maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive

28

                                     -13-

1  amounting to malice, and in reckless or conscious disregard of Plaintiff's rights.   Plaintiff is

2  therefore entitled to recover punitive damages from Defendant.

3                              **SIXTH CAUSE OF ACTION**

4       **(Hostile Work Environment, Harassment based on Age in Violation of Gov't Code §**

5                          **12940(j)- Against all Defendants)**

6       95.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 94, as

7  though fully set forth herein.

8       96.    Defendant Sorenson verbally reprimanded Plaintiff for suffering from an illness

9  and requesting leave.

10      97.  . Defendant Sorenson repeatedly failed to provide Plaintiff time to discuss his need

11  for medical leave and refused to provide him the necessary information to take CFRA leave.

12      98. Defendant Sorenson openly and repeatedly queried and probed Plaintiff regarding the

13  private details surrounding his illness in a harassing matter. Defendant attempted to inquire into

14  private and legally protected information regarding Plaintiff's current medical status and

15  treatment. When Plaintiff refused to proffer the information to Defendant Sorenson he would .

16  become agitated and hostile to Plaintiff.

17      99.    Defendant Dotson's behavior was pervasive and severe to the point that it affected

18  Plaintiff's employment on a daily basis and created an abusive environment in which Plaintiff

19  did not feel comfortable and which adversely affected his ability to do his job.

20      100.    Defendant Frontier Airlines and Republic Airways Holdings agents were aware or

21  should have known of Defendant Sorensons conduct and pattern of harassment yet failed to take

22  immediate or appropriate correct action.

23      101.    As a direct and foreseeable result of the aforesaid acts and/or omissions of

24  Defendants, and each of them, Plaintiff has sustained, and continues to sustain, economic

25  damages including but not limited to loss of wages, retirement benefits, medical and other    .

26  employment benefits, in an amount that has yet to be determined but that is in excess of this

27  Courts minimum for unlimited jurisdiction cases, all to be proved at trial.

28

-14-

102. As a further result of the aforementioned acts and omissions of defendants, and each of them, Plaintiff has suffered, and continues to suffer, humiliation, embarrassment, aggravation, mental and emotional distress and discomfort, all to his general damage in an amount to be proven at trial.

103. Defendant committed the acts and omissions alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in reckless or conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages from Defendant.

## SEVENTH CAUSE OF ACTION

**(Failure to Take Appropriate Corrective Action in Violation of the FEHA**
**Cal. Gov. Code § 12900 et seq. )**

(Against Defendants Frontier and Republic Airways and DOES 1-20)

104. Plaintiff realleges and incorporates by reference paragraphs 1 through 103, as though fully set forth herein.

105. Plaintiff suffers from a physical disability within the meaning of Govt. Code §12926(k), to wit: Plaintiff lives with learning disabilities including; visual perception; auditory expression; reading comprehension/retention; speech pathology; difficulty with hand/eye coordination; difficulty with fine and gross motor skills and Pertussis (whooping cough).

106. California Government Code §12940(a) provides that it is an unlawful employment practice for an employer, such as DEFENDANT to refuse to employ, or to bar or to discharge an employee, or to otherwise discriminate against an employee in terms, conditions or privileges of employment, like Plaintiff herein, because of such employee's physical disability.

107. The FEHA also makes it an unlawful employment practice for an employer such as Defendant to discriminate against an employee because such person is "regarded or treated by the employer ... as having, or having had, any physical condition that makes achievement of a major life activity difficult." Cal.Gov't. Code Section 12926(k)(4).

-15-

108. Since Plaintiff's illness Defendant has known that Plaintiff sustained an illness which caused him to be disabled within the meaning of the FEHA. When Plaintiff was terminated and denied accommodation from Defendant's place of business, Defendant knew that he was disabled or regarded him as having a disability or having had a disability.

109. Plaintiff has since October of 2010 been able to perform the essential duties of his position with or without reasonable accommodations.

110. By failing and refusing to permit Plaintiff to continue at his job, Defendant adversely affected his employment all in violation of Gov't *Code §12940(a)*.

111. Plaintiff is informed believes and thereon alleges that Defendants, as the employers and/or managing agents and/or supervisors of Plaintiff, and/or Defendants alleged herein, failed to take immediate and appropriate corrective action when they knew or should have known of the unlawful conduct occurring in the workplace against plaintiff. As such, Defendants violated the FEHA's mandate to take immediate and appropriate corrective action in such circumstances pursuant to Cal.Govt. Code section 12940(j).

112. As a direct and foreseeable result of the aforesaid acts and/or omissions of Defendants, and each of them, Plaintiff has sustained, and continues to sustain, economic damages including but not limited to loss of wages, retirement benefits, medical and other employment benefits, in an amount that has yet to be determined but that is in excess of this Court's minimum for unlimited jurisdiction cases, all to be proved at trial.

113. As a further result of the aforementioned acts and omissions of defendants, and each of them, Plaintiff has suffered, and continues to suffer, humiliation, embarrassment, aggravation, mental and emotional distress and discomfort, all to his general damage in an amount which will be proven at trial.

114. Defendant committed the acts and omissions alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in reckless or conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages from Defendant.

-16-

## EIGHTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

(Against Defendants Frontier and Republic Airways and DOES 1-20)

115.  Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 114 as though fully set forth herein.

116.  At all times mentioned herein, the California Fair Employment and Housing Act (FEHA) was in full force and effect and was binding on Defendants. Said state statute requires Defendants to refrain from discriminating against and harassing an employee on the basis of gender and constitute the public policy of the State of California prohibiting employment discrimination and harassment based on gender.

117.  At all times mentioned herein, the California Family Rights Act was in full force and effect and was binding on Defendants.  Said statute requires Defendants to refrain from discriminating and or retaliating against an employee on the basis of invoking his right to protected leave and constitute the public policy of the State of California.

118.  Defendants' conduct as described above constitutes discrimination in violation of the public policy of the State of California and the United States as announced in the California Fair Employment and Housing Act (FEHA), and has caused damage and injury to Plaintiff.

119.  Defendants' conduct as described above constitutes retaliation in violation of the public policy of the State of California and the United States as announced in the Family Medical Leave Act, as amended, and has caused damage and injury to Plaintiff.

120.  Defendants' conduct as described above constitutes retaliation in violation of the public policy of the State of California and the United States and has caused damage and injury to Plaintiff.

121.  As a proximate result of Defendants' willful, knowing and intentional discrimination against and retaliation of Plaintiff, he has sustained and continues to sustain substantial losses in earnings and other employment benefits.

