MICHAEL C. SULLIVAN (SBN 131817)
Email:  msullivan@paulplevin.com
MARTINA M. NAGLE (SBN 160983)
Email:  tnagle @paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON** LLP
101 West Broadway, Ninth Floor
San Diego, California  92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendants
Frontier Airlines, Inc., Republic Airways Holdings, Inc.,
Roger Sorenson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| KHAN MICHAEL ORDONEZ, | CASE NO. C 13-00940 MEJ |
|---|---|
| Plaintiff, | **DEFENDANTS FRONTIER AIRLINES, INC., REPUBLIC AIRWAYS HOLDINGS, INC. AND ROGER SORENSEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF KHAN MICHAEL ORDONEZ'S COMPLAINT AGAINST ROGER SORENSEN AS A SHAM JOINDER** |
| v. | |
| FRONTIER AIRLINES, REPUBLIC AIRWAYS HOLDINGS, ROGER SORENSON, | |
| Defendants. | |
| | **[Fed. R. Civ. P. 12(b)(6)]** |
| | Date:           April 11, 2013<br>Time:           10:00 a.m.<br>Courtroom:   B<br>Mag. Judge:  Hon. Maria-Elena James<br>Removal Filed: March 1, 2013<br>Trial Date:      Not Set |

## I.  INTRODUCTION

Khan Michael Ordonez's ("Mr. Ordonez") employment with Frontier Airlines, Inc. ("Frontier") was terminated when he failed to show up for work for several days, and failed to provide the required medical certification of a serious health condition in support of his absences or leave under the California Family Rights Act ("CFRA"), despite several requests from Frontier to provide such information.  Arising out of the termination of his employment with Frontier, Mr.

1  Ordonez has filed this present removed action against Frontier, Republic Airways Holdings, Inc.
2  ("Republic"; Frontier is a wholly-owned subsidiary of Republic), and Roger Sorensen ("Mr.
3  Sorensen"), an individual who had supervisory authority over Mr. Ordonez during Mr. Ordonez's
4  employment with Frontier in 2010.  See Complaint, ¶4.

5  Mr. Ordonez has alleged two nonviable claims for relief against Mr. Sorensen, whose
6  joinder to this action is a sham as set forth in Defendants' notice of removal filed with the Court
7  on March 1, 2013.  This motion to dismiss is directed at the first (CFRA retaliation) and sixth
8  (CFRA harassment) claims for relief against Mr. Sorensen based on the lack of liability of non-
9  employer individual defendants on claims under the CFRA for retaliation and harassment. [1]

10  Because Mr. Ordonez fails to state a claim upon which relief can be granted under either
11  his retaliation or harassment claims under the CFRA, his complaint against Mr. Sorensen should
12  be dismissed in its entirety, and with prejudice.

## II.  STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss where the complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A court may dismiss a complaint under Rule 12(b)(6) either for lack of a cognizable legal theory or for the absence of sufficient facts under a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  Legal conclusions pled in a complaint need not be taken as true merely because they are cast in the form of factual allegations.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  A court may dismiss a complaint if it is vague, conclusory, or fails to set forth any material facts in support of the allegations.  *North Star Intl. v. Arizona Corp. Comm.*, 720 F.2d 578, 583 (9th Cir. 1983).

Indeed, the Supreme Court has confirmed that in order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

---

[1] The sixth claim for relief in the Complaint is mislabeled in its caption as age harassment under the Fair Employment & Housing Act, but there are no age allegations in the complaint whatsoever, and the body of the sixth claim for relief alleges harassment under the CFRA only.

is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Put simply, the plaintiff must allege facts that, when viewed from a common-sense judicial perspective, not only make a claim possible, but also plausible. *Id.* at 1950. A complaint that only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do. *Id.* at 1949.

### III. AS A MATTER OF LAW, MR. SORENSEN CANNOT BE INDIVIDUALLY LIABLE FOR PLAINTIFF'S CLAIMS FOR RETALIATION AND HARASSMENT UNDER THE CFRA

It is well-settled under California law that no liability exists under the CFRA against individual defendant employees who are not plaintiff's employer, including claims for retaliation and harassment. See *Corrales v. United Rentals, Inc.,* 2010 WL 2380875 (C.D. Cal. 2010); *McLaughlin v. Solano County,* 2008 WL 2977959 (E.D. Cal. 2008), *citing Miskuski v. Crescent Heights of America, Inc.,* 2007 WL 918637 (S.D. Cal. 2007). There is no individual (or supervisor) liability under the CFRA; only employers who directly employ 50 or more persons are liable under the CFRA. See California Government Code sections 12945.2(c)(2)(A) & 12945.2(a); see also *Herrera v. Pepsi Bottling Group, Inc.*, 2010 WL 4483742 (E.D. Cal. 2010); *Corrales,* 2010 WL 2380875. Mr. Sorensen did not personally employ anyone, but was merely a supervisor. See Complaint, ¶4.

Because Mr. Sorensen is an individual defendant, he cannot, as a matter of law, be liable to Mr. Ordonez as alleged in this action for retaliation and harassment under the CFRA. Further, Mr. Ordonez's joinder of Mr. Sorensen, who is a citizen of California, as a named defendant in the Complaint, is a sham or fraudulent joinder to attempt to destroy diversity. See *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318-1319 (9th Cir. 1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); Defendants' notice of removal filed with the Court on March 1, 2013.

Accordingly, the motion to dismiss on Mr. Ordonez's first and sixth claims for relief against individual defendant Mr. Sorensen under the CFRA (for retaliation and harassment) must be granted, and the complaint against him dismissed with prejudice.

///

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to dismiss Mr. Ordonez's complaint against Mr. Sorensen in its entirety, and dismiss the complaint with prejudice, for failure to state a claim upon which relief can be granted.

Dated: March 6, 2013

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: /s/ *Martina M. Nagle*
MICHAEL C. SULLIVAN
MARTINA M. NAGLE
Attorneys for Defendants
FRONTIER AIRLINES, INC.,
REPUBLIC AIRWAYS HOLDINGS, INC. AND ROGER SORENSEN