MICHAEL C. SULLIVAN (SBN 131817)
Email:  msullivan@paulplevin.com
MARTINA M. NAGLE (SBN 160983)
Email:  tnagle @paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON** LLP
101 West Broadway, Ninth Floor
San Diego, California  92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendants
Frontier Airlines, Inc., Republic Airways Holdings, Inc.,
Roger Sorenson

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KHAN MICHAEL ORDONEZ,<br><br>                 Plaintiff,<br><br>        v.<br><br>FRONTIER AIRLINES, REPUBLIC AIRWAYS HOLDINGS, ROGER SORENSON,<br><br>                 Defendants. | CASE NO. C 13-00940 MEJ<br><br>**DEFENDANT REPUBLIC AIRWAYS HOLDINGS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>Mag. Judge:        Hon. Maria-Elena James<br>Removal Filed:    March 1, 2013<br>Trial Date:          Not Set |

Defendant Republic Airways Holdings, Inc. ("Defendant"), for its Answer and

Affirmative Defenses to Plaintiff's Complaint, states as follows:

1.      Defendant does not have knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 1, and on that basis denies such allegations.

2.      Defendant admits that Defendant Frontier Airlines, Inc. ("Frontier") is a wholly-

owned subsidiary of Defendant.  Defendant denies all remaining allegations in Paragraph 2.

3.      Defendant admits that Frontier is a wholly-owned subsidiary of Defendant.

Defendant does not have knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in Paragraph 3, and on that basis denies such allegations.

4.      Roger Sorensen was employed with Frontier as its City Manager for its San

Francisco International Airport location during Plaintiff's employment with Frontier, and had supervisory authority over Plaintiff.  Defendant denies all remaining allegations in Paragraph 4.

5.      Defendant denies the allegations in Paragraph 5.

6.      Defendant denies that Republic was Plaintiff's employer.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, and on that basis denies such allegations.

7.      Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and on that basis denies such allegations.

8.      Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis denies such allegations.

9.      Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and on that basis denies such allegations.

10.     Defendant denies the allegations in Paragraph 10.

11.     Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis denies such allegations.

12.     Defendant admits that Frontier employed Plaintiff as a Customer Service Agent from May 15, 2006 to September 3, 2010.  Defendant denies the remaining allegations in Paragraph 12.

13.     Defendant admits that it employs over 5,000 employees throughout the country.  Defendant admits that Frontier employs over 5,000 employees throughout the country.  Defendant denies the remaining allegations in Paragraph 13.

14.     Defendant denies that Plaintiff properly requested California Family Rights Act leave, and denies that Plaintiff was employed with Republic.  Defendant admits the remaining allegations in Paragraph 14.

15.     Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and on that basis denies such allegations.

16.     Defendant denies the allegations in Paragraph 16.

17.     Defendant does not have knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 17, and on that basis denies such allegations.

18.     Defendant denies the allegations in Paragraph 18.

19.     Defendant denies the allegations in Paragraph 19.

20.     Defendant admits that Plaintiff advised Frontier that he was sick in early July 2010.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and on that basis denies such allegations.

21.     Defendant admits that Plaintiff was off work at Frontier from July 3, 2010 to July 9, 2010 which is reflected in a Kaiser Permanente work status report given to Frontier. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and on that basis denies such allegations.

22.     Defendant admits that Plaintiff was off work at Frontier from July 9, 2010 to July 12, 2010 which is reflected in a Kaiser Permanente visit verification form dated July 9, 2010 and given to Frontier.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and on that basis denies such allegations.

23.     Defendant admits that a Kaiser Permanente visit verification form dated July 12, 2010 and given to Frontier places Plaintiff off work at Frontier from July 1, 2010 to July 19, 2010.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23, and on that basis denies such allegations.

24.     Defendant admits that Plaintiff was off work from Frontier from July 19, 2010 to July 24, 2010 which is reflected in a Kaiser Permanente visit verification form dated July 19, 2010 and given to Frontier, which also reflects a return to work date at Frontier of July 25, 2010. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24, and on that basis denies such allegations.

25.     Defendant denies the allegations in Paragraph 25.

26.     Defendant denies that Plaintiff's supervisors at Frontier visited his doctor's office. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26, and on that basis denies such allegations.

ANSWER OF REPUBLIC AIRWAYS HOLDINGS, INC. TO PLAINTIFF'S COMPLAINT

3

1   27. Defendant denies the allegations in Paragraph 27.

