MICHAEL C. SULLIVAN (SBN 131817)
Email:  msullivan@paulplevin.com
MARTINA M. NAGLE (SBN 160983)
Email:  tnagle @paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON** LLP
101 West Broadway, Ninth Floor
San Diego, California  92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendants
Frontier Airlines, Inc., Republic Airways Holdings, Inc.,
Roger Sorenson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| KHAN MICHAEL ORDONEZ,<br><br>         Plaintiff,<br><br>  v.<br><br>FRONTIER AIRLINES, REPUBLIC AIRWAYS HOLDINGS, ROGER SORENSON,<br><br>         Defendants. | CASE NO. C 13-00940 MEJ<br><br>**DEFENDANT FRONTIER AIRLINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>Mag. Judge:      Hon. Maria-Elena James<br>Removal Filed:  March 1, 2013<br>Trial Date:         Not Set |
|---|---|

   Defendant Frontier Airlines, Inc. ("Defendant"), for its Answer and Affirmative Defenses to Plaintiff Khan Michael Ordonez's ("Plaintiff") Complaint, states as follows:

   1.   Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis denies such allegations.

   2.   Defendant admits that it employed Plaintiff at its San Francisco International Airport location in San Mateo County from May 15, 2006 to September 3, 2010, and that Defendant is a wholly-owned subsidiary of Defendant Republic Airways Holdings, Inc. ("Republic").  Defendant denies all remaining allegations in Paragraph 2.

   3.   Defendant admits that it employed Plaintiff at its San Francisco International Airport location in San Mateo County from May 15, 2006 to September 3, 2010, and that

Defendant is a wholly-owned subsidiary of Defendant Republic Airways Holdings, Inc. ("Republic"). Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and on that basis denies such allegations.

4. Roger Sorensen was employed with Frontier as its City Manager for its San Francisco International Airport location during Plaintiff's employment with Frontier, and had supervisory authority over Plaintiff. Defendant denies all remaining allegations in Paragraph 4.

5. Defendant denies the allegations in Paragraph 5.

6. Defendant denies that Republic was Plaintiff's employer. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, and on that basis denies such allegations.

7. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and on that basis denies such allegations.

8. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis denies such allegations.

9. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and on that basis denies such allegations.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis denies such allegations.

12. Defendant admits that it employed Plaintiff as a Customer Service Agent from May 15, 2006 to September 3, 2010. Defendant denies the remaining allegations in Paragraph 12.

13. Defendant admits that it employs over 5,000 employees throughout the country. Defendant admits that Republic employs over 5,000 employees throughout the country. Defendant denies the remaining allegations in Paragraph 13.

14. Defendant denies that Plaintiff properly requested California Family Rights Act leave, and denies that Republic was Plaintiff's employer. Defendant admits the remaining allegations in Paragraph 14.

15.    Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and on that basis denies such allegations.

16.    Defendant denies the allegations in Paragraph 16.

17.    Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis denies such allegations.

18.    Defendant denies the allegations in Paragraph 18.

19.    Defendant denies the allegations in Paragraph 19.

20.    Defendant admits that Plaintiff advised Defendant that he was sick in early July 2010.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and on that basis denies such allegations.

21.    Defendant admits that Plaintiff was off work from July 3, 2010 to July 9, 2010 which is reflected in a Kaiser Permanente work status report given to Defendant.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and on that basis denies such allegations.

22.    Defendant admits that Plaintiff was off work from July 9, 2010 to July 12, 2010 which is reflected in a Kaiser Permanente visit verification form dated July 9, 2010 and given to Defendant.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and on that basis denies such allegations.

23.    Defendant admits that a Kaiser Permanente visit verification form dated July 12, 2010 and given to Defendant places Plaintiff off work from July 1, 2010 to July 19, 2010.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23, and on that basis denies such allegations.

