KENNETH C. ABSALOM (SBN 114607)
kenabsalom@333law.com
JAMES J. ACHERMANN (SBN 262514)
james.achermann@333law.com
LAW OFFICE OF KENNETH C. ABSALOM
275 Battery Street, Suite 200
San Francisco, Ca. 94111
Tel: 415-392-5040
Fax: 415-392-3729

Attorneys For Plaintiff
KHAN MICHAEL ORDONEZ

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHAN MICHAEL ORDONEZ<br>    Plaintiff,<br><br>vs.<br><br>FRONTIER AIRLINES, REPUBLIC AIRWAYS HOLDINGS, ROBERT SORENSON an individual and DOES 1-20.<br><br>    Defendant | Case No.: C 13-00940 TEH<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS ROGER SORENSON AS A SHAM JOINDER<br><br>Date:         April 15, 2013<br>Time:        10:00 a.m.<br>Courtroom:  B<br>Judge:       Hon. Thelton E. Henderson<br><br>Removal Filed:  March 1, 2013<br>Trial Date:      TBD |

## I. INTRODUCTION

Plaintiff, Khan Michael Ordonez, an employee of Defendant Frontier Airlines and Republic Airways Holdings, was terminated by, discriminated against and harassed by Defendants due to his disabilities in violation of the Fair Employment and Housing Act. (Complaint ¶¶ 70-114). Defendants further retaliated and interfered with Plaintiff's right to request to leave under the California Family Rights Act ("CFRA"). (Complaint ¶¶ 49-69).

On or about January 11, 2013, Plaintiff filed a Complaint in California Superior Court for the County of San Mateo alleging two Causes of Action under the CFRA; 1)Retaliation for

Exercise of CFRA Rights; 2) Interference with and Denial of CFRA. Plaintiff's Complaint also asserts four causes of action under the Fair Employment and Housing Act; 3) Discrimination in Violation of the FEHA; 4) Failure to Provide Reasonable Accommodation; 5) Failure to engage in the Interactive Process; 6)Harassment in Violation of the FEHA; 7) Failure to take Appropriate Action or Corrective Action in Violation of the FEHA. Lastly, Plaintiff's Complaint asserted an eighth cause of action for Wrongful Termination in Violation of Public Policy.

Defendants subsequently removed Plaintiff's action to Federal Court on March 1, 2013 arguing the Defendant Sorenson is fraudulently joined.[1] Defendants now move to dismiss Defendant Sorenson from the Complaint arguing that Plaintiff has alleged two non-viable claims for relief against Defendant Sorenson. Defendants' Motion to Dismiss should be Denied as Plaintiff's Sixth Cause of Action presents a cognizable and viable claim against Defendant Sorenson as an individual for harassment in violation of the FEHA.

As to Plaintiff's Sixth Cause of Action, Defendants have incorrectly argued the Plaintiff's Sixth Cause of Action is one for Harassment under the CFRA when in fact, Plaintiff has asserted a claim for Harassment in Violation of the FEHA. Plaintiff's Sixth Cause of Action for Harassment under the FEHA is a cognizable claim against an individual defendant such as Defendant Sorenson and therefore Defendants' Motion to Dismiss Defendant Sorenson as to Plaintiff's Sixth Cause of Action should be Denied.

Plaintiff filed a Motion to Remand on March 20, 2013; the crux of that Motion is that Defendant Sorenson is not fraudulently joined under Plaintiff's Sixth Cause of Action for Harassment under the FEHA. Therefore, Should Plaintiff's Motion to Remand be granted, this Court will not need to decide the legal viability of Plaintiff's Second Cause of Action, instead, leaving that question to the State Courts. (see *Gray ex rel. Rudd v. Beverly Enterprises Mississippi Inc.*, (5th Cir. 2004) 390 F3d 400, 411 (single valid cause of action against nondiverse defendant required remand of entire case to State Court).

