KENNETH C. ABSALOM (SBN 114607)
kenabsalom@333law.com
JAMES J. ACHERMANN (SBN 262514)
james.achermann@333law.com
LAW OFFICE OF KENNETH C. ABSALOM
275 Battery Street, Suite 200
San Francisco, Ca. 94111
Tel: 415-392-5040
Fax: 415-392-3729

Attorneys For Plaintiff
KHAN MICHAEL ORDONEZ

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHAN MICHAEL ORDONEZ,<br><br>Plaintiff<br><br>vs.<br><br>FRONTIER AIRLINES, REPUBLIC AIRWAYS HOLDINGS, ROBERT SORENSON an individual and DOES 1-20.,<br><br>Defendant | Case No.: C 13-00940 MEJ<br><br>PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND TO STATE COURT<br><br>Date:        April 29, 2013<br>Time:       10:00 a.m.<br>Courtroom: B<br>Judge:      Hon. Thelton E. Henderson<br><br>Removal Filed: March 1, 2013<br>Trial Date:       TBD |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. SUMMARY OF ARGUMENT**

Plaintiff seeks remand of this purely state law case in which both Plaintiff and the named individual Defendant, Roger Sorenson, reside in California. Defendants, Frontier Airlines ("Frontier") and Republic Airways Holdings ("Republic"), do not dispute that Plaintiff and the individual Defendant are residents of California. Defendant also does not dispute that Plaintiff asserts no federal claims.

---

PLAINTIFF'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO REMAND TO
STATE COURT                                              1                    Case No.: C 13-00940 MEJ

However, Defendant claims that the individual Defendant was fraudulently joined. Defendant is incorrect. To meet the exceedingly high burden of establishing a "sham joinder," Defendant must prove that it is "*obvious* according to the *settled* rules of the state" that "joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.* (9th Cir 1987) 811 F.2d 1336, 1339 (italics added). Here, Defendant wholly fails to meet this burden.

    1)    The relevant Defendant to this motion is individual Defendant Roger Sorenson. The relevant cause of action which permits naming this non-diverse individual Defendant is Plaintiff's sixth claim for Harassment in violation of the *Fair Employment and Housing Act, California Government Code* §12940(j).

    2)    It is well settled by both California case law and statute that an individual can be held liable under the Fair Employment Act for harassment.

    3)    Because Defendant Sorenson, a California resident, can be held individually liable for Harassment under the Fair Employment and Housing Act, Defendant's cannot show diversity and removal is improper and this matter must be remanded to the state court to decide these purely state law claims.

## II. PROCEDURAL HISTORY

On or about January 11, 2013, Plaintiff filed a Complaint in California Superior Court for the County of San Mateo alleging two Causes of Action under the CFRA; 1) Retaliation for Exercise of CFRA Rights; 2) Interference with and Denial of CFRA. Plaintiff's Complaint also asserts four causes of action under the Fair Employment and Housing Act; 3) Discrimination in Violation of the FEHA; 4) Failure to Provide Reasonable Accommodation; 5) Failure to engage in the Interactive Process; 6) Harassment in Violation of the FEHA; 7) Failure to take Appropriate Action or Corrective Action in Violation of the FEHA. Lastly, Plaintiff's Complaint asserted an eighth cause of action for Wrongful Termination in Violation of Public Policy.[1]

---

[1] In the interest of conserving resources Plaintiff has not attached Defendant's removal papers however they were electronically filed and appear as Docket No. 1 and 2. Plaintiff's Complaint is attached as an Exhibit at Docket No. 1. Similarly Plaintiff will attempt to direct the Court to the Docket instead of printing and attaching paperwork that has already been lodged with the court.

PLAINTIFF'S POINTS & AUTHORITIES IN SUPPORT OF MOTION TO REMAND TO STATE COURT       2      Case No.: C 13-00940 MEJ

Defendants subsequently removed Plaintiff's action to Federal Court on March 1, 2013 arguing the Defendant Sorenson is fraudulently joined.[2] On March 6, 2013 Defendants moved to Dismiss Defendant Sorenson as a fraudulently named defendant pursuant to Fed. R. Proc. 12(b)(6).[3] Plaintiff filed an Opposition to Defendant Motion to Dismiss on March 20, 2013.[4]

### III. ARGUMENT

#### A. PLAINTIFF'S MOTION IS TIMELY BECAUSE IT IS BASED ON LACK OF SUBJECT MATTER JURISDICTION

Because the basis for this motion is a lack of subject matter jurisdiction – not simply a procedural removal defect – the motion may be brought at any time. "A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a). However, "if at *any time before final judgment* it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 *U.S.C.* § 1447(c).

"The appropriate device for challenging improper removal is a motion to remand. A motion to remand lies where diversity of citizenship is lacking and where the claim does not 'arise under' federal law; such challenge to the court's subject matter jurisdiction may be raised at any time." *Briano v. Conseco Life Ins. Co.* (C.D. Cal. 2000) 126 F.Supp.2d 1293, 1295 ("The subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court.") (original italics).

This motion is based on a lack of subject matter jurisdiction – and not a procedural removal defect – this motion is timely under 28 *U.S.C.* section 1447(c). Further, it is filed within thirty days of the Notice of Removal and is also timely on this basis.

///
///
///

---

[2] Docket No. 1
[3] Docket No. 6
[4] Docket No. 14

### B. THIS COURT MUST REMAND THE ACTION BECAUSE DIVERSITY JURISDICTION DOES NOT EXIST

In its removal papers, Defendants contend that diversity jurisdiction exists because Defendant Frontier and Republic and Plaintiff are citizens of different states. (Motion for Removal at ¶6.)

Defendants further allege that the individual Defendant – although admittedly a California resident – is supposedly fraudulently joined so that Defendants claim that his citizenship should be ignored. (Motion for Removal, ¶7). Defendant is incorrect. Defendant does not, and cannot, meet the exceedingly high standard for establishing that the individual Defendant is fraudulently joined and, therefore, Defendant Sorenson's citizenship cannot simply be ignored by this Court for purposes of evaluating removal jurisdiction.

#### 1. Defendant bears an exceedingly high burden to establish a fraudulent or sham joinder: the fraudulent nature of the joinder must be "obvious according to settled rules of the state"

The controlling principles for determining if a joinder is sham or fraudulent such that the joinder can be disregarded establish an exceedingly daunting burden for a defendant who attempts to exercise removal jurisdiction on this ground.

First, to find fraudulent joinder, it must be "*obvious* according to the *settled* rules of the state" that "joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.* (9th Cir. 1987) 811 F.2d 1336, 1339 (italics added). Thus, a court may find a sham joinder only where "there is *absolutely no possibility* that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Davis v. Prentiss Props., Ltd., Inc.* (C.D. Cal 1999) 66 F. Supp. 2d 1112, 1114, *quoting Green v. Amerada Hess Corp.* (5th Cir. 1983) 707 F.2d 201, 205 (italics added).

Second, in evaluating fraudulent joinder claims, the court "must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." *Dodson v. Spiliada Maritime Corp.* (5th Cir. 1992) 951 F.2d 40, 43; *United Policyholders v. Provident Life & Acc. Ins. Co.* (N.D. Cal. 1998) 1999 U.S. Dist. LEXIS 18546,

at *2 ("in making [fraudulent joinder] determination the court resolves all disputed facts and legal ambiguities against the removing party"). In other words, "[a]ny doubts as to removability are resolved in favor of remanding the case to state court." *Mangini v. RJ Reynolds Tobacco Co.* (N.D. Cal. 1992) 793 F.Supp. 925, 927.

These stringent standards reflect the "general presumption against [finding] fraudulent joinder" and the "strong presumption against removal jurisdiction." *Hunter v. Philip Morris USA* (9th Cir. 2009) 582 F.3d 1039, 1046. Applying these standards, "defendants who assert that [a] plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.* (N.D. Cal. 2001) 141 F. Supp. 2d 1005, 1008 (internal citations omitted). And, if the court finds that the non-diverse defendant was not fraudulently joined, then the case must be remanded to state court. 28 *U.S.C.* § 1447(c); see also *Hunter*, 582 F.3d at 1048.

### 2. California law permits naming the Individual Defendant (Sorenson) on the FEHA Harassment claim Therefore, there is No Fraudulent Joinder

Plaintiff's Sixth Cause of Action alleges Harassment and Hostile Work Environment under the Fair Employment and Housing Act against Mr. Sorenson as an individual.

Defendant has incorrectly stated that Plaintiff's sixth cause of action is one for Harassment under the California Family Rights Act. (Def. Removal ¶7). Defendant citing federal case law analyzing harassment and retaliation under the CFRA as applied to Individuals, states "Because Mr. Sorensen is an individual defendant, he cannot as a matter of law, be liable to Mr. Ordonez as alleged in this action for retaliation and harassment under the CFRA." Plaintiff Sixth Cause of Action does not allege harassment under the CFRA but instead under the FEHA.

On the very first page of Plaintiff's Complaint the specific causes of action are listed in order. Plaintiff's sixth Cause of Action is titled "Harassment in Violation of the FEHA." (Complaint pp. 1). Plaintiff's Sixth Cause of Action on page fourteen of the Complaint specifically states that it is a Hostile Work Environment, Harassment claim in "Violation of Gov't Code § 12940(j)." Plaintiff's citation to the California Code is consistent throughout his

complaint and further evidences Plaintiff's clear intent to allege Harassment in Violation of the FEHA and not the CFRA as Defendant suggests. The First and Second Causes of Action which do allege violations of the CFRA specifically reference the California Government Code in which the CFRA is codified; this is continued into those Causes of Action alleging Violations of the FEHA (Three, Four, Five, Six and Seven) which specifically cite to the Government Code in which the FEHA is contained.[5]

A review of the Complaints filed by Plaintiff with the Department of Fair Employment and Housing also clearly state that Plaintiff's allegations of harassment were in regards to his disability and therefore subject to protection by the FEHA. (See Exhibit A-C Plaintiff's Request for Judicial Notice filed in Support of Plaintiffs Opposition to Dismiss).[6] On August 12, 2011 Plaintiff filed two Signed DFEH Complaints Naming Defendant Frontier Airlines (DFEH # E201112M0431-00-pv) and Roger Sorenson (DFEH # E201112M0431-01-pv). In his DFEH Complaints Plaintiff states that "I believe I was subjected to harassment and terminated because of my disability" and "I was subjected to harassing treatment by Roger Sorenson (Manager) due to my disability." (Exhibit A Plaintiff's Request for Judicial Notice (Dkt. 15)). Those allegations are echoed in Plaintiff's Amended Complaint to the DFEH adding Defendant Republic Holdings. These complaints then serve as the basis for Plaintiff's Complaint and causes of action. (Complaint ¶¶ 6-9).

The statute cited by Plaintiff in regards to the Sixth Cause of Action, Cal. Gov't Code § 12940(j), cites to the Fair Employment and Housing Act and represents the precise code which explicitly provides for individual liability on the part of employees under the FEHA.[7]

Under the FEHA an individual employee can be held liable for Harassment. "[I]n *Carrisales v. Department of Corrections* (1999) 21 Cal.4th 1132 [90 Cal. Rptr. 2d 804, 988 P.2d

---

[5] Similarly in Plaintiff's Eighth Cause of Action he references both the FEHA and the CFRA as the basis for his wrongful termination. However, in Paragraph 116 in reference to the FEHA Plaintiff references the FEHA's prohibition against "discriminating against and harassing an employee" where in Paragraph 117 in reference to the CFRA Plaintiff mentions only discrimination and retaliation. (Complaint ¶¶ 116, 117).
[6] Docket No. 15
[7] The placement of the Sixth Cause of Action is also telling in that it falls well after those claims alleging violations of the CFRA (Causes of Action One and Two) and in between the claims alleging Violations of the FEHA (Causes of Action Three, Four, Five, Six, and Seven).

1083], we held that nonsupervising coworkers are not personally liable for harassment under the FEHA. After we decided *Carrisales,* the Legislature abrogated its holding in legislation which became effective January 1, 2001. (See *McClung v. Employment Development Dept.* (2004) 34 Cal.4th 467, 471 [20 Cal. Rptr. 3d 428, 99 P.3d 1015].) Section 12940, subdivision (j)(3), now provides: "An employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate corrective action." *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1164-1165 (Cal. 2008). See also *Taylor v. Beth Eden Baptist Church*, 294 F. Supp. 2d 1074, 1083 (N.D. Cal. 2003) "In contrast to subsection (a), discussed above, subsection (j) explicitly provides for individual liability on the part of employees under some circumstances."

"A prima facie case for discrimination or harassment on grounds of disability under FEHA requires plaintiff to show that she suffers from a disability; that she is otherwise qualified to do her job; and that she was subjected to adverse employment action because of her disability." *Houston v. Regents of the Univ. of Cal.*, 2006 U.S. Dist. LEXIS 27644 (N.D. Cal. May 1, 2006) citing *Deschene v. Pinole Point Steel Co.*, 76 Cal. App. 4th 33, 44, (1999). Reviewing the Complaint as a whole including those allegations unambiguously incorporated in Plaintiff's Sixth Cause of Action ("Plaintiff re-alleges and incorporates by reference paragraphs 1-94, as though fully set forth herein), Plaintiff has sufficiently pled Harassment against Plaintiff because of his disability in Violation of the FEHA."

- Plaintiff suffered from learning disabilities and Pertussis which qualified as a physical disability under the FEHA (Complaint ¶¶15, 20-24, 38, 45, 71, 82, )
- Defendants were aware of Plaintiff's learning disabilities and Pertussis. (Complaint ¶¶ 17, 20, 23, 28, 83, 90).
- Defendants including Mr. Sorenson as Plaintiff's Supervisor harassed Plaintiff because of his disabilities. (Complaint ¶ 25, 96). This harassment included verbally reprimanding Plaintiff. (Complaint ¶ 97). Harassing and haranguing Plaintiff as to private details regarding his illness. (Complaint ¶ 98). Becoming hostile with Plaintiff when discussing his disabilities. (Complaint ¶ 98). Denying Plaintiff training to

accommodate his disabilities. (Complaint ¶ 18). Being told he was not cut out for the position and should find another job. (Complaint ¶ 19). Contacting his physicians without his permission or consent. (Complaint ¶ 26).

- Defendants harassment was so sever and pervasive that it affected Plaintiff's employment on a daily basis and created an abusive environment adversely affecting his ability to do his job. (Complaint ¶ 99).

- Plaintiff suffered harm because of Defendant's harassment. (Complaint ¶¶ 101, 102).

In this case Plaintiff has sufficiently set forth the necessary elements and facts to support a state law claim for harassment for which Defendant Sorenson can be held liable, thereby destroying diversity.  A sham joinder is found only where "there is *absolutely no possibility* that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Davis v. Prentiss Props., Ltd., Inc.* (C.D. Cal 1999) 66 F. Supp. 2d 1112, 1114, *quoting Green v. Amerada Hess Corp.* (5th Cir. 1983) 707 F.2d 201, 205 (italics added). This is simply not a case in which there is *absolutely no possibility* that the plaintiff will be able to establish a cause of action against the in-state defendant in state court.  Therefore the matter should be remanded to the state court.

### 3. Plaintiff's Claims for Retaliation under the CFRA

As set forth above Defendant cannot meet their burden to show a fraudulent joinder in regards to Defendant Sorenson as to Plaintiff's lawful claim for Harassment under the FEHA. Further each and every cause of action alleged by Plaintiff is brought pursuant to state law. Therefore this Court must remand the entire case to the state court including Plaintiffs claims under the CFRA. (See *Gray ex rel. Rudd v. Beverly-Mississippi Inc.*, (5th Cir. 2004) 390 F3d 400, 411 (single valid cause of action against nondiverse defendant required remand of entire case to state court).

///
///
///

## IV. CONCLUSION

For the forgoing Reasons, Plaintiff respectfully requests that this Court GRANT Plaintiff's Motion and remand these purely state law claims back to the Superior Court of San Mateo.

Dated: March 20, 2013         LAW OFFICE OF KENNETH C. ABSALOM

                    By:   /s/ Kenneth C. Absalom
                          Kenneth C. Absalom
                          James J. Achermann
                          Attorneys for Plaintiff
                          KHAN MICHAEL ORDONEZ