MICHAEL C. SULLIVAN (SBN 131817)
Email: msullivan@paulplevin.com
MARTINA M. NAGLE (SBN 160983)
Email: tnagle @paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON** LLP
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendants
Frontier Airlines, Inc., Republic Airways Holdings, Inc.,
Roger Sorensen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KHAN MICHAEL ORDONEZ,<br><br>Plaintiff,<br><br>v.<br><br>FRONTIER AIRLINES, REPUBLIC AIRWAYS HOLDINGS, ROGER SORENSON,<br><br>Defendants. | CASE NO. C 13-00940 TEH<br><br>**REPLY OF DEFENDANTS FRONTIER AIRLINES, INC., REPUBLIC AIRWAYS HOLDINGS, INC. AND ROGER SORENSEN'S IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF KHAN MICHAEL ORDONEZ'S COMPLAINT AGAINST ROGER SORENSEN AS A SHAM JOINDER**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date:          April 15, 2013<br>Time:         10:00 a.m.<br>Courtroom:  12<br>Mag. Judge: Hon. Thelton E. Henderson<br>Removal Filed: March 1, 2013<br>Trial Date:   Not Set |

## I. INTRODUCTION

Mr. Ordonez has alleged two nonviable claims for relief under the California Family Rights Act ("CFRA") against Mr. Sorensen, whose joinder to this action is a sham as stated in Defendants' notice of removal filed with the Court on March 1, 2013. As set forth in the moving papers, Mr. Ordonez has failed to state a claim for relief against Mr. Sorensen because individuals cannot be held liable under CFRA. In his opposition, Mr. Ordonez concedes this point as to his

first claim for relief (CFRA retaliation), but for his sixth claim for relief he asserts a new theory -- disability harassment under the Fair Employment and Housing Act ("FEHA") -- *which is nowhere pled in his complaint.* A motion to dismiss with prejudice is proper.

Significantly, any leave to amend will not cure the nonviable complaint against Mr. Sorensen. Not only has Mr. Ordonez failed to allege disability harassment under FEHA, but he cannot do so. The allegations of the complaint make clear that Mr. Ordonez was *absent from work or no longer employed* with Frontier during the time that he claims to have been subject to disability harassment. As set forth more fully below, an essential element of a "severe and pervasive" hostile *work* environment harassment claim is that plaintiff must "prove that the defendant's conduct would have interfered with a reasonable employee's *work performance.*" Clearly, an absent employee, or one no longer employed, cannot allege a "severe and pervasive" hostile workplace, much less interference with work performance, for purposes of harassment.

Because Mr. Ordonez fails to state a claim upon which relief can be granted under either his retaliation or harassment claims, his complaint against Mr. Sorensen should be dismissed in its entirety, and with prejudice.

## II. AS A MATTER OF LAW, MR. SORENSEN CANNOT BE INDIVIDUALLY LIABLE FOR PLAINTIFF'S CLAIMS FOR RETALIATION AND HARASSMENT UNDER CFRA

Mr. Ordonez does not deny, and therefore concedes, that Mr. Sorensen cannot be individually liable for retaliation and harassment under CFRA. Not only does the case law cited in the moving papers establish this fact as noted by plaintiff, but the CFRA statute itself makes clear that only employers who directly employ 50 or more persons are liable under the CFRA. See California Government Code sections 12945.2(c)(2)(A) & 12945.2(a). Mr. Sorensen is an individual employee and not plaintiff's employer. Complaint, ¶4. He should be dismissed from this lawsuit.

There is no dispute that the first claim for relief for CFRA retaliation is barred. Mr. Ordonez also concedes in his motion for remand recently filed with this Court on March 20, 2013 (and reflecting the same arguments made in his present opposition), that only the sixth claim for relief for harassment is at issue.

Additionally, the sixth claim for relief alleging CFRA harassment must also be dismissed for the reasons stated in the moving papers and herein. In his opposition, Mr. Ordonez argues that he really meant to allege disability harassment under FEHA in his sixth claim for relief or, in the alternative, requests leave to do so. For the reasons set forth below -- and with or without any leave to amend-- plaintiff has not alleged, and cannot allege, disability harassment under FEHA.

## III.  AS A MATTER OF LAW, PLAINTIFF HAS NOT STATED, AND CANNOT STATE, A CLAIM FOR DISABILITY HARASSMENT UNDER FEHA

### A.  Mr. Ordonez Has Not Alleged Disability Harassment Under FEHA In His Sixth Claim For Relief.

A complaint that only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" cannot survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, Mr. Ordonez would like this Court to accept the sixth claim for relief's caption citing to FEHA, yet disregard that part of the caption that refers to age harassment. Plaintiff cannot have it both ways, and the caption is clearly a mistake.[1] It is equally clear from the sixth claim for relief that Mr. Ordonez alleges that he was harassed for requesting CFRA leave for his illness. Complaint, ¶¶96-97. Disability or disability harassment appears nowhere in the sixth claim for relief. In his opposition, Plaintiff points this Court to other allegations in the complaint in an attempt to cobble together a disability harassment claim, but the allegations either don't mention a disability at all, or are allegations in his disability discrimination and accommodation claims which do not mention disability harassment.[2]

///

---

[1] The sixth cause of action in the Complaint is mislabeled age harassment under FEHA -- there are no age allegations in the complaint whatsoever, and the body of the sixth cause of action alleges harassment under CFRA.

[2] Additionally, Plaintiff's reference to his DFEH charge is a red herring. The charge is not relevant to the present motion as a failure to exhaust administrative remedies is not presently before the Court on this motion. The civil complaint is the operative pleading both for this motion and the removal.

**B.    Leave To Amend Would Be Futile As Mr. Ordonez Cannot Allege Disability Harassment As A Claim For Relief.**

Significantly, leave to amend would not enable Mr. Ordonez to state a disability harassment claim. The Supreme Court has confirmed that in order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, supra,* 129 S.Ct. at 1949. Plaintiff must allege facts that, when viewed from a common-sense judicial perspective, not only make a claim possible, but also plausible. *Id.* at 1950. Mr. Ordonez cannot meet this requirement. As set forth below, as an employee absent and later terminated from work as he has alleged, Mr. Ordonez cannot then allege severe and pervasive harassment which interfered with his work performance. Failure to make this necessary allegation requires dismissal. (*Herberg v. Calif. Inst. of the Arts* (2002) 101 Cal.App.4th 142, 150.)

To establish a claim for disability harassment in violation of the FEHA, a plaintiff must show that (1) he was subjected to verbal or physical harassment based on his alleged disability, (2) the conduct was unwelcome, and (3) the abusive conduct was sufficiently severe or pervasive so as to alter the conditions of his employment. (*Sheffield v. Los Angeles County Dept. of Social Services* (2003) 109 Cal.App.4th 153, 161; see also, *Fisher v. San Pedro Peninsula Hosp.* (1989) 214 Cal.App.3d 590, 609.) Further, the plaintiff must "prove that the defendant's conduct would have interfered with a reasonable employee's work performance...." (*Herberg,* 101 Cal.App.4th at 150.)

Even at the pleading stage, Mr. Ordonez bears the burden of alleging sufficient facts to meet each essential element. (See, e.g., *Fisher v. San Pedro Peninsula Hosp, supra,* 214 Cal.App.3d at 609 [upholding sustaining of demurrer to sex harassment claim, stating "critical question in the instant case is whether [plaintiff] pled sufficient facts to establish that an atmosphere of pervasive or severe sexual harassment existed in her work environment"].) A plaintiff must plead specific facts regarding the nature, frequency, time span, and/or context of the unwelcome conduct. (*Id.* at 609-610.) Thus, even at the pleading stage, the plaintiff is "properly required by the law and motion judge, to allege sufficient facts to establish that her work environment was permeated by [actionable] harassment." (*Id.* at 613.)

1. *No harassment because of a disability is alleged.*

First, as noted above, Mr. Ordonez has not alleged that he was harassed because of a disability. The allegations in the complaint allege an "illness" which refer to the reason he was absent and wanted to request CFRA leave. Complaint, 36-39, 41-45, 96-97.

2. *No severe and pervasive harassment which interferes with plaintiff's work performance is alleged.*

Second, far from alleging specific facts showing that he was subject to severe or pervasive harassing conduct, Mr. Ordonez alleges purely conclusory allegations that are not even directed at Mr. Sorensen, or supported by the factual allegations of the complaint:

> **Defendant Dotson's behavior was pervasive and severe to the point that it affected Plaintiff's employment on a daily basis and created an abusive environment in which Plaintiff did not feel comfortable and which adversely affected his ability to do his job.**

Complaint, ¶99. Mr. Ordonez was not on the job, such that no conduct by an unknown person, a Mr. Dotson, nor by Mr. Sorensen for that matter, could affect his ability to do his job on a daily basis. As alleged in the complaint: Mr. Ordonez was absent from work, on leave, or his employment terminated when he claims to have been harassed by Mr. Sorensen. Complaint, ¶¶21-24, 36-39, 41-46.[3] Indeed, in the only specific allegations made by Mr. Ordonez, he avers that Mr. Sorensen contacted him *after* his employment was terminated on September 3 and 8, 2010. Complaint, ¶¶44-46. Accordingly, the complaint against Mr. Sorensen should be dismissed with prejudice.

///

///

---

[3] The complaint alleges that Mr. Ordonez was absent from work for nearly all of July, and through all of August and to September 3, 2010, when his employment was terminated. As for harassment, he specifically alleges that Mr. Sorensen contacted him on his September 3rd termination date and began to inquire about his illness, and contacted him again on September 8, 2010. All other harassment allegations are conclusory and "a formulaic recitation of the elements of a cause of action" which cannot survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to dismiss Mr. Ordonez's complaint against Mr. Sorensen in its entirety, and dismiss the complaint with prejudice, for failure to state a claim upon which relief can be granted.

Dated:  March 26, 2013

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: /s/ *Martina M. Nagle*
    MICHAEL C. SULLIVAN
    MARTINA M. NAGLE
Attorneys for Defendants FRONTIER AIRLINES, INC., REPUBLIC AIRWAYS HOLDINGS, INC. AND ROGER SORENSEN