122.  As a proximate result of Defendants' willful, knowing and intentional discrimination against and harassment of Plaintiff, he has suffered and continues to suffer

-17-

humiliation, emotional distress, and mental pain and anguish, all to his damage in a sum according to proof.

123. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave to amend this complaint when the amounts are ascertained.

124. Defendant committed the acts and omissions alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in reckless or conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages from Defendant.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants as follows:

1. For general and special damages according to proof;

2. For Punitive Damages;

3. For prejudgment interest, according to proof;

4. For statutory attorneys' fees and costs;

5. For all other relief and that the court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this case.

Kenneth C. Absalom
James J. Achtermann
Attorneys for Plaintiff,
KHAN MICHAEL ORDONEZ

-18-

# EXHIBIT B

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Kenneth C. Absalom (SBN 114607)<br><br>LAW OFFICE KENNETH C. ABSALOM<br>275 Battery Street, Suite 200<br>San Francisco, CA 94111<br>TELEPHONE NO: 415.392.5040   FAX NO. (Optional): 415.392.3729<br>E-MAIL ADDRESS (Optional): kenabsalom@333law.com<br>ATTORNEY FOR (Name): | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME:

PLAINTIFF/PETITIONER: Khan Michael Ordonez

DEFENDANT/RESPONDENT: Frontier Airlines et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIV519071 |
|---|---|

TO (insert name of party being served): CSC-LAWYERS INCORPORATING SERVICE (for Frontier Airlines)

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 4, 2013

Tamara Kitka
(TYPE OR PRINT NAME)                                (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other (specify):

Notice of Case Management Conference; Civil Trial Court Management Rules; ADR Information Sheet; ADR Stipulation and Evaluation Instructions; Deposit of Advance Jury Fees Fequesntly Asked Questions sheet

(To be completed by recipient):

Date this form is signed:

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kenneth C. Absalom (SBN 114607) | |

LAW OFFICE KENNETH C. ABSALOM
275 Battery Street, Suite 200
San Francisco, CA 94111
TELEPHONE NO.: 415.392.5040     FAX NO. *(Optional):* 415.392.3729
E-MAIL ADDRESS *(Optional):* kenabsalom@333law.com
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
    STREET ADDRESS: 400 County Center
    MAILING ADDRESS:
    CITY AND ZIP CODE: Redwood City, CA 94063
    BRANCH NAME:

PLAINTIFF/PETITIONER: Khan Michael Ordonez

DEFENDANT/RESPONDENT: Frontier Airlines et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: CIV519071 |
|---|---|

TO *(insert name of party being served):* CSC-LAWYERS INCORPORATING SERVICE (for Republic Airways)

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 4, 2013

Tamara Kitka
    (TYPE OR PRINT NAME)     ▶ _(signature)_     (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*

    Notice of Case Management Conference; Civil Trial Court Management Rules; ADR Information Sheet; ADR Stipulation and Evaluation Instructions; Deposit of Advance Jury Fees Fequesntly Asked Questions sheet

*(To be completed by recipient):*

Date this form is signed:

    ▶

    (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,     (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
    ON WHOSE BEHALF THIS FORM IS SIGNED)     ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FRONTIER AIRLINES, REPUBLIC AIRLINES ~~WAIS~~ HOLDINGS, ROGER SORENSON an individual and DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KHAN MICHAEL ORDONEZ

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ENDORSED FILED**
**SAN MATEO COUNTY**

JAN 1 1 2013

Clerk of the Superior Court
Rebecca Krill
By _____
DEPUTY CLERK

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Mateo Superior Court

400 Country Center

Redwood City, CA 94063

CASE NUMBER
*(Número del Caso):* CIV 519077

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kenneth C. Absalom, 275 Battery St. Suite 200, San Francisco, CA 94111 415.332.5040

| DATE: **JAN 1 1 2013** *(Fecha)* | **JOHN C. FITTON** Clerk, by *(Secretario)* | **R. KRILL** , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# NOTICE OF CASE MANAGEMENT CONFERENCE

*Khan Michael Cardona*

ENDORSED
SAN MATEO COUNTY
FILED
JAN 1 1 2013
Clerk of the Superior Court
By Rebecca Krill
DEPUTY CLERK

Case No.   CIV 519071

-12-13

vs.

Time: 9:00 a.m.

*Frontai Airlines et al*

Dept. _____ on Tuesday & Thursday
Dept. _____ on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a. Serve all named defendants and file proofs of service on those defendants with the court within **60 days** of filing the complaint (CRC 201.7).
   b. Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c. File and serve a completed Case Management Statement at least **15 days** before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.
   d. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than **30 days** before the date set for the Case Management Conference.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) **10 days** prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at
www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

. TELEPHONE NO.:       FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063-1655
BRANCH NAME: Southern Branch

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER |
|---|---|
| *(Check one):* ☐ UNLIMITED CASE   ☐ LIMITED CASE     (Amount demanded     (Amount demanded is \$25,000     exceeds \$25,000)     or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:       Time:       Dept.:       Div.:       Room:

Address of court *(if different from the address above):*
.

☐ Notice of Intent to Appear by Telephone, by *(name):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. Service *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. Description of case
   a. Type of case in   ☐ complaint    ☐ cross-complaint    *(Describe, including causes of action):*

Page 1 of 5

CASE MANAGEMENT STATEMENT

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date (indicate source and amount), estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(If not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:          f. Fax number:
   e. E-mail address:            g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
    (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
    (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b. Referral to judicial arbitration or civil action mediation (if available).
    (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
    (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
    (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

**20. Total number of pages attached (if any):** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ► _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____          ► _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)
                                             ☐ Additional signatures are attached.

Superior Court of California, County of San Mateo

## CHAPTER 2.  CIVIL TRIAL COURT MANAGEMENT RULES
### PART 1.  MANAGEMENT DUTIES

Rule 2.2.  Trial Court Management

Reference CRC, rules 3.700, 3.710-3.713, 10.900, 10.901

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

### PART 2.  CASEFLOW MANAGEMENT

Rule 2.3  New Case Management

This rule applies to all civil cases with the exception of the following: (1) juvenile court matters; (2) probate matters; (3) family law matters; and (4) civil cases which, based on subject matter, have been assigned to a judge, or to more than one judge, for all purposes. For rules applicable to these exceptions, see CRC 2.20, 2.30, 2.570-2.573, 2.585, 2.810-2.819, 2.830-2.834, 3.650, 3.700-3.735, 3.920-3.927, 3.1370, 3.1380-3.1385, 3.1590-3.1591, 3.1806, 5.590, 10.900-10.901, 10.910, 10.950-10.953,.

(a)    Purposes and Goals

The purposes and goals of the San Mateo Superior Court Civil Case Management System effective January 1, 1992 are:

(1)    To manage fairly and efficiently, from commencement to disposition, the processing of civil litigation.

(2)    To prepare the bench and bar for full implementation of the Trial Court Delay Reduction Act (A.B. 3820) on July 1, 1992; and

(3)    To encourage parties to agree to informal discovery early in the life of the case, to use standard form interrogatories and to promote alternative dispute resolution. Nothing in these rules is intended to prevent the parties from stipulating to an earlier intervention by the court by way of a case management conference, settlement conference or any other intervention that seems appropriate.

(4)    In accordance with Sections 3.710-3.715, 10.900, 10.901 of the California Rules of Court, Local Rule 2.3 is adopted to advance the goals of Section 68603 of the Government Code and Section 2.1 of the Standards of Judicial Administration recommended by the Judicial Council.

(b)    Team concept

Beginning January 1, 1994 civil litigation will be managed primarily by a team of two program judges.

The clerk will assign the case to a program judge at the time the complaint is filed. The case shall be managed by the assigned program judge until disposition or until the case is assigned to a trial department.

Superior Court of California, County of San Mateo

(c)     Cases filed after July 1, 1992

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case management system rules set forth below. Cases filed <u>before</u> July 1, 1992 shall also be subject to these rules except for subsection (d) (Filing and service of pleadings; exceptions).

(d)     Filing and service of pleadings; exceptions.

(1)     Complaint: Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

(A)  .  A blank copy of the Judicial Council Case Management Statement;

(B)  ·  A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted. The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)     Cross-complaint: Except as provided in paragraph (5) below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint) not already served with the answer under Code of Civil Procedure section 428.50 and serve with that cross-complaint:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

(3)     Responsive pleadings: Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service. The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered. If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered. The court may fix a time for filing pleadings responsive to such amended complaint.

(4)     Proofs of service: Proofs of service must be filed at least 5 calendar days before the case management conference.

(5)     Exceptions for longer periods of time to serve or respond:

(A) Time to serve may be extended for good cause: Upon ex parte application to the court, *in compliance with California Rules of Court 3.1200-3.1206*, within 60 days of the date the complaint was filed, plaintiff may obtain an extension of time to serve to a date on or before the case management conference, if good cause is shown by declaration of counsel (or plaintiff filing in propria persona). An additional extension of the time to serve (an initial extension if the application is by a cross-complainant) may be obtained upon written application to the court upon good cause shown before the prior extension has expired. The filing of a timely application for an extension will automatically extend the time to serve by five days, whether or not the application is granted.

Good cause will be found if the declaration shows that the action is filed against a defendant who is an uninsured motorist, and the plaintiff's claim is subject to an arbitration provision in plaintiff's contract of insurance. In determining good cause in other cases, the court will give due consideration to any standards, procedures and policies which have been developed in consultation with the bar of the county through the bench-bar trial court delay committee.

(B) Additional extension of time if uninsured motorist arbitration is pending. In addition to any extension of time obtained pursuant to subsection (5)(A) above, if an uninsured motorist arbitration is still pending between plaintiff and plaintiff's insurance carrier 30 days prior to the expiration of the extension, plaintiff may obtain an additional extension of time by an ex parte application supported by a declaration showing the scheduled or anticipated date of the arbitration hearing and the diligence of plaintiff in pursuing arbitration.

(C) Time to respond may be extended for good cause: Before the time to respond has expired, any party served with a complaint or cross-complaint may, with notice to all other parties in the action, make ex parte application to the court upon good cause shown for an extension of time to respond. The filing of a timely application for an extension will automatically extend the time to respond by five days, whether or not the application is granted.

(e) Case management conference

(1) Date of conference: Unless the parties stipulate in writing and the court orders that the case be earlier referred to arbitration, a case management conference will be set by the clerk at the time the complaint is filed. (Government Code 68616)

(2) Attendance at the case management conference is mandatory for all parties or their attorneys of record.

(3) Plaintiff must serve the Notice of Case Management on all parties no later than 30 calendar days before the conference, unless otherwise ordered by the Court.

(4) The Court will deem the case to be at-issue at the time of the conference (Reference: CRC 3.714(a)) absent a showing of extraordinary circumstances.

(5) The conference may be set at an earlier date by order of the Court or by written stipulation of the parties.

(6) Designation of trial counsel: Trial counsel and, except for good cause shown, back-up trial counsel, must be specified at the case management conference. If such counsel is not

Superior Court of California, County of San Mateo

specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

(7)    Conference orders: At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

    (A)    An order referring the case to arbitration, mediation or other dispute resolution process;

    (B)    An order transferring the case to the limited jurisdiction of the superior court;

    (C)    An order assigning a trial date;

    (D)    An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

    (E)    An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

    (F)    An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

    (G)    An order scheduling the exchange of expert witness information;

    (H)    An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

    (I)    Other orders to achieve the interests of justice and the timely disposition of the case.

(8)    CourtCall Telephonic Appearances

    (A)    Reference CRC, Rule 3.670

    (B)    Procedure. Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings. A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing. Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office. There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall. CourtCall will fax confirmation of the request to parties.

    (C)    On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing. Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation. Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

Superior Court of California, County of San Mateo

    (D) . At a case management conference, parties may be referred to an appropriate dispute resolution ("ADR")..process (e.g., mediation,-binding arbitration or neutral evaluation). If parties are referred ADR, they must dial the dedicated toll-free teleconference number immediately following their case management conference appearance and use a second CourtCall access code to telephonically appear at the ADR referral meeting with ADR staff. If a case has been referred to ADR, a party's case management conference appearance is not complete until they have also telephonically appeared at the mandatory ADR referral. If parties are referred to judicial arbitration, they do not have to appear at the ADR referral.

(f)    Case Management Statement

At least 15 calendar days before the scheduled case management conference, each party shall file with the court and serve on all other parties a completed Judicial Council Case Management Statement. If the case is set for further case management conference hearing(s), all parties must file updated Case Management Statements 15 (fifteen) calendar days prior to the scheduled hearings(s).

(g)    Appropriate Dispute Resolution, ADR, Policy Statement

The Court finds it is in the best interests of parties to litigation to participate in appropriate dispute resolution procedures, including but not limited to mediation, neutral evaluation, private or judicial arbitration, voluntary settlement conferences, and the use of special masters and referees. Therefore, all parties shall stipulate to, or be referred to, an appropriate form of dispute resolution before being set for trial, unless there is good cause to dispense with this requirement. Parties are encouraged to stipulate to judicial arbitration or ADR prior to the case management conference.

(h)    Stipulations to Arbitration

(1)    If the case is at issue, and all counsel and each party appearing in propia persona stipulate in writing to judicial arbitration prior to the case management conference, discovery will remain open following judicial arbitration. A written stipulation to judicial arbitration must be filed with the clerk and a copy immediately sent to the Master Calendar Coordinator at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference. A written stipulation to arbitrate will be deemed to be without a limit as to the amount of the award unless it expressly states otherwise.

(2)    It is the policy of this court to make every effort to process cases in a timely manner. Parties who elect or are ordered b the court to judicial arbitration must complete the arbitration hearing within the time frame specified by the court.

Parties who wish to continue the arbitration hearing after the jurisdictional time frame must submit a court provided form entitled "*Ex Parte Motion and Stipulation for continuance of Judicial arbitration Hearing.*" Parties can obtain a copy of the form by contacting the court's judicial arbitration administrator [See Local Rule 10.1(d)(1)]. Continuances without adequate grounds will not be considered. A case management judge will either grant or deny the request for continuance. If the request is denied, the case may be assigned a trial date. If the request is granted, the judge will impose a new deadline by which the arbitration must be completed.

(3)    Parties who wish to change their election from judicial arbitration to another form of ADR must file a "Stipulation and [Proposed] Order to [Mediation, Neutral Evaluation, etc.] in Lieu of [Court-Ordered] Judicial Arbitration" with the Clerk of the Court. The Stipulation must

Superior Court of California, County of San Mateo

state that parties have: (i) notified both the judicial arbitration a[...] ADR coordinators; (ii) cancelled the judicial arbitration hearing; (iii) scheduled the ADR se[...] on within five months of the previously scheduled judicial arbitration hearing; and (iv) stipula[...] d to a trial date, which is not more than six months from the previously scheduled judicial arbitr[...] ion hearing.

(i)     Stipulations to Private ADR

(1)     If a case is at issue and all counsel and each party appearing [...] propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR[...] with the clerk of the court at least ten (10) calendar days before the first scheduled case ma[...] gement conference, that conference shall be continued 90 days. The court shall notify all pa[...] ies of the continued case management conference.

(2)     If counsel and each party appearing in propria persona are [...] nable to agree upon an appropriate ADR process, they shall appear at the case management co[...] ference.

(3)     Following an appearance at a case management conference h[...] ring, parties shall, within 21 calendar days , file a completed Stipulation to ADR and Proposed [...] rder identifying the name of the ADR provider, date of ADR session and the names of those w[...] will be in attendance at the ADR session. The completed Stipulation to ADR and Proposed O[...] er shall be filed with the court by plaintiff's counsel. The parties, through counsel, if represe[...] ed, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree [...] n a provider. Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to [...] he court's M.A.P. offices within the same 21-day period.

(4)     All parties and counsel shall participate in the ADR process in [...] ood faith.

(5)     To maintain the quality of ADR services the court requires co[...] peration from all parties, counsel and ADR providers in completing ADR evaluation forms, a[...] returning these forms to the M.A.P. offices within 10 calendar days of the completion of the A[...] process.

(6)     ADR Program Complaint Policy If mediation session particip[...] ts have a concern about the mediation process or the conduct of a mediator affiliated with the c[...] rt's program, the court encourages them to speak directly with the mediator first. In accordan[...] with California Rules of Court §3.865 et seq., parties may also address written complaints, refe[...] cing the specific Rule of Court allegedly violated, to the Court's Civil ADR Program Coordinat[...] (For complete complaint procedure guidelines, see court web site: www.sanmateocou[...] org/adr/civil)

(7)     In accordance with the Code of Civil Procedure, section 10[...] .5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expe[...] s of the ADR provider, unless there is a contrary agreement by the parties.

(j)     Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less [...] rior to the conference, a written stipulation shall be filed at least 10 calendar days before the ca[...] management conference in order to avoid the need to appear at that conference and a copy imm[...] iately sent to the Master Calendar Coordinator. In the absence of a stipulation, either party ma[...] file a motion to have the matter designated a "short cause" and set the case accordingly. A[...] l such matters shall be presumed short cause unless the contrary is established at the hearing [...] the motion.

(k)     Law and Motion

Superior Court of California, County of San Mateo

All law and motion matters shall be heard by the regularly assigned law and Motion judge.

(l)     Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two weeks prior to the assigned trial date.

Cases assigned to arbitration or other form of ADR may be subject to a settlement conference prior to the arbitration or ADR process, but will be assigned to a pre-trial settlement conference only if the arbitration/ADR procedure fails to resolve the case.

All cases which fail to resolve by the trial date will be subject to an additional settlement conference on the trial date.

*All* settlement conferences shall be subject to the requirements specified in Local Rule 2.4.

(m)    Sanctions

Sanctions pursuant to CRC 2.30 shall be imposed for any violation of the civil case management system rules. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes, including any appropriate change in calendar status of the action.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996)(Amended, effective January 1,2000) (Amended, effective January 1, 2003) (Amended effective July 1, 2003) (Amended, effective January 1, 2005)(Amended, effective January 1, 2006) (Amended, effective January 1, 2007) (Amended, effective January 1, 2010)

## Rule 2.3.1 Orders to Show Cause re: Dismissals

(a)     A hearing on an order to show cause why the case should not be dismissed for failure to prosecute the matter shall be set at the two year anniversary of the filing of the complaint and/or cross-complaint.

(b)     An order to show cause hearing shall be set 45 days after court's receipt of notice of settlement.

(c)     An order to show cause hearing regarding dismissals may be set by the court to achieve the interests of justice and the timely disposition of the case.

(d)     An order to show cause hearing re: failure to complete judicial arbitration within the court-. ordered time frame may be heard during the case management calendar. Sanctions may be imposed and a trial date may be assigned.

(Adopted, effective January 1,2000)(Amended, effective January 1, 2003)(Amended, effective January 1, 2006)

## Rule 2.4 Settlement Conference

Reference: California Rule of Court, rule 3.138.

## Civil Appropriate Dispute Resolution (ADR) Information Sheet
### Superior Court of California, San Mateo County

*Appropriate Dispute Resolution (ADR) is a way of solving legal problems without going to trial. All types of disputes can be resolved through ADR. The Court encourages you to use some form of ADR before you proceed to trial. The most popular form of ADR is mediation. The Multi-Option ADR Project can help you choose the option that is best for your case and refer you to an experienced ADR provider.*

### What are the Advantages of Using ADR?

⚖ *Faster* – Traditional litigation can take years to complete but ADR usually takes weeks or months.

⚖ *Cheaper* – Parties can save on attorneys' fees and litigation costs.

⚖ *More control & flexibility* – Parties choose the ADR process most appropriate for their case.

⚖ *Cooperative & less stressful* – In mediation, parties cooperate to find a mutually agreeable solution to their dispute.

### What are the Disadvantages of Using ADR?

⚖ *You may go to Court anyway* – If you can't resolve your case using ADR, you may still have to spend time and money on your lawsuit.

⚖ *Not free* – The neutrals charge fees (except in judicial arbitration), but you may qualify for financial aid.

### Are There Different Kinds of ADR?

⚖ **Mediation** - A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options and agree on a solution that is acceptable to all sides.

⚖ **Judicial Arbitration** – Is an informal hearing where a neutral person (arbitrator) reviews the evidence, hears arguments and makes a decision on your case. In non-binding judicial arbitration, parties have the right to reject the arbitrator's decision and proceed to trial. For more information regarding judicial arbitration, please see the attached sheet or call (650) 363-4896.

⚖ **Binding Arbitration** - The parties agree ahead of time to accept the arbitrator's decision as final. Parties who choose binding arbitration give up their right to go to Court and their right to appeal the arbitrator's decision.

⚖ **Neutral Evaluation** - A neutral person (evaluator) listens to the parties, asks them questions about their case, reviews evidence and may hear witness testimony. The evaluator helps the parties identify the most important legal issues in their case and gives them an analysis of the strengths and weaknesses of each side's case. Special neutral evaluation guidelines are available on the Court's website at www.sanmateocourt.org/adr.

⚖ **Settlement Conference** – Although similar to mediation, the neutral (a judge) may take more control in encouraging parties to settle. Settlement conferences take place at the courthouse. All cases have a mandatory settlement conference approximately 2-3 weeks before the trial date.

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use
Local Court Form AOR-CV-8 [New September, 2010]

[CA Rule of Court §3.221]
www.sanmateocourt.org

## How Does Voluntary Mediation/Neutral Evaluation Work in San Mateo County?

⊘     The person who files the lawsuit (the plaintiff) must include this ADR Information Sheet with the complaint when serving the defendants in the case.

⊘     All the parties in your case will meet with a judge at your first Case Management Conference (CMC), which is scheduled within 120 days of the filing of the complaint. The judge will speak to you about your voluntary ADR options, encourage you to participate in ADR and ask you to meet with Court ADR staff.

⊘     If you and the parties decide to use ADR, Local Rule 2.3(i)(3) states that you must file a *Stipulation and Order to ADR* with the Court Clerk's Office. This form lets the Court know both whom you have selected as your ADR neutral and the date of the ADR session.

⊘     You and the other parties can find your own ADR neutral for the case or use a neutral who is on the Court's ADR Panel.
   o     For a list of Court ADR neutrals and their resumes, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Civil ADR Program," "Civil ADR Program Panelist List" and click on any provider's name.)

⊘     If you decide to do ADR and file a *Stipulation and Order to ADR* at least 10 days before your first CMC, the Court will postpone (continue) your first CMC for 90 days to allow the parties time to resolve the case using ADR. The Clerk's Office will send you a notice with your new CMC date.

⊘     Within 10 days of completing ADR, you and your lawyer (if you have one) must fill out either an Evaluation By Attorneys or Client Evaluation and mail or fax it to the ADR offices at: 400 County Center, Courtroom 2F, Redwood City, CA 94063; (650) 599-1754 (fax).

### Do I Have to Pay to Use ADR?

⊘     Yes. You and the other parties will pay the ADR neutral directly. However, you do not have to pay the Court for either judicial arbitration or for the mandatory settlement conference that is scheduled before your trial.

⊘     If you expect to have difficulty paying the ADR provider's fee, ask the ADR Coordinator for a financial aid application. You will need to fill out this application to determine whether or not you qualify for financial assistance.

In San Mateo County, parties also can take their case to the community mediation organization, the Peninsula Conflict Resolution Center ("PCRC"), and have their case mediated by PCRC's panel of trained and experienced volunteer mediators. To learn more about programs and fees, contact PCRC's Manager of Mediation Programs at (650) 513-0330.

For more information, visit the court website at www.sanmateocourt.org/adr or contact the Multi-Option ADR Project: 400 County Center, Courtroom 2F, Redwood City, CA 94063. (650) 599-1070, (650) 363-4148 / fax: (650) 599-1754

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use [CA Rule of Court §3.221] Local Court Form ADR-CV-8  (New September, 2010) www.sanmateocourt.org

*Judicial Arbitration, one of the available Appropriate Dispute Resolution (ADR) options, differs from other options in that it is usually court-ordered, unless the parties agree to it.*

## What are the Advantages of Using Judicial Arbitration?

⊅   *Free* -Parties do not have to pay for the arbitrator's fee.

⊅   *Fast* -Parties are usually given 120 days from the date of the Case Management Conference (CMC) to have their case heard by the appointed arbitrator.

⊅   *Informal* -The hearing is conducted by an arbitrator who issues an award. (Arbitrators are usually attorneys who practice or have practiced in San Mateo County.)

## What are the Disadvantages of Using Judicial Arbitration?

⊅   The award issued by the arbitrator is not always binding (unless the parties stipulated otherwise). If any party requests a trial within 30 days of the award, the award becomes void and the case continues on to trial.

## How Does Judicial Arbitration Work in San Mateo County?

⊅   During your first CMC hearing, the judge may decide to order you to judicial arbitration. You will then receive instructions and a proposed list of arbitrators in the mail.

⊅   Parties also may agree to judicial arbitration by filing a *Stipulation and Order to ADR* form at least 10 days before the first CMC. The CMC clerk will then vacate your CMC hearing and send the case to arbitration. The parties will receive instructions and a proposed list of arbitrators in the mail.

⊅   Parties can stipulate (agree) to an arbitrator on the Court's Judicial Arbitration Panel list. Otherwise, proposed names of arbitrators will be sent to the parties.

   o   For a list of arbitrators, their resumes, and other information, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Judicial Arbitration Program," "Judicial Arbitration Panelist List" and click on the arbitrator's name. To view the arbitrators by subject matter, click on "Judicial Arbitration Panelists by Subject Matter.)

⊅   After the arbitration hearing is held and the arbitrator issues an award, the parties have 30 days to turn down/reject the award by filing a Trial de Novo (unless they have stipulated that the award would be binding).

⊅   If the parties reject the award and request a Trial de Novo, the Court will send out notices to the parties of the Mandatory Settlement Conference date and the trial date.

⊅   Following your arbitration hearing, you will also receive an evaluation form to be filled out and returned to the Arbitration Administrator.

For more information, visit the court website at www.sanmateocourt.org/adr or contact Judicial Arbitration: 400 County Center, First Floor, Redwood City, CA 94063. Phone: (650) 363-4896 and Fax: (650) 365-4897

Page 3 of 3

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use [CA Rule of Court §3.221] Local Court Form ADR-CIV-8   [New September, 2010] www.sanmateocourt.org

# ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(i)(3)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

> Clerk of the Superior Court, Civil Division
> Superior Court of California, County of San Mateo
> 400 County Center
> Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

- ☐ Original signatures for all attorneys (and/or parties in pro per)
- ☐ The name of the neutral;
- ☐ Date of the ADR session; and
- ☐ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the court's Civil ADR Program Panelist List and information sheets on individual panelists, they may visit the court's website at www.sanmateocourt.org/adr.

## If Filing the Stipulation Prior to an Initial Case Management Conference
To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

## If Filing Stipulation Following a Case Management Conference
When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court *[Local Rule 2.3(i)(3)]*.

## Post-ADR Session Evaluations
*Local Rule 2.3(i)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the Civil ADR Program Panelist List or can be downloaded from the court's web site.

## Non-Binding Judicial Arbitration
Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted. The Judicial Arbitration Administrator can be contacted at (650) 363-4896.

For further information regarding San Mateo Superior Court's Civil ADR and Judicial Arbitration Programs, visit the Court's website at www.sanmateocourt.org/adr or contact the ADR offices at (650) 599-1070.

| Attorney or Party without Attorney (Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655 (650) 363-471·1 | |
| Plaintiff(s): | Case number |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(i)(3)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

☐ Voluntary Mediation                  ☐ Binding Arbitration (private)
☐ Neutral Evaluation                     ☐ Settlement Conference (private)
☐ Non-Binding Judicial Arbitration CRC 3.810    ☐ Summary Jury Trial   ☐ Other: _____

Case Type: _____
Neutral's name and telephone number: _____ Date of session: _____
(Required for continuance of CMC except for non-binding judicial arbitration)
Identify by name the parties to attend ADR session: _____

Original Signatures

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

_____
(Signature)
Attorney or Party without attorney

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

_____
(Signature)
Attorney or Party without attorney

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

_____
(Signature)
Attorney or Party without attorney

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

_____
(Signature)
Attorney or Party without attorney

## IT IS SO ORDERED:

Date:                  Judge of the Superior Court of San Mateo County

ADR-CV- 1 [Rev. 6/11]

Important Notice re: Nonrefundable Advance Jury Fees-Please Read

# DEPOSIT OF ADVANCE JURY FEES

# FREQUENTLY ASKED QUESTIONS

(Assembly Bill 1481 (2011-2012 Reg. Sess.))

| | |
|---|---|
| **Q: What is the nonrefundable jury fee?** | **A:** At least one party demanding a jury on each side of a civil case must pay a non-refundable fee of one hundred fifty dollars ($150), unless the fee has been paid by another party on the same side of the case. (Code Civ. Proc., § 631(b).) If there are multiple plaintiffs and/or defendants in the same case, only one jury fee per side is *required* to avoid waiver of a jury under Code of Civil Procedure section 631(f). |
| **Q: What are the deadlines for paying the nonrefundable jury fee?** | **A:** The nonrefundable jury fee must be paid on or before the date scheduled for the initial case management conference in the action, except as follows: |
| | 1. In unlawful detainer actions the fees shall be due at least five days before the date set for trial. |
| | 2. If no case management conference is scheduled in a civil action, or the initial case management conference occurred before June 28, 2012 and the initial complaint was filed *after* July 1, 2011, the fee shall be due no later than 365 calendar days after the filing of the initial complaint. |
| | 3. If the initial case management conference was held before June 28, 2012 and the initial complaint in the case was filed *before* July 1, 2011, the fee shall be due at least 25 calendar days before the date initially set for trial. |
| | ~~4. If the party requesting a jury has not appeared before the initial case management conference, of this appeared more than 365~~ calendar days after the filing of the initial complaint, the fee shall be due at least 25 calendar days before the date initially set for trial. (Code Civ. Proc., § 631(c).) |
| **Q: What if a party misses the deadline to pay the nonrefundable jury fee?** | **A:** Except under the circumstances provided in Code of Civil Procedure section 631(d), (discussed in FAQ 1.4), a party has waived the right to a trial by jury in that action, unless another party on the same side of the case timely paid the nonrefundable jury fee. (Code Civ. Proc., § 631(f)(5).) |
| | Note: The court may, in its discretion upon just terms, allow a trial by jury despite the waiver. (Code Civ. Proc., § 631(g).) |
| **Q: What if a party missed a deadline to pay the nonrefundable jury fee between June 27, 2012 and November 30, 2012?** | **A:** If a party failed to timely pay a nonrefundable jury fee that was due between June 27, 2012, and November 30, 2012, inclusive, the party will be relieved of a jury waiver on that basis only, if the party pays the fee on or before December 31, 2012, or 25 calendar days before the date initially set for trial, whichever is earlier. (Code Civ. Proc., § 631(d).) |

| | |
|---|---|
| Q: May a clerk accept payment of a nonrefundable jury fee after the deadline has passed? | A: There is nothing in the recent amendments to Code of Civil Procedure section 631 that directs or authorizes courts to refuse a late payment of the nonrefundable jury fee. Absent this direction or authority, the clerk likely should accept advance jury fees tendered by a party, provide a receipt, and record in the court file the date the fees were received. (See *People v. Funches* (1998) 67 Cal.App.4th 240, 244 [court clerks "must act in strict conformity with statutes, rules, or orders of the court" defining their duties, and have "no power to decide questions of law nor any discretion in performing" their duties.]) Note: Except as provided in Code of Civil Procedure section 631(d), only a judge has the authority to grant a jury trial following a waiver. |
| Q: Is payment of the nonrefundable jury fee required if the party does not want to retain the right to a jury in the action? | A: No. Only parties that want to retain the right to a jury must pay the nonrefundable jury fees. |
| Q: May the nonrefundable jury fee be waived because of a party's financial condition? | A: Yes. A court may (but is not required to) waive jury fees and expenses, and other fees or expenses itemized in an application for a fee waiver under rule 3.56(1) and (6) of the California Rules of Court. |
| Q: May the court waive the nonrefundable jury fee for government entities under Government Code section 6103? | A: No. Government Code section 6103 explicitly states: "This section does not apply to civil jury fees or civil jury deposits." Although this exception to the fee waiver for government entities predates the creation of the nonrefundable jury fee, the plain language of the exception applies to the nonrefundable jury fee. |
| Q: If more than one party on a side pays the nonrefundable jury fee, is any refund of the additional fee due? | A: No. Code of Civil Procedure 631(b) requires "*at least* one party demanding a jury on each side" to pay the nonrefundable jury fees, unless the fee has been paid by another party on the same side. Compliance is achieved in Civil Procedure section 631.3, which governs refunds of jury fees states in subdivision (c) that the "fee described in subdivision (b) of Section 631 shall be nonrefundable and is not subject to this section. Therefore, although they are not required to pay the jury fee, if additional parties on a side pay the nonrefundable jury fee, that fee is still nonrefundable. The additional fee may not be used to offset actual juror fees or mileage, either. |
| Q: Are any jury fees refundable? | A: Yes. Any $150 advance jury fee deposited *before* June 28, 2012 may be refunded upon request of a party as provided under Code of Civil Procedure section 631.3. Similarly, any jury fees other than the $150 advance jury fees that are deposited, but not used, may be refunded upon request of a party as provided under Code of Civil Procedure section 631.3. |

# EXHIBIT C

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Kenneth C. Absalom (SBN 114607)

LAW OFFICE KENNETH C. ABSALOM
275 Battery Street, Suite 200
San Francisco, CA 94111
TELEPHONE NO: 415.392.5040     FAX NO. *(Optional):* 415.392.3729
E-MAIL ADDRESS *(Optional):* kenabsalom@333law.com
ATTORNEY FOR *(Name):*

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME:

PLAINTIFF/PETITIONER: Khan Michael Ordonez

DEFENDANT/RESPONDENT: Frontier Airlines et al

NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL

CASE NUMBER:
CIV519071

TO *(insert name of party being served):* CSC-LAWYERS INCORPORATING SERVICE (for Frontier Airlines)

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 4, 2013

Tamara Kitka
(TYPE OR PRINT NAME)          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
   Notice of Case Management Conference; Civil Trial Court Management Rules; ADR Information Sheet; ADR Stipulation and Evaluation Instructions; Deposit of Advance Jury Fees Fequesntly Asked Questions sheet

*(To be completed by recipient):*

Date this form is signed: 2/25/13

MARTINA DAGLE
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Paul, Plevin, Sullivan + Connaughton
Attorneys for Frontier Airlines, Inc.

Page 1 of 1
Form Adopted for Mandatory Use
Judicial Council of California
POS-015 (Rev. January 1, 2005)
NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

1 | *Ordonez v. Frontier Airlines*
San Mateo Superior Court  Case No. CIV519071

2

**PROOF OF SERVICE**

3

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party
4 | to this action. I am employed, or am a resident of, the County of San Diego, California, and my
business address is: Paul, Plevin, Sullivan & Connaughton LLP, 01 West Broadway, Ninth
5 | Floor, San Diego, California 92101-8285.

6 | On February 25, 2013, I caused to be served the following document(s):

7 | • **NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL**

8 | on the interested party (ies) in this action by placing a true copy thereof and addressed as follows:

9

Kenneth C. Absalom
10 | Law Office of Kenneth C. Absalom
275 Battery Street, Suite 200
11 | San Francisco, CA 94111
Telephone: (415) 392-5040
12 | Facsimile: (415) 392-3729
kenabsalom@333law.com

13

☑ (By **MAIL SERVICE**) I then sealed each envelope and, with postage thereon fully
14 | prepaid postage, I placed each for deposit with United States Postal Service, this same
day, at my business address shown above, following ordinary business practices.

15

☑ (State) I declare under penalty of perjury under the laws of the State of California that the
16 | foregoing is true and correct.

17 | ☐ (Federal) I declare that I am employed by the office of a member of the bar of this court
at whose direction the service was made.

18 | Executed February 25, 2013, at San Diego, California.

19

20 | Julie M.W. Szotek

21

22

23

24

25

26

27

28

PAUL PLEVIN
SULLIVAN &
CONNAUGHTON LLP

PROOF OF SERVICE                    1

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Kenneth C. Absalom (SBN 114607)<br><br>LAW OFFICE KENNETH C. ABSALOM<br>275 Battery Street, Suite 200<br>San Francisco, CA 94111<br>TELEPHONE NO.: 415.392.5040    FAX NO. (Optional): 415.392.3729<br>E-MAIL ADDRESS (Optional): kenabsalom@333law.com<br>ATTORNEY FOR (Name): | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO |
|---|
| STREET ADDRESS: 400 County Center |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Redwood City, CA 94063 |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: Khan Michael Ordonez |
|---|
| DEFENDANT/RESPONDENT: Frontier Airlines et al |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIV519071 |
|---|---|

TO (insert name of party being served): CSC-LAWYERS INCORPORATING SERVICE (for Republic Airways)

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 4, 2013

Tamara Kitka
(TYPE OR PRINT NAME)                    ▶ (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other (specify):

Notice of Case Management Conference; Civil Trial Court Management Rules; ADR Information Sheet; ADR Stipulation and Evaluation Instructions; Deposit of Advance Jury Fees Fequesntly Asked Questions sheet

(To be completed by recipient):

Date this form is signed: 2/25/13

MARTINA NAGLE
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

Paul, Plevin, Sullivan + Connaughton,
attorneys for Republic Airways Holdings Inc.

▶ (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Page 1 of 1
Code of Civil Procedure,
§§ 416.30, 417.10
www.courtinfo.ca.gov

1  *Ordonez v. Frontier Airlines*
San Mateo Superior Court  Case No. CIV519071

2

**PROOF OF SERVICE**

3

4      I, the undersigned, hereby declare that I am over the age of eighteen years and not a party
to this action. I am employed, or am a resident of, the County of San Diego, California, and my
business address is: Paul, Plevin, Sullivan & Connaughton LLP, 101 West Broadway, Ninth
5  Floor, San Diego, California 92101-8285.

6      On February 25, 2013, I caused to be served the following document(s):

7      • **NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL**

8  on the interested party (ies) in this action by placing a true copy thereof and addressed as follows:

9
Kenneth C. Absalom
10  Law Office of Kenneth C. Absalom
275 Battery Street, Suite 200
11  San Francisco, CA 94111
Telephone: (415) 392-5040
12  Facsimile: (415) 392-3729
kenabsalom@333law.com

13
☑      (By **MAIL SERVICE**) I then sealed each envelope and, with postage thereon fully
14      prepaid postage, I placed each for deposit with United States Postal Service, this same
day, at my business address shown above, following ordinary business practices.

15  ☑      (State) I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.
16

17  ☐      (Federal) I declare that I am employed by the office of a member of the bar of this court
at whose direction the service was made.

18  Executed February 25, 2013, at San Diego, California.

19

20                                    Julie M.W. Szotek

21

22

23

24

25

26

27

28

PAUL PLEVIN
SULLIVAN &        PROOF OF SERVICE                          1
CONNAUGHTON LLP

# EXHIBIT D

1  MICHAEL C. SULLIVAN (SBN 131817)
   MARTINA M. NAGLE (SBN 160983)
2  PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP
   101 West Broadway, Ninth Floor
3  San Diego, California 92101-8285
   Telephone: 619-237-5200
4  Facsimile: 619-615-0700

5  Attorneys for Defendants
   Frontier Airlines, Inc., Republic Airways Holdings, Inc. and
6  Roger Sorenson

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN MATEO

10  KHAN MICHAEL ORDONEZ,                    CASE NO. CIV 19071

11          Plaintiff,                       NOTICE OF REMOVAL TO FEDERAL
                                             COURT
12      v.

13  FRONTIER AIRLINES, REPUBLIC              Complaint Filed:    January 11, 2013
    AIRWAYS HOLDINGS, ROGER                  Trial Date:         Not Set
14  SORENSON,

15          Defendants.

16      TO PLAINTIFF KHAN MICHAEL ORDONEZ AND HIS ATTORNEYS OF RECORD:

17      PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United

18  States District Court for the Northern District of California on March 1, 2013, by defendants

19  Frontier Airlines, Inc., Republic Airways Holdings, Inc. and Roger Sorensen.

20      PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. section 1446(d), after

21  removal "the state court shall proceed no further unless and until the case is remanded."

22      A copy of said Notice of Removal, and supporting declaration of Jacalyn W. Peter, is

23  attached to this Notice as **Exhibit 1**, and is served and filed herewith.

24  Dated: March 1, 2013          PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

25                          By: _____
                                    MARTINA M. NAGLE
26                                  Attorneys for Defendants
                                    FRONTIER AIRLINES, INC., REPUBLIC AIRWAYS
27                                  HOLDINGS, INC. AND ROGER SORENSEN

28

PAUL, PLEVIN,
SULLIVAN &         NOTICE OF REMOVAL TO FEDERAL COURT          1
CONNAUGHTON LLP

1    *Ordonez v. Frontier Airlines*
     San Mateo Superior Court Case No. CIV 519071

2

3                              **PROOF OF SERVICE**

          I, the undersigned, hereby declare that I am over the age of eighteen years and not a party
4    to this action. I am employed, or am a resident of, the County of San Diego, California, and my
     business address is: Paul, Plevin, Sullivan & Connaughton LLP, 101 West Broadway, Ninth
5    Floor, San Diego, California 92101-8285.

6         On March 1, 2013, I caused to be served the following document(s):

7      •  **NOTICE OF REMOVAL TO FEDERAL COURT**
       •  **DECLARATION OF JACALYN W. PETER IN SUPPORT OF NOTICE OF**
8         **REMOVAL OF ACTION UNDER 28 U.S.C. 1441 (DIVERSITY – 28 U.S.C.)**

9    on the interested party (ies) in this action by placing a true copy thereof and addressed as follows:

10
     Kenneth C. Absalom
11   Law Office of Kenneth C. Absalom
     275 Battery Street, Suite 200
12   San Francisco, CA 94111
     Telephone: (415) 392-5040
13   Facsimile: (415) 392-3729
     kenabsalom@333law.com

14
     ☑    (By **MAIL SERVICE**) I then sealed each envelope and, with postage thereon fully
15        prepaid postage, I placed each for deposit with United States Postal Service, this same
          day, at my business address shown above, following ordinary business practices.

16
     ☑    (State) I declare under penalty of perjury under the laws of the State of California that the
17        foregoing is true and correct.

18   ☐    (Federal) I declare that I am employed by the office of a member of the bar of this court
          at whose direction the service was made.

19   Executed March 1, 2013, at San Diego, California.

20

21                                          _Julie M.W. Szotek_

22                                          Julie M.W. Szotek

23

24

25

26

27

28

PAUL PLEVIN        PROOF OF SERVICE                    1
SULLIVAN &
CONNAUGHTON LLP

1  *Ordonez v. Frontier Airlines*
   USDC – Northern District  Case No.

2

### PROOF OF SERVICE

3

4      I, the undersigned, hereby declare that I am over the age of eighteen years and not a party
   to this action. I am employed, or am a resident of, the County of San Diego, California, and my
   business address is: Paul, Plevin, Sullivan & Connaughton LLP 101 West Broadway, Ninth

5   Floor, San Diego, California 92101-8285.

6      On March 1, 2013, I caused to be served the following document(s):

7   • **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY- 28
     U.S.C. 1332)**

8
   on the interested party (ies) in this action by placing a true copy thereof and addressed as follows:

9

10  Kenneth C. Absalom
    Law Office of Kenneth C. Absalom

11  275 Battery Street, Suite 200
    San Francisco, CA 94111

12  Telephone: (415) 392-5040
    Facsimile: (415) 392-3729

13  kenabsalom@333law.com

14  ☑      (By **MAIL SERVICE**) I then sealed each envelope and with postage thereon fully
          prepaid postage, I placed each for deposit with United States Postal Service, this same

15        day, at my business address shown above, following ordinary business practices.

16  ☑      (Federal) I declare that I am employed by the office of a member of the bar of this court
          at whose direction the service was made.

17  Executed March 1, 2013, at San Diego, California.

18

19
                                      Julie M.W. Szotek
20                                    Julie M.W. Szotek

21

22

23

24

25

26

27

28

PAUL PLEVIN
SULLIVAN &       PROOF OF SERVICE                    1
CONNAUGHTON LLP