2   28. Defendant admits that Frontier was given a Kaiser Permanente visit verification

3 form dated July 28, 2010 that states, "Not contagious at this time."  Defendant does not have

4 knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

5 Paragraph 28, and on that basis denies such allegations.

6   29. Defendant does not have knowledge or information sufficient to form a belief as to

7 the truth of the allegations in Paragraph 29, and on that basis denies such allegations.

8   30. Defendant admits that Plaintiff worked July 25 and 26, 2010 at Frontier.

9 Defendant does not have knowledge or information sufficient to form a belief as to the truth of

10 the remaining allegations in Paragraph 30, and on that basis denies such allegations.

11   31. Defendant denies the allegations in Paragraph 31.

12   32. Defendant denies the allegations in Paragraph 32.

13   33. Defendant admits that Plaintiff went home sick from work at Frontier on July 27,

14 2010.  Defendant does not have knowledge or information sufficient to form a belief as to the

15 truth of the remaining allegations in Paragraph 33, and on that basis denies such allegations.

16   34. Defendant does not have knowledge or information sufficient to form a belief as to

17 the truth of the allegations in Paragraph 34, and on that basis denies such allegations.

18   35. Defendant denies that Frontier refused to authorize medical treatment for Plaintiff.

19 Defendant does not have knowledge or information sufficient to form a belief as to the truth of

20 the remaining allegations in Paragraph 35, and on that basis denies such allegations.

21   36. Defendant denies that Frontier refused to authorize medical treatment for Plaintiff.

22 Defendant admits that a Kaiser Permanente visit verification form dated July 28, 2010, and given

23 to Frontier places Plaintiff off work at Frontier from June 28, 2010 to August 14, 2010, and

24 reflects a return to work date at Frontier of August 15, 2010.  Defendant does not have knowledge

25 or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph

26 36, and on that basis denies such allegations.

27   37. Defendant admits that Plaintiff advised Frontier that he was sick and provided a

28 series of doctor's notes that covered the time period of July 1 to August 14, 2010, but these notes

ANSWER OF REPUBLIC AIRWAYS HOLDINGS, INC. TO PLAINTIFF'S COMPLAINT

4

1    simply stated that Plaintiff was ill and unable to attend work at Frontier and did not set forth

2    sufficient information to clarify that his illness constituted a serious health condition, as defined

3    under the California Family Rights Act.  Defendant denies the remaining allegations in Paragraph

4    37.

5          38.     Defendant does not have knowledge or information sufficient to form a belief as to

6    the truth of the allegations in Paragraph 38, and on that basis denies such allegations.

7          39.     Defendant admits that on or about early August, 2010, Plaintiff's father telephoned

8    Eric Kartchner to inquire about family medical leave.  Defendant does not have knowledge or

9    information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39,

10   and on that basis denies such allegations.

11         40.     Defendant denies the allegations in Paragraph 40.

12         41.     Defendant admits the allegations in Paragraph 41.

13         42.     Defendant admits that filled out CFRA forms for Plaintiff were faxed to Mr.

14   Kartchner at Republic on August 19, 2010.  Defendant does not have knowledge or information

15   sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42, and on that

16   basis denies such allegations.

17         43.     Defendant admits that Mr. Kartchner telephoned Plaintiff's father on August 19,

18   2010 and advised him that the CFRA forms were deficient in that the medical documentation

19   only supported leave beginning on August 16, 2010.  Defendant denies the remaining allegations

20   in Paragraph 43.

21         44.     Defendant admits that Plaintiff did not speak with Mr. Sorensen on September 5, 6

22   and 7, 2010, but does not have knowledge or information sufficient to form a belief as to the truth

23   of the allegations that Plaintiff attempted to call Mr. Sorensen on September 5, 6 and 7, 2010, and

24   on that basis denies such allegations.  Defendant denies the remaining allegations in Paragraph

25   44.

26         45.     Defendant does not have knowledge or information sufficient to form a belief as to

27   the truth of the allegations that Plaintiff was seen by his doctor or received a work status report on

28   September 8, 2010, and on that basis denies such allegations.  Defendant denies the remaining

5

1   allegations in Paragraph 45.

2        46. Defendant admits that Mr. Sorensen sent Plaintiff a letter terminating his employment

3   at Frontier dated September 3, 2010, and given Plaintiff's unprotected leave and resulting

4   unexcused absences, as well as his failure to adequately communicate and provide the required

5   medical certification of a serious health condition in support of his absences or leave under

6   CFRA, despite several requests to provide such information, Frontier terminated his employment

7   on September 3, 2010 per its absence policy.  Defendant denies the remaining allegations in

8   Paragraph 46.

9        47.    Defendant does not have knowledge or information sufficient to form a belief as to

10   the truth of the allegations in Paragraph 47, and on that basis denies such allegations.

11        48.    Defendant does not have knowledge or information sufficient to form a belief as to

12   the truth of the allegations in Paragraph 48, and on that basis denies such allegations.

13                              **FIRST CAUSE OF ACTION**

14   **Retaliation for Engaging In Leave Protected by the California Family Rights Act**

15                **Violation of Cal. Gov. Code § 12945.2**

16                     **(Against all defendants)**

17        49.    Defendant hereby incorporates its answers to Paragraphs 1 through 48 as if fully

18   rewritten herein.

19        50.    Defendant states that the allegations in Paragraph 50 are legal in nature and call

20   for a legal conclusion to which no response is required.  To and only to the extent that a further

21   response is deemed required: Defendant admits that the California legislature has enacted the

22   California Family Rights Act (CFRA), Government Code §§ 12945.2, states that

23   CFRA/Government Code §§ 12945.2 speaks for itself, and denies Plaintiff's characterization of

24   the same.

25        51.    Defendant states that the allegations in Paragraph 51 are legal in nature and call

26   for a legal conclusion to which no response is required.  To and only to the extent that a further

27   response is deemed required: Defendant admits that the California legislature has enacted

28   Government Code §§ 12945.2, state that Government Code §§ 12945.2 speaks for itself, and

denies Plaintiff's characterization of the same.

52.    Defendant denies the allegations in Paragraph 52.

53.    Defendant states that the allegations in Paragraph 53 are legal in nature and call for a legal conclusion to which no response is required.  To and only to the extent that a further response is deemed required: Defendant denies it was Plaintiff's employer and denies that Defendant or Frontier were employers subject to the CFRA at the San Francisco airport location, or within 75 miles of that location.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and on that basis denies such allegations.

54.    Defendant denies the allegations in Paragraph 54.

55.    Defendant denies the allegations in Paragraph 55.

56.    Defendant admits that Plaintiff's employment with Frontier was terminated for his failure to provide by August 21 or 26, 2010 the required medical certification of a serious health condition in support of his absences or leave under CFRA, despite several requests to provide such information.  Defendant denies the remaining allegations in Paragraph 56.

57.    Defendant denies the allegations in Paragraph 57.

58.    Defendant denies the allegations in Paragraph 58.

59.    Defendant denies the allegations in Paragraph 59.

60.    Defendant denies the allegations in Paragraph 60.

61.    Defendant denies the allegations in Paragraph 61.

62.    Defendant denies the allegations in Paragraph 62.

## SECOND CAUSE OF ACTION

**Interference with/Denial of California Family Rights Act Leave Cal. Gov. Code § 12900**

**(Against Defendants Frontier, Republic Airways and Does 1-20)**

63.    Defendant hereby incorporates its answers to Paragraphs 1 through 62 as if fully rewritten herein.

64.    Defendant states that the allegations in Paragraph 64 are legal in nature and call for a legal conclusion to which no response is required.  To and only to the extent that a further

response is deemed required: Defendant admits that the California legislature has enacted the California Family Rights Act (CFRA), Government Code §§ 12945.2, states that CFRA/Government Code §§ 12945.2 speaks for itself, and denies Plaintiff's characterization of the same.

65. Defendant states that the allegations in Paragraph 65 are legal in nature and call for a legal conclusion to which no response is required. To and only to the extent that a further response is deemed required: Defendant admits that the California legislature has enacted Government Code §§ 12945.2, state that Government Code §§ 12945.2 speaks for itself, and denies Plaintiff's characterization of the same. Defendant denies the remaining allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

**THIRD CAUSE OF ACTION**

**Disability Discrimination in Violation of California Fair Employment and Housing Act;**

**Govt. Code § 12940(a)**

**(Against Defendants Frontier, Republic Airways and Does 1-20)**

70. Defendant hereby incorporates its answers to Paragraphs 1 through 69 as if fully rewritten herein.

71. Defendant states that the allegations in Paragraph 71 are legal in nature and call for a legal conclusion to which no response is required. To and only to the extent that a further response is deemed required: Defendant admits that the California legislature has enacted Government Code §§ 12926, *et seq*., state that Government Code §§ 12926, *et seq*. speaks for itself, and denies Plaintiff's characterization of the same. Defendant denies the remaining allegations in Paragraph 71.

72. Defendant states that the allegations in Paragraph 72 are legal in nature and call for a legal conclusion to which no response is required. To and only to the extent that a further

1  response is deemed required: Defendant admits that the California legislature has enacted

2  Government Code §§ 12940, *et seq*., state that Government Code §§ 12940, *et seq*. speaks for

3  itself, and denies Plaintiff's characterization of the same.  Defendant denies the remaining

4  allegations in Paragraph 72.

5        73.     Defendant states that the allegations in Paragraph 73 are legal in nature and call

6  for a legal conclusion to which no response is required.  To and only to the extent that a further

7  response is deemed required: Defendant admits that the California legislature has enacted

8  Government Code §§ 12926, *et seq*., state that Government Code §§ 12926, *et seq*. speaks for

9  itself, and denies Plaintiff's characterization of the same.  Defendant denies the remaining

10  allegations in Paragraph 73.

11        74.     Defendant denies the allegations in Paragraph 74.

12        75.     Defendant does not have knowledge or information sufficient to form a belief as to

13  the truth of the allegations in Paragraph 75, and on that basis denies such allegations.

14        76.     Defendant denies the allegations in Paragraph 76.

15        77.     Defendant denies the allegations in Paragraph 77.

16        78.     Defendant denies the allegations in Paragraph 78.

17        79.     Defendant denies the allegations in Paragraph 79.

18                        **FOURTH CAUSE OF ACTION**

19   **Failure to Provide Reasonable Accommodations In Violation of FEHA § 12940(m)**

20          **(Against Defendants Frontier, Republic Airways and Does 1-20)**

21        80.     Defendant hereby incorporates its answers to Paragraphs 1 through 79 as if fully

22  rewritten herein.

23        81.     Defendant states that the allegations in Paragraph 81 are legal in nature and call

24  for a legal conclusion to which no response is required.  To and only to the extent that a further

25  response is deemed required: Defendant admits that the California legislature has enacted

26  Government Code §§ 12940, *et seq*., state that Government Code §§ 12940, *et seq*. speaks for

27  itself, and denies Plaintiff's characterization of the same.  Defendant denies the remaining

28  allegations in Paragraph 81.

82.     Defendant denies the allegations in Paragraph 82.

83.     Defendant denies the allegations in Paragraph 83.

84.     Defendant denies the allegations in Paragraph 84.

85.     Defendant denies the allegations in Paragraph 85.

86.     Defendant denies the allegations in Paragraph 86.

87.     Defendant denies the allegations in Paragraph 87.

**FIFTH CAUSE OF ACTION**

**Failure to Engage in Interactive Process In Violation of FEHA § 12940(n)**

**(Against Defendants Frontier, Republic Airways and Does 1-20)**

88.     Defendant hereby incorporates its answers to Paragraphs 1 through 87 as if fully rewritten herein.

89.     Defendant states that the allegations in Paragraph 89 are legal in nature and call for a legal conclusion to which no response is required.  To and only to the extent that a further response is deemed required: Defendant admits that the California legislature has enacted Government Code §§ 12940, *et seq*., state that Government Code §§ 12940, *et seq*. speaks for itself, and denies Plaintiff's characterization of the same.  Defendant denies the remaining allegations in Paragraph 89.

90.     Defendant denies the allegations in Paragraph 90.

91.     Defendant denies the allegations in Paragraph 91.

92.     Defendant denies the allegations in Paragraph 92.

93.     Defendant denies the allegations in Paragraph 93.

94.     Defendant denies the allegations in Paragraph 94.

**SIXTH CAUSE OF ACTION**

**Hostile Work Environment, Harassment based on Age in Violation of Govt Code § 12940(j)**

**(Against All Defendants)**

95.     Defendant hereby incorporates its answers to Paragraphs 1 through 95 as if fully rewritten herein.

96.     Defendant denies the allegations in Paragraph 96.

97.     Defendant denies the allegations in Paragraph 97.

98.     Defendant denies the allegations in Paragraph 98.

99.     Defendant denies the allegations in Paragraph 99.

100.    Defendant denies the allegations in Paragraph 100.

101.    Defendant denies the allegations in Paragraph 101.

102.    Defendant denies the allegations in Paragraph 102.

103.    Defendant denies the allegations in Paragraph 103.

**SEVENTH CAUSE OF ACTION**

**Failure to Take Appropriate Corrective Action in Violation of the FEHA Cal. Gov. Code §**

**12900 et. Seq.**

**(Against Defendants Frontier, Republic Airways and Does 1-20)**

104.    Defendant hereby incorporates its answers to Paragraphs 1 through 103 as if fully rewritten herein.

105.    Defendant states that the allegations in Paragraph 105 are legal in nature and call for a legal conclusion to which no response is required.  To and only to the extent that a further response is deemed required: Defendant admits that the California legislature has enacted Government Code §§ 12926, *et seq.*, state that Government Code §§ 12926, *et seq.* speaks for itself, and denies Plaintiff's characterization of the same.  Defendant denies the remaining allegations in Paragraph 105.

106.    Defendant states that the allegations in Paragraph 106 are legal in nature and call for a legal conclusion to which no response is required.  To and only to the extent that a further response is deemed required: Defendant admits that the California legislature has enacted Government Code §§ 12940, *et seq.*, state that Government Code §§ 12940, *et seq.* speaks for itself, and denies Plaintiff's characterization of the same.  Defendant denies the remaining allegations in Paragraph 106.

107.    Defendant states that the allegations in Paragraph 107 are legal in nature and call for a legal conclusion to which no response is required.  To and only to the extent that a further response is deemed required: Defendant admits that the California legislature has enacted

Government Code §§ 12926, *et seq*., state that Government Code §§ 12926, *et seq*. speaks for itself, and denies Plaintiff's characterization of the same.  Defendant denies the remaining allegations in Paragraph 107.

108.    Defendant denies the allegations in Paragraph 108.

109.    Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, and on that basis denies such allegations.

110.    Defendant denies the allegations in Paragraph 110.

111.    Defendant denies the allegations in Paragraph 111.

112.    Defendant denies the allegations in Paragraph 112.

113.    Defendant denies the allegations in Paragraph 113.

114.    Defendant denies the allegations in Paragraph 114.

**EIGHTH CAUSE OF ACTION**

**Wrongful Termination in Violation of Public Policy**

**(Against Defendants Frontier, Republic Airways and Does 1-20)**

115.    Defendant hereby incorporates its answers to Paragraphs 1 through 114 as if fully rewritten herein.

116.    Defendant states that the allegations in Paragraph 116 are legal in nature and call for a legal conclusion to which no response is required.  To and only to the extent that a further response is deemed required: Defendant admits that the California legislature has enacted the Fair Employment and Housing Act (FEHA), state that FEHA speaks for itself, and denies Plaintiff's characterization of the same.  Defendant denies the remaining allegations in Paragraph 116.

117.    Defendant states that the allegations in Paragraph 117 are legal in nature and call for a legal conclusion to which no response is required.  To and only to the extent that a further response is deemed required: Defendant admits that the California legislature has enacted CFRA, state that CFRA speaks for itself, and denies Plaintiff's characterization of the same.  Defendant denies the remaining allegations in Paragraph 117.

118.    Defendant denies the allegations in Paragraph 118.

119.    Defendant denies the allegations in Paragraph 119.

1    120.    Defendant denies the allegations in Paragraph 120.

2    121.    Defendant denies the allegations in Paragraph 121.

3    122.    Defendant denies the allegations in Paragraph 122.

4    123.    Defendant denies the allegations in Paragraph 123.

5    124.    Defendant denies the allegations in Paragraph 124.

**PRAYER FOR RELIEF**

Defendant denies the allegations in the prayer for relief, and Paragraphs 1 through 5 of the prayer for relief.

**<u>AFFIRMATIVE DEFENSES</u>**

Further responding to the Complaint, Defendant asserts the following affirmative defenses:

**<u>First Affirmative Defense</u>**

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**<u>Second Affirmative Defense</u>**

All or part of Plaintiff's claims are potentially barred for lack of standing, as Defendant is not and was not Plaintiff's employer.

**<u>Third Affirmative Defense</u>**

All or part of Plaintiff's claims are barred to the extent that they are not within the scope of Plaintiff's charge of discrimination filed with the California Department of Fair Employment and Housing, and to the extent that Plaintiff otherwise failed to exhaust all required statutory, administrative and/or judicial remedies.

**<u>Fourth Affirmative Defense</u>**

Although Defendant denies liability, Plaintiff's Complaint is barred, in whole or in part, because Defendant is informed and believes, and thereon alleges, that Plaintiff was unable to perform the essential functions of his position, even with reasonable accommodation.

**<u>Fifth Affirmative Defense</u>**

Although Defendant denies liability, that Plaintiff's Complaint is barred, in whole or in

1  part, because Defendant is informed and believes, and thereon alleges, that any requested

2  accommodation would have posed an undue hardship on Defendant.

3  **Sixth Affirmative Defense**

4        Plaintiff's Complaint is barred, in whole or in part, because the loss or harm sustained by

5  Plaintiff, if any, resulted from Plaintiff's own acts or omissions and was not due to any act or

6  omission of Defendant.

7  **Seventh Affirmative Defense**

8        All or part of Plaintiff's claims are potentially barred by the applicable statutes of

9  limitations, including but not limited to California Government Code §§12960 and 12965, and

10  California Code of Civil Procedure §§335.1, 337, 338, 339 and/or 343.

11  **Eighth Affirmative Defense**

12        All or part of Plaintiff's claims are potentially barred by the doctrine of estoppel.

13  **Ninth Affirmative Defense**

14        All or part of Plaintiff's claims are potentially barred by the doctrine of waiver.

15  **Tenth Affirmative Defense**

16        Although Defendant denies liability, in all employment actions taken with respect to

17  Plaintiff, Defendant had and acted on legitimate, lawful reasons for such actions, and at all times

18  acted in good faith compliance with applicable law.

19  **Eleventh Affirmative Defense**

20        Plaintiff's punitive damages demand is barred because there is no evidence that a

21  managing agent acted with fraud, oppression or malice.

22  **Twelfth Affirmative Defense**

23        Plaintiff's punitive damages demand is barred to the extent that the amount sought may

24  violate substantive and procedural safeguards guaranteed to Defendant by the due process clauses

25  of the United States and California Constitutions.  Plaintiff's punitive damages demand is further

26  barred to the extent that the imposition of such damages is not rationally related to, or is grossly

27  excessive in relation to, legitimate state interests.

28  / / /

**Thirteenth Affirmative Defense**

Plaintiff's claims for alleged damages are barred to the extent that Plaintiff failed to mitigate such alleged damages.

**Fourteenth Affirmative Defense**

Although Defendant denies liability, all or part of Plaintiff's claims are potentially barred by the doctrine of avoidable consequences, in that Defendants at all times had published and enforced policies in place, and otherwise exercised reasonable care, to prevent and promptly correct unlawful treatment on the basis of any protected characteristic, and Plaintiff unreasonably failed to avail himself of the preventive or corrective opportunities provided by Defendants.

**Fifteenth Affirmative Defense**

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether they have additional, yet unknown, affirmative defenses. Defendant reserves the right to assert additional affirmative defenses that become known or available after further litigation in this action.

WHEREFORE, Defendant requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice, enter judgment for Defendant and against Plaintiff, and grant such other and further relief as the Court deems just and proper, including an award of attorneys' fees and costs to Defendant.

Dated: March 18, 2013

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: /s/ Martina M. Nagle
MICHAEL C. SULLIVAN
MARTINA M. NAGLE
Attorneys for Defendants
Frontier Airlines, Inc., Republic Airways
Holdings, Inc., Roger Sorenson

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ANSWER OF REPUBLIC AIRWAYS HOLDINGS,
INC. TO PLAINTIFF'S COMPLAINT

15

*Ordonez v. Frontier Airlines*
USDC – Northern District Case No. C 13-00940 MEJ

## PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to this action.  I am employed, or am a resident of, the County of San Diego, California, and my business address is: Paul, Plevin, Sullivan & Connaughton LLP, 101 West Broadway, Ninth Floor, San Diego, California 92101-8285.

On March 18, 2013, I caused to be served the following document(s):

**DEFENDANT REPUBLIC AIRWAYS HOLDINGS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

on the interested party (ies) in this action by placing a true copy thereof and addressed as follows:

Kenneth C. Absalom
Law Office of Kenneth C. Absalom
275 Battery Street, Suite 200
San Francisco, CA 94111
Telephone: (415) 392-5040
Facsimile:  (415) 392-3729
kenabsalom@333law.com

☑   (By **E-MAIL OR ELECTRONIC TRANSMISSION**)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☑   (Federal) I declare that I am employed by the office of a member of the bar of this court at whose direction the service was made.

Executed March 18, 2013, at San Diego, California.

Julie M.W. Szotek

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

PROOF OF SERVICE                                          1