24.    Defendant admits that Plaintiff was off work from July 19, 2010 to July 24, 2010 which is reflected in a Kaiser Permanente visit verification form dated July 19, 2010 and given to Defendant, which also reflects a return to work date of July 25, 2010.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24, and on that basis denies such allegations.

25.    Defendant denies the allegations in Paragraph 25.

26.  Defendant denies that Plaintiff's supervisors visited his doctor's office.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26, and on that basis denies such allegations.

27.  Defendant denies the allegations in Paragraph 27.

28.  Defendant admits that it was given a Kaiser Permanente visit verification form dated July 28, 2010 that states, "Not contagious at this time."  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28, and on that basis denies such allegations.

29.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and on that basis denies such allegations.

30.  Defendant admits that Plaintiff worked July 25 and 26, 2010.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30, and on that basis denies such allegations.

31.  Defendant denies the allegations in Paragraph 31.

32.  Defendant denies the allegations in Paragraph 32.

33.  Defendant admits that Plaintiff went home sick on July 27, 2010.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, and on that basis denies such allegations.

34.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and on that basis denies such allegations.

35.  Defendant denies it refused to authorize medical treatment for Plaintiff.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35, and on that basis denies such allegations.

36. Defendant denies it refused to authorize medical treatment for Plaintiff.  Defendant admits that a Kaiser Permanente visit verification form dated July 28, 2010, and given to Defendant places Plaintiff off work from June 28, 2010 to August 14, 2010, and reflects a return to work date of August 15, 2010.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36, and on that basis

denies such allegations.

37. Defendant admits that Plaintiff advised it that he was sick and provided a series of doctor's notes that covered the time period of July 1 to August 14, 2010, but these notes simply stated that Plaintiff was ill and unable to attend work and did not set forth sufficient information to clarify that his illness constituted a serious health condition, as defined under the California Family Rights Act. Defendant denies the remaining allegations in Paragraph 37.

38. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and on that basis denies such allegations.

39. Defendant admits that on or about early August, 2010, Plaintiff's father telephoned Eric Kartchner to inquire about family medical leave. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39, and on that basis denies such allegations.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant admits the allegations in Paragraph 41.

42. Defendant admits that filled out CFRA forms for Plaintiff were faxed to Mr. Kartchner at Republic on August 19, 2010. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42, and on that basis denies such allegations.

43. Defendant admits that Mr. Kartchner telephoned Plaintiff's father on August 19, 2010 and advised him that the CFRA forms were deficient in that the medical documentation only supported leave beginning on August 16, 2010. Defendant denies the remaining allegations in Paragraph 43.

44. Defendant admits that Plaintiff did not speak with Mr. Sorensen on September 5, 6 and 7, 2010, but does not have knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff attempted to call Mr. Sorensen on September 5, 6 and 7, 2010, and on that basis denies such allegations. Defendant denies the remaining allegations in Paragraph 44.

45. Defendant does not have knowledge or information sufficient to form a belief as to

the truth of the allegations that Plaintiff was seen by his doctor or received a work status report on September 8, 2010, and on that basis denies such allegations. Defendant denies the remaining allegations in Paragraph 45.

46. Defendant admits that Mr. Sorensen sent Plaintiff a letter terminating his employment at Frontier dated September 3, 2010, and given Plaintiff's unprotected leave and resulting unexcused absences, as well as his failure to adequately communicate with Defendant and provide the required medical certification of a serious health condition in support of his absences or leave under CFRA, despite several requests from Defendant to provide such information, it terminated his employment on September 3, 2010 per its absence policy. Defendant denies the remaining allegations in Paragraph 46.

47. Defendant admits that it provided a final check to Plaintiff for accrued vacation ($929.64) and sick pay ($326.04 and $104.40) (minus the appropriate tax deductions) in the amount of $1,015.82 dated September 2, 2010. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47, and on that basis denies such allegations.

48. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and on that basis denies such allegations.

**FIRST CAUSE OF ACTION**

**Retaliation for Engaging In Leave Protected by the California Family Rights Act**

**Violation of Cal. Gov. Code § 12945.2**

**(Against all defendants)**

49. Defendant hereby incorporates its answers to Paragraphs 1 through 48 as if fully rewritten herein.

50. Defendant states that the allegations in Paragraph 50 are legal in nature and call for a legal conclusion to which no response is required. To and only to the extent that a further response is deemed required: Defendant admits that the California legislature has enacted the California Family Rights Act (CFRA), Government Code §§ 12945.2, states that CFRA/Government Code §§ 12945.2 speaks for itself, and denies Plaintiff's characterization of

1 the same.

2   51.   Defendant states that the allegations in Paragraph 51 are legal in nature and call for a legal conclusion to which no response is required. To and only to the extent that a further response is deemed required: Defendant admits that the California legislature has enacted Government Code §§ 12945.2, state that Government Code §§ 12945.2 speaks for itself, and denies Plaintiff's characterization of the same.

  52.   Defendant denies the allegations in Paragraph 52.

  53.   Defendant states that the allegations in Paragraph 53 are legal in nature and call for a legal conclusion to which no response is required. To and only to the extent that a further response is deemed required: Defendant denies Republic was Plaintiff's employer and denies that Defendant or Republic were employers subject to the CFRA at the San Francisco airport location, or within 75 miles of that location. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and on that basis denies such allegations.

  54.   Defendant denies the allegations in Paragraph 54.

  55.   Defendant denies the allegations in Paragraph 55.

  56.   Defendant admits that Plaintiff's employment with Defendant was terminated for his failure to provide by August 21 or 26, 2010 the required medical certification of a serious health condition in support of his absences or leave under CFRA, despite several requests from Defendant to provide such information. Defendant denies the remaining allegations in Paragraph 56.

  57.   Defendant denies the allegations in Paragraph 57.

  58.   Defendant denies the allegations in Paragraph 58.

  59.   Defendant denies the allegations in Paragraph 59.

  60.   Defendant denies the allegations in Paragraph 60.

  61.   Defendant denies the allegations in Paragraph 61.

  62.   Defendant denies the allegations in Paragraph 62.

///

## SECOND CAUSE OF ACTION

**Interference with/Denial of California Family Rights Act Leave Cal. Gov. Code § 12900**

**(Against Defendants Frontier, Republic Airways and Does 1-20)**

63. Defendant hereby incorporates its answers to Paragraphs 1 through 62 as if fully rewritten herein.

64. Defendant states that the allegations in Paragraph 64 are legal in nature and call for a legal conclusion to which no response is required. To and only to the extent that a further response is deemed required: Defendant admits that the California legislature has enacted the California Family Rights Act (CFRA), Government Code §§ 12945.2, states that CFRA/Government Code §§ 12945.2 speaks for itself, and denies Plaintiff's characterization of the same.

65. Defendant states that the allegations in Paragraph 65 are legal in nature and call for a legal conclusion to which no response is required. To and only to the extent that a further response is deemed required: Defendant admits that the California legislature has enacted Government Code §§ 12945.2, state that Government Code §§ 12945.2 speaks for itself, and denies Plaintiff's characterization of the same. Defendant denies the remaining allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

## THIRD CAUSE OF ACTION

**Disability Discrimination in Violation of California Fair Employment and Housing Act;**

**Govt. Code § 12940(a)**

**(Against Defendants Frontier, Republic Airways and Does 1-20)**

70. Defendant hereby incorporates its answers to Paragraphs 1 through 69 as if fully rewritten herein.

///

71. Defendant states that the allegations in Paragraph 71 are legal in nature and call for a legal conclusion to which no response is required. To and only to the extent that a further response is deemed required: Defendant admits that the California legislature has enacted Government Code §§ 12926, *et seq.*, state that Government Code §§ 12926, *et seq.* speaks for itself, and denies Plaintiff's characterization of the same. Defendant denies the remaining allegations in Paragraph 71.

72. Defendant states that the allegations in Paragraph 72 are legal in nature and call for a legal conclusion to which no response is required. To and only to the extent that a further response is deemed required: Defendant admits that the California legislature has enacted Government Code §§ 12940, *et seq.*, state that Government Code §§ 12940, *et seq.* speaks for itself, and denies Plaintiff's characterization of the same. Defendant denies the remaining allegations in Paragraph 72.

73. Defendant states that the allegations in Paragraph 73 are legal in nature and call for a legal conclusion to which no response is required. To and only to the extent that a further response is deemed required: Defendant admits that the California legislature has enacted Government Code §§ 12926, *et seq.*, state that Government Code §§ 12926, *et seq.* speaks for itself, and denies Plaintiff's characterization of the same. Defendant denies the remaining allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and on that basis denies such allegations.

76. Defendant denies the allegations in Paragraph 76.

77. Defendant denies the allegations in Paragraph 77.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant denies the allegations in Paragraph 79.

///

///

///

## FOURTH CAUSE OF ACTION

**Failure to Provide Reasonable Accommodations In Violation of FEHA § 12940(m)**

**(Against Defendants Frontier, Republic Airways and Does 1-20)**

80. Defendant hereby incorporates its answers to Paragraphs 1 through 79 as if fully rewritten herein.

81. Defendant states that the allegations in Paragraph 81 are legal in nature and call for a legal conclusion to which no response is required. To and only to the extent that a further response is deemed required: Defendant admits that the California legislature has enacted Government Code §§ 12940, *et seq.*, state that Government Code §§ 12940, *et seq.* speaks for itself, and denies Plaintiff's characterization of the same. Defendant denies the remaining allegations in Paragraph 81.

82. Defendant denies the allegations in Paragraph 82.

83. Defendant denies the allegations in Paragraph 83.

84. Defendant denies the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

86. Defendant denies the allegations in Paragraph 86.

87. Defendant denies the allegations in Paragraph 87.

## FIFTH CAUSE OF ACTION

**Failure to Engage in Interactive Process In Violation of FEHA § 12940(n)**

**(Against Defendants Frontier, Republic Airways and Does 1-20)**

88. Defendant hereby incorporates its answers to Paragraphs 1 through 87 as if fully rewritten herein.

89. Defendant states that the allegations in Paragraph 89 are legal in nature and call for a legal conclusion to which no response is required. To and only to the extent that a further response is deemed required: Defendant admits that the California legislature has enacted Government Code §§ 12940, *et seq.*, state that Government Code §§ 12940, *et seq.* speaks for itself, and denies Plaintiff's characterization of the same. Defendant denies the remaining allegations in Paragraph 89.

90. Defendant denies the allegations in Paragraph 90.
91. Defendant denies the allegations in Paragraph 91.
92. Defendant denies the allegations in Paragraph 92.
93. Defendant denies the allegations in Paragraph 93.
94. Defendant denies the allegations in Paragraph 94.

**SIXTH CAUSE OF ACTION**

**Hostile Work Environment, Harassment based on Age in Violation of Govt Code § 12940(j)**

**(Against All Defendants)**

95. Defendant hereby incorporates its answers to Paragraphs 1 through 95 as if fully rewritten herein.
96. Defendant denies the allegations in Paragraph 96.
97. Defendant denies the allegations in Paragraph 97.
98. Defendant denies the allegations in Paragraph 98.
99. Defendant denies the allegations in Paragraph 99.
100. Defendant denies the allegations in Paragraph 100.
101. Defendant denies the allegations in Paragraph 101.
102. Defendant denies the allegations in Paragraph 102.
103. Defendant denies the allegations in Paragraph 103.

**SEVENTH CAUSE OF ACTION**

**Failure to Take Appropriate Corrective Action in Violation of the FEHA Cal. Gov. Code § 12900 et. Seq.**

**(Against Defendants Frontier, Republic Airways and Does 1-20)**

104. Defendant hereby incorporates its answers to Paragraphs 1 through 103 as if fully rewritten herein.
105. Defendant states that the allegations in Paragraph 105 are legal in nature and call for a legal conclusion to which no response is required. To and only to the extent that a further response is deemed required: Defendant admits that the California legislature has enacted Government Code §§ 12926, *et seq*., state that Government Code §§ 12926, *et seq*. speaks for

itself, and denies Plaintiff's characterization of the same. Defendant denies the remaining allegations in Paragraph 105.

106. Defendant states that the allegations in Paragraph 106 are legal in nature and call for a legal conclusion to which no response is required. To and only to the extent that a further response is deemed required: Defendant admits that the California legislature has enacted Government Code §§ 12940, *et seq*., state that Government Code §§ 12940, *et seq*. speaks for itself, and denies Plaintiff's characterization of the same. Defendant denies the remaining allegations in Paragraph 106.

107. Defendant states that the allegations in Paragraph 107 are legal in nature and call for a legal conclusion to which no response is required. To and only to the extent that a further response is deemed required: Defendant admits that the California legislature has enacted Government Code §§ 12926, *et seq*., state that Government Code §§ 12926, *et seq*. speaks for itself, and denies Plaintiff's characterization of the same. Defendant denies the remaining allegations in Paragraph 107.

108. Defendant denies the allegations in Paragraph 108.

109. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, and on that basis denies such allegations.

110. Defendant denies the allegations in Paragraph 110.

111. Defendant denies the allegations in Paragraph 111.

112. Defendant denies the allegations in Paragraph 112.

113. Defendant denies the allegations in Paragraph 113.

114. Defendant denies the allegations in Paragraph 114.

## EIGHTH CAUSE OF ACTION

## Wrongful Termination in Violation of Public Policy

## (Against Defendants Frontier, Republic Airways and Does 1-20)

115. Defendant hereby incorporates its answers to Paragraphs 1 through 114 as if fully rewritten herein.

/ / /

116. Defendant states that the allegations in Paragraph 116 are legal in nature and call for a legal conclusion to which no response is required. To and only to the extent that a further response is deemed required: Defendant admits that the California legislature has enacted the Fair Employment and Housing Act (FEHA), state that FEHA speaks for itself, and denies Plaintiff's characterization of the same. Defendant denies the remaining allegations in Paragraph 116.

117. Defendant states that the allegations in Paragraph 117 are legal in nature and call for a legal conclusion to which no response is required. To and only to the extent that a further response is deemed required: Defendant admits that the California legislature has enacted CFRA, state that CFRA speaks for itself, and denies Plaintiff's characterization of the same. Defendant denies the remaining allegations in Paragraph 117.

118. Defendant denies the allegations in Paragraph 118.

119. Defendant denies the allegations in Paragraph 119.

120. Defendant denies the allegations in Paragraph 120.

121. Defendant denies the allegations in Paragraph 121.

122. Defendant denies the allegations in Paragraph 122.

123. Defendant denies the allegations in Paragraph 123.

124. Defendant denies the allegations in Paragraph 124.

**PRAYER FOR RELIEF**

Defendant denies the allegations in the prayer for relief, and Paragraphs 1 through 5 of the prayer for relief.

**AFFIRMATIVE DEFENSES**

Further responding to the Complaint, Defendant asserts the following affirmative defenses:

**First Affirmative Defense**

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

All or part of Plaintiff's claims are potentially barred by the doctrine of avoidable

consequences, in that Defendant at all times had published and enforced policies in place, and otherwise exercised reasonable care, to prevent and promptly correct unlawful treatment on the basis of any protected characteristic, and Plaintiff unreasonably failed to avail himself of the preventive or corrective opportunities provided by Defendant.

### Third Affirmative Defense

All or part of Plaintiff's claims are barred to the extent that they are not within the scope of Plaintiff's charge of discrimination filed with the California Department of Fair Employment and Housing, and to the extent that Plaintiff otherwise failed to exhaust all required statutory, administrative and/or judicial remedies.

### Fourth Affirmative Defense

Although Defendant denies liability, Plaintiff's Complaint is barred, in whole or in part, because Defendant is informed and believes, and thereon alleges, that Plaintiff was unable to perform the essential functions of his position, even with reasonable accommodation.

### Fifth Affirmative Defense

Although Defendant denies liability, that Plaintiff's Complaint is barred, in whole or in part, because Defendant is informed and believes, and thereon alleges, that any requested accommodation would have posed an undue hardship on Defendant.

### Sixth Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, because the loss or harm sustained by Plaintiff, if any, resulted from Plaintiff's own acts or omissions and was not due to any act or omission of Defendant.

### Seventh Affirmative Defense

All or part of Plaintiff's claims are potentially barred by the applicable statutes of limitations, including but not limited to California Government Code §§12960 and 12965, and California Code of Civil Procedure §§335.1, 337, 338, 339 and/or 343.

### Eighth Affirmative Defense

All or part of Plaintiff's claims are potentially barred by the doctrine of estoppel.

///

**Ninth Affirmative Defense**

All or part of Plaintiff's claims are potentially barred by the doctrine of waiver.

**Tenth Affirmative Defense**

In all employment actions taken with respect to Plaintiff, Defendant had and acted on legitimate, lawful reasons for such actions, and at all times acted in good faith compliance with applicable law.

**Eleventh Affirmative Defense**

Plaintiff's punitive damages demand is barred because there is no evidence that a managing agent acted with fraud, oppression or malice.

**Twelfth Affirmative Defense**

Plaintiff's punitive damages demand is barred to the extent that the amount sought may violate substantive and procedural safeguards guaranteed to Defendant by the due process clauses of the United States and California Constitutions.  Plaintiff's punitive damages demand is further barred to the extent that the imposition of such damages is not rationally related to, or is grossly excessive in relation to, legitimate state interests.

**Thirteenth Affirmative Defense**

Plaintiff's claims for alleged damages are barred to the extent that Plaintiff failed to mitigate such alleged damages.

**Fourteenth Affirmative Defense**

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether they have additional, yet unknown, affirmative defenses.  Defendant reserves the right to assert additional affirmative defenses that become known or available after further litigation in this action.

WHEREFORE, Defendant requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice, enter judgment for Defendant and against Plaintiff, and grant such other and further relief as the Court deems just and proper, including an award of attorneys' fees and costs to Defendant.

///

| | | |
|---|---|---|
| 1 | Dated: March 18, 2013 | PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP |
| 2 | | |
| 3 | | By: /s/ *Martina M. Nagle* |
| | | MICHAEL C. SULLIVAN |
| 4 | | MARTINA M. NAGLE |
| | | Attorneys for Defendants |
| 5 | | Frontier Airlines, Inc., Republic Airways Holdings, Inc., Roger Sorenson |

*Ordonez v. Frontier Airlines*
USDC – Northern District Case No. C 13-00940 MEJ

## PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to this action. I am employed, or am a resident of, the County of San Diego, California, and my business address is: Paul, Plevin, Sullivan & Connaughton LLP, 101 West Broadway, Ninth Floor, San Diego, California 92101-8285.

On March 18, 2013, I caused to be served the following document(s):

**DEFENDANT FRONTIER AIRLINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

on the interested party (ies) in this action by placing a true copy thereof and addressed as follows:

Kenneth C. Absalom
Law Office of Kenneth C. Absalom
275 Battery Street, Suite 200
San Francisco, CA 94111
Telephone: (415) 392-5040
Facsimile: (415) 392-3729
kenabsalom@333law.com

☑ (By **E-MAIL OR ELECTRONIC TRANSMISSION**) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☑ (Federal) I declare that I am employed by the office of a member of the bar of this court at whose direction the service was made.

Executed March 18, 2013, at San Diego, California.

_____
Julie M.W. Szotek