---

[1] In the interest of conserving resources Plaintiff has not attached Defendant's removal papers however they were electronically filed and appear as Docket No. 1 and 2.

## II. STANDARD FOR MOTION TO DISMISS

On a motion to dismiss brought pursuant to Rule 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint, and construe those facts and draw all reasonable inferences therefrom "in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); see also *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1120-21 (9th Cir. 2007) see also *Jenkins v. McKeithen*, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869, (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 256, (1994), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, (1992). A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond doubt that the alleged facts, even if true, will not entitle the plaintiff to relief on the theories asserted. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-61, (2007); *Stoner*, 502 F.3d at 1120-21; see also *Cahill*, 80 F.3d at 338.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In assessing a Motion to Dismiss, the court may consider facts which may be judicially noticed, *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986).

## IV. ARGUMENT

### A. As Pled Plaintiff's Sixth Cause of Action for Harassment Under the Fair Employment and Housing Act Presents a Lawful Cause of Action Against Defendants Sorenson

Plaintiff's Sixth Cause of Action alleges Harassment and Hostile Work Environment under the Fair Employment and Housing Act against Mr. Sorenson as an individual.

Defendant has incorrectly stated that Plaintiff's sixth cause of action is one for Harassment under the California Family Rights Act. (Def. Mot. Dismiss pp. 2 and 3; Fn. 1). Defendant, citing federal case law analyzing harassment and retaliation under the CFRA as applied to Individuals, states "Because Mr. Sorensen is an individual defendant, he cannot as a matter of law, be liable to Mr. Ordonez as alleged in this action for retaliation and harassment under the CFRA." Defendant's argument is curious as the face of the Complaint makes it clear that Plaintiff's Sixth Cause of Action alleges Harassment under the FEHA and not the CFRA.

On the very first page of Plaintiff's Complaint the specific causes of action are listed in order. Cause of Action six is set forth as "Harassment in Violation of the FEHA." (Complaint pp. 1).[2] Turning then to that page, Plaintiff's Sixth Cause of Action specifically states that it is a Hostile Work Environment, Harassment claim in "Violation of Gov't Code § 12940(j)."[3] Plaintiff's citation to the California Code is consistent throughout his complaint and further evidences Plaintiff's clear intent to allege Harassment in Violation of the FEHA and not the CFRA as Defendant suggests. The First and Second Causes of Action, which do allege violations of the CFRA, specifically reference the California Government Code in which the CFRA is codified; this is continued into those Causes of Actions alleging Violations of the FEHA (Three, Four, Five, Six and Seven) which specifically cite to the Government Code in which the FEHA is contained.[4]

A review of the Complaints filed by Plaintiff with the Department of Fair Employment and Housing also clearly state that Plaintiff's allegations of harassment were in regards to his disability and, therefore, subject to protection by the FEHA. (See Exhibit A-C Plaintiff's Request for Judicial Notice). On August 12, 2011, Plaintiff filed two Signed DFEH Complaints Naming

---

[2] Plaintiff's Complaint has been attached as Exhibit A to Defendants Notice of Removal lodged with this Court at Docket #1. Plaintiff has in the interest of conservation not attached it to this Opposition.

[3] Plaintiff acknowledges that the Sixth Cause of Action contains a typographical error in that it states the Harassment is based on Age. However, the claim itself in no way mentions age nor was a claim against defendants for harassment based on age in violation of the FEHA intended to be asserted. Clearly, Defendants were also aware that Plaintiff did not intend to allege harassment based on age as set forth in the first foot note of their Motion to Dismiss.

[4] Similarly, in Plaintiff's Eighth Cause of Action, he references both the FEHA and the CFRA as the basis for his wrongful termination. However, in Paragraph 116 in reference to the FEHA, Plaintiff references the FEHA's prohibition against "discriminating against and harassing an employee" where in Paragraph 117, in reference to the CFRA, Plaintiff mentions only discrimination and retaliation. (Complaint ¶¶ 116, 117).

Defendant Frontier Airlines (DFEH # E201112M0431-00-pv) and Roger Sorenson (DFEH # E201112M0431-01-pv). In his DFEH Complaints, Plaintiff states that "I believe I was subjected to harassment and terminated because of my disability" and "I was subjected to harassing treatment by Roger Sorenson (Manager) due to my disability." (Exhibit A Plaintiff's Request for Judicial Notice). Those allegations are echoed in Plaintiff's Amended Complaint to the DFEH adding Defendant Republic Holdings. These complaints then serve as the basis for Plaintiff's Complaint and causes of action. (Complaint ¶¶ 6-9).

The statute cited by Plaintiff in regards to the Sixth Cause of Action Cal. Gov't Code § 12940(j) cites to the Fair Employment and Housing Act as Codified in California Statute and represents the precise code which explicitly provides for individual liability on the part of employees under the FEHA.[5]

Under the FEHA an individual employee can be held liable for Harassment. "[I]n *Carrisales v. Department of Corrections* (1999) 21 Cal.4th 1132 [90 Cal. Rptr. 2d 804, 988 P.2d 1083], we held that nonsupervising coworkers are not personally liable for harassment under the FEHA. After we decided *Carrisales*, the Legislature abrogated its holding in legislation which became effective January 1, 2001. (See *McClung v. Employment Development Dept.* (2004) 34 Cal.4th 467, 471 [20 Cal. Rptr. 3d 428, 99 P.3d 1015].) Section 12940, subdivision (j)(3), now provides: "An employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate corrective action." *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1164-1165 (Cal. 2008). See also *Taylor v. Beth Eden Baptist Church*, 294 F. Supp. 2d 1074, 1083 (N.D. Cal. 2003) "In contrast to subsection (a), discussed above, subsection (j) explicitly provides for individual liability on the part of employees under some circumstances."

---

[5] The placement of the Sixth Cause of Action is also telling in that it falls well after those claims alleging violations of the CFRA (Causes of Action One and Two) and in between the claims alleging Violations of the FEHA (Causes of Action Three, Four, Five, Six, and Seven).

| PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS ROGER SORENSON AS A SHAM JOINDER | 5 | Case No.: C 13-00940 TEH |

Defendants' sole argument in regards to Plaintiff's Sixth Cause of Action is that Mr. Sorenson, as an individual, cannot be held be liable for harassment under the CFRA. Plaintiff will not address this argument as it misses the mark in regards to Plaintiff's Sixth Cause of Action which, as discussed above, is Harassment in Violation of the FEHA an entirely different statute. Defendants do not in their Motion to Dismiss argue the Plaintiff has failed to adequately plead a Cause of Action for Harassment under the FEHA. Therefore, because Plaintiff has established that their Sixth Cause of Action is brought under the FEHA, and not the CFRA, Defendant's Motion to Dismiss should be Denied.

### B. Although Defendants Have Not Challenged the Factual Basis for Plaintiff's Sixth Cause of Action, Plaintiff Has Set Forth Sufficient Facts at this Initial Pleading Phase to Establish Harassment Against Defendant Sorenson Under the FEHA.

"A prima facie case for discrimination or harassment on grounds of disability under FEHA requires plaintiff to show that she suffers from a disability; that she is otherwise qualified to do her job; and that she was subjected to adverse employment action because of her disability." *Houston v. Regents of the Univ. of Cal.*, 2006 U.S. Dist. LEXIS 27644 (N.D. Cal. May 1, 2006) citing *Deschene v. Pinole Point Steel Co.*, 76 Cal. App. 4th 33, 44, (1999). Defendant does not attack the allegations in anyway as failing to set forth facts sufficient to state a cause of action under the FEHA for Harassment. Therefore, their Motion to Dismiss cannot be granted on that basis, however, reviewing the Complaint as a whole including those allegations unambiguously incorporated in Plaintiff's Sixth Cause of Action ("Plaintiff re-alleges and incorporates by reference paragraphs 1-94, as though fully set forth herein Plaintiff has sufficiently pled Harassment against Plaintiff because of his disability in Violation of the FEHA." (Complaint pp. 14:6-7).

- Plaintiff suffered from learning disabilities and Pertussis which qualified as a physical disability under the FEHA (Complaint ¶¶15,20-24, 38, 45,71, 82, )

- Defendants were aware of Plaintiff's learning disabilities and Pertussis. (Complaint ¶¶ 17,20, 23, 28, 83,90).

- Defendants, including Mr. Sorenson as Plaintiff's Supervisor, harassed Plaintiff because of his disabilities. (Complaint ¶ 25, 96). This harassment included verbally reprimanding Plaintiff. (Complaint ¶ 97). Harassing and haranguing Plaintiff as to private details regarding his illness. (Complaint ¶ 98). Becoming hostile with Plaintiff when discussing his disabilities. (Complaint ¶ 98). Denying Plaintiff training to accommodate his disabilities. (Complaint ¶ 18). Being told he was not cut out for the position and should find another job. (Complaint ¶ 19). Contacting his physicians without his permission or consent. (Complaint ¶ 26).

- Defendant's harassment was so sever and pervasive that it affected Plaintiff's employment on a daily basis and created an abusive environment adversely affecting his ability to do his job. (Complaint ¶ 99).

- Plaintiff suffered harm because of Defendant's harassment. (Complaint ¶¶ 101, 102).

Although not challenged by Defendants, the aforementioned allegations, accepted as true, adequately set forth at this initial pleading phase, a cause of action for harassment based on Plaintiff's disability under the FEHA. This is the Claim that is alleged in Plaintiff's Sixth Cause of Action and such a claim is actionable as to Defendant Sorenson, as an individual, as set forth above. The mere fact that Plaintiff mentions Defendant Sorenson's behavior in relation to Plaintiff's requests for CFRA leave as further facts which establish an ongoing pattern of harassment against Plaintiff due to his disabilities and illness does not strip Plaintiff his rights to bring such a claim under the FEHA. Therefore, because Plaintiff has set forth sufficient facts sufficient to state a claim for which relief may be granted. [6]

### C. Plaintiff's Claims for Retaliation under the CFRA

Plaintiff acknowledges that under cited precedent by Defendant Federal District Courts have held that liability does not extend to individuals for retaliation under the CFRA. However, Plaintiff believes that the California State Courts have not held that individual liability for retaliation under the CFRA is barred. However, Plaintiff will not argue this point for the purposes of this Opposition as this Court should not have to decide this issue should the matter be remanded to the State Court based on Plaintiff's Motion to Remand filed March 20, 2013.

---

[6] Defendant's assertion that Defendant Sorenson is a sham Defendant who is fraudulently Joined is without merit and taken on substantively in Plaintiff's Motion to Remand filed on March 20, 2013. As is set forth in Plaintiff's Motion to Remand Defendant simply cannot meet the high burden to establish a fraudulent joinder.

## IV. CONCLUSION

For the forgoing Reasons, Plaintiff respectfully requests that this Court DENY, Defendants' Motion to Dismiss Defendant Sorenson as to their Sixth Cause of Action for Harassment under the FEHA. Should this Court not Remand this matter to State Court or find that Plaintiff's Complaint fails to adequately plead Causes of Action as to Defendant Sorenson as to the Sixth Cause of Action of Harassment under the FEHA, Plaintiff asks that he be granted leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15 in order to clarify and make clear his Sixth Cause of Action for Harassment under the FEHA. (F.R.C.P. 15 "The court should freely give leave when justice so requires.").

Dated: March 20, 2013                LAW OFFICE OF KENNETH C. ABSALOM

By:  /s/ James J. Achermann
     Kenneth C. Absalom
     James J. Achermann
     Attorneys for Plaintiff
     KHAN MICHAEL ORDONEZ