MICHAEL C. SULLIVAN (SBN 131817)
msullivan@paulplevin.com
MARTINA M. NAGLE (SBN 160983)
tnagle@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON** LLP
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendants
Frontier Airlines, Inc., Republic Airways Holdings, Inc.,
Roger Sorenson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KHAN MICHAEL ORDONEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>FRONTIER AIRLINES, REPUBLIC AIRWAYS HOLDINGS, ROGER SORENSEN,<br><br>        Defendants. | CASE NO. C 13-00940 TEH<br><br>**DEFENDANTS FRONTIER AIRLINES, INC., REPUBLIC AIRWAYS HOLDINGS, INC. AND ROGER SORENSEN'S OPPOSITION TO PLAINTIFF KHAN MICHAEL ORDONEZ'S MOTION TO REMAND TO STATE COURT**<br><br>Date:            April 29, 2013<br>Time:          10:00 a.m.<br>Ctrm:          2<br>Judge:         Hon. Thelton E. Henderson<br>Removal Filed:  March 1, 2013<br>Trial Date:     Not Set |

## I. INTRODUCTION

Khan Michael Ordonez's ("Mr. Ordonez") employment with Frontier Airlines, Inc. ("Frontier") was terminated when he failed to show up for work for several days, and failed to provide the required medical certification of a serious health condition in support of his absences or leave under the California Family Rights Act ("CFRA"). Arising out of the termination of his employment with Frontier, Mr. Ordonez has filed this present removed action against Frontier, Republic Airways Holdings, Inc. ("Republic"; Frontier is a wholly-owned subsidiary of Republic), and Roger Sorensen ("Mr. Sorensen"), an individual who had supervisory authority over Mr. Ordonez during Mr. Ordonez's employment with Frontier in 2010. See Complaint, ¶4.

As stated in the Notice of Removal, Mr. Ordonez's joinder of Mr. Sorensen, who is a citizen of California, as a named defendant in the Complaint, is a sham or fraudulent joinder to attempt to destroy diversity. Notice of Removal, ¶ 7. It is undisputed that complete diversity of citizenship exists between Mr. Ordonez and Frontier and Republic. *Id.* at ¶ 6. Mr. Sorensen is an individual employee, and thus cannot, as a matter of law, be liable to Mr. Ordonez as alleged in his sixth claim for relief for harassment under CFRA, which action may only be brought against an employer. Cal. Gov. Code §§ 12945.2(c)(2)(A) & 12945.2(a).[1]

Mr. Ordonez asserts that his sixth claim for relief for CFRA harassment should now be considered a claim for disability harassment under the Fair Employment & Housing Act ("FEHA"). This is despite any disability harassment allegations in the complaint whatsoever.[2] Nor can Mr. Ordonez possibly allege any such claim as set forth below, and consistent with very recent Ninth Circuit law.

Because Mr. Ordonez fails to, and cannot, state a claim upon which relief can be granted, his complaint against Mr. Sorensen is a sham joinder, and the motion for remand must be denied.

## II. STANDARD TO PROVE A SHAM OR FRAUDULENT JOINDER (AND IN OPPOSITION TO A MOTION FOR REMAND)

Contrary to plaintiff's legally unsupported assertions that there is an "exceedingly high" burden or standard to establish a sham or fraudulent joinder to destroy diversity jurisdiction, the Ninth Circuit has found a sham or fraudulent joinder in plenty of cases. See, e.g., *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-1319 (9th Cir. 1998) ["*It is commonplace that fraudulently joined defendants will not defeat removal on diversity grounds*."]; *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061,

---

[1] Mr. Ordonez concedes in his remand motion that the first claim for relief for CFRA retaliation against Mr. Sorensen is without merit. See also his opposition to defendants' motion to dismiss filed March 20, 2013. Mr. Ordonez states that the remand motion is directed at the sixth claim against Mr. Sorensen only, and is not based on any procedural removal defect. Remand moving papers, p. 3, ll. 21-22.

[2] The sixth claim for relief in the Complaint is mislabeled in its caption as Age Harassment under the Fair Employment & Housing Act, but there are no age allegations in the complaint whatsoever, and the body of the sixth claim for relief alleges harassment under CFRA only.

1067 (9th Cir. 2001); *West America Corp. v. Vaughan-Bassett Furniture Co., Inc*., 765 F.2d 932, 936-937 (9th Cir. 1985), among others.

  Fraudulent joinder is a term of art.  If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.  *McCabe, supra*; *Richey, supra; Morris, supra*.  The defendant seeking removal to the federal court, and opposing remand to the state court, is entitled to present facts (and declarations) showing the joinder to be fraudulent.  *Id.*; *Morris, supra,* ["[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony."]; *West America Corp.*, 765 F.2d at 936, fn.6.

  In *Morris*, the court in denying a remand motion based on sham joinder, looked to a declaration on a remand motion and determined that allegations in the complaint were too conclusory to allege a negligence cause of action against a non-diverse defendant, and that, further, certain facts alleged in the complaint and the remand declaration defeated the conclusory allegations.  236 F.3d at 1068.  This same situation of conclusory allegations and contrary facts exists here as set forth below.

### III. AS A MATTER OF LAW, MR. SORENSEN CANNOT BE INDIVIDUALLY LIABLE FOR PLAINTIFF'S CLAIM FOR HARASSMENT UNDER THE CFRA

  It is well-settled under California law that no liability exists under the CFRA against individual defendant employees who are not plaintiff's employer, including claims for retaliation and harassment.  See *Corrales v. United Rentals, Inc.,* 2010 WL 2380875 (C.D. Cal. 2010); *McLaughlin v. Solano County,* 2008 WL 2977959 (E.D. Cal. 2008), *citing Miskuski v. Crescent Heights of America, Inc.,* 2007 WL 918637 (S.D. Cal. 2007).  There is no individual (or supervisor) liability under the CFRA; only employers who directly employ 50 or more persons are liable under the CFRA.  See California Government Code sections 12945.2(c)(2)(A) & 12945.2(a); see also *Herrera v. Pepsi Bottling Group, Inc*., 2010 WL 4483742 (E.D. Cal. 2010); *Corrales,* 2010 WL 2380875.  Mr. Sorensen did not personally employ anyone, but was merely a supervisor.  See Complaint, ¶4.  Because Mr. Sorensen is an individual defendant, he cannot, as a matter of law, be

liable to Mr. Ordonez as alleged in his claim for harassment under the CFRA.  Accordingly, Mr. Ordonez's joinder of Mr. Sorensen, who is a citizen of California, as a named defendant in the Complaint, is a sham or fraudulent joinder to attempt to destroy diversity. See *Morris,* 236 F.3d at 1067-1068; *Ritchey,* 139 F.3d at 1318-1319; *McCabe,* 811 F.2d at 1339; Defendants' notice of removal filed with the Court on March 1, 2013.  The motion for remand must be denied.

**IV.  AS A MATTER OF LAW, PLAINTIFF HAS NOT STATED, AND CANNOT STATE, A DISABILITY HARASSMENT CLAIM UNDER FEHA AGAINST MR. SORENSEN**

The remand motion must be denied for the following reasons: 1) because Mr. Ordonez has not stated a claim for relief for disability harassment in his complaint against Mr. Sorensen; and 2) because any attempt to allege disability harassment against Mr. Sorensen would be futile as he cannot state such a claim for relief.

**A.    Mr. Ordonez Has Not Alleged Disability Harassment Under FEHA In His Sixth Claim For Relief.**

Here, Mr. Ordonez would like this Court to accept the sixth claim for relief's caption citing to FEHA, yet disregard that part of the caption that refers to "Age Harassment."  However, he cannot have it both ways, and the caption is clearly a mistake.[3]  It is equally clear from the sixth claim for relief that Mr. Ordonez alleges that he was harassed for requesting CFRA leave for his illness. Complaint, ¶¶ 96-97.  *Disability or disability harassment appears nowhere* in the sixth claim for relief.  In his remand motion, Mr. Ordonez points this Court to other allegations in the complaint in an attempt to cobble together a disability harassment claim, but the allegations either don't mention a disability at all, or are allegations in his disability discrimination and accommodation claims -- which are entirely separate claims that can only be asserted against the employer -- *and do not mention disability harassment.*[4]

---

[3] The sixth cause of action in the Complaint is mislabeled Age Harassment under FEHA -- there are no age allegations in the complaint whatsoever, and the body of the sixth claim for relief alleges harassment under CFRA.

[4] Additionally, Mr. Ordonez's reference to his DFEH charges is a red herring.  The charges are not relevant to the present motion as a failure to exhaust administrative remedies is not presently before the Court on this motion.  The civil complaint is the operative pleading both for this motion and the removal.  In any (footnote continued on next page)

**B.     Mr. Ordonez Cannot Allege Disability Harassment As A Claim For Relief.**

Significantly, Mr. Ordonez cannot state a disability harassment claim. As set forth below, as an employee absent and later terminated from work as he has alleged in his complaint, Mr. Ordonez cannot then allege severe and pervasive harassment which interfered with his work performance. Failure to make this necessary allegation requires dismissal. *Herberg v. Calif. Inst. of the Arts* (2002) 101 Cal.App.4th 142, 150; see also *Westendorf v. West Coast Contractors of Nevada, Inc.*, - F.3d - , 2013 WL 1285975 (9th Cir. April 1, 2013). In *Westendorf* – a case with more alleged contact between plaintiff and defendant than in the present matter - the Ninth Circuit just recently held that where an alleged harasser shared a workplace with plaintiff only once a week for three months and often did not stay an entire day, and the harassment was not physical and plaintiff did not say that her work suffered because of it, the alleged conduct was not sufficiently severe or pervasive to alter the terms of plaintiff's employment and subject her to an abusive environment. 2013 WL 1285975.

To establish a claim for disability harassment in violation of FEHA, a plaintiff must show that (1) he was subjected to verbal or physical harassment based on his alleged disability, (2) the conduct was unwelcome, and (3) the abusive conduct was sufficiently severe or pervasive so as to alter the conditions of his employment. *Sheffield v. Los Angeles County Dept. of Social Services* (2003) 109 Cal.App.4th 153, 161; see also, *Fisher v. San Pedro Peninsula Hosp.* (1989) 214 Cal.App.3d 590, 609. Further, **the plaintiff must "prove that the defendant's conduct would have interfered with a reasonable employee's work performance**…." *Herberg,* 101 Cal.App.4th at 150; *Westendorf,* 2013 WL 1285975. In his remand motion, plaintiff incorrectly cites to the prima facie case for discrimination (requiring an adverse employment action, etc.) which is a claim entirely different from harassment, and can be brought against the employer only. At p. 7; *Reno v. Baird* (1998) 18 Cal.4th 640, 644.

---

(footnote continued from previous page)

event, Mr. Ordonez's allegations in his charges that he was "subjected to harassment" are hopelessly vague and conclusory.

At the pleading stage, Mr. Ordonez bears the burden of alleging sufficient facts to meet each essential element. See, e.g., *Fisher v. San Pedro Peninsula Hosp, supra,* 214 Cal.App.3d at 609 [upholding sustaining of demurrer to sex harassment claim, stating "critical question in the instant case is whether [plaintiff] pled sufficient facts to establish that an atmosphere of pervasive or severe sexual harassment existed in her work environment"]. A plaintiff must plead specific facts regarding the nature, frequency, time span, and/or context of the unwelcome conduct. *Id*. at 609-610. Thus, even at the pleading stage, the plaintiff is "properly required by the law and motion judge, to allege sufficient facts to establish that her work environment was permeated by [actionable] harassment." *Id*. at 613.

**1.    *No harassment because of a disability is alleged.***

First, as noted above, Mr. Ordonez has not alleged that he was harassed because of a disability. The allegations in the complaint allege an "illness" which refer to the reason he was absent and wanted to request CFRA leave. Complaint, 36-39, 41-45, 96-97.

**2.    *No severe and pervasive harassment which interferes with plaintiff's work performance is alleged.***

Second, far from alleging specific facts showing that he was subject to severe or pervasive harassing conduct, Mr. Ordonez alleges purely conclusory allegations that are not even directed at Mr. Sorensen, or supported by the factual allegations of the complaint:

> **Defendant Dotson's behavior was pervasive and severe to the point that it affected Plaintiff's employment on a daily basis and created an abusive environment in which Plaintiff did not feel comfortable and which adversely affected his ability to do his job.**

Complaint, ¶99. Mr. Ordonez was not on the job, such that no conduct by an unknown person, a Mr. Dotson, nor by Mr. Sorensen for that matter, could affect his ability to do his job on a daily basis. As alleged in the complaint: Mr. Ordonez was absent from work, or his employment terminated, when he claims to have been harassed by Mr. Sorensen. Complaint, ¶¶21-24, 36-39,

41-46.[5] Indeed, in the only specific allegations made by Mr. Ordonez, he avers that Mr. Sorensen contacted him *after* his employment was terminated on September 3 and 8, 2010. Complaint, ¶¶44-46. Accordingly, the complaint against Mr. Sorensen should be dismissed with prejudice, and the remand motion denied.

### 2. *Not only does plaintiff fail to allege harassment, but Mr. Sorensen's declaration establishes that he had no contact with plaintiff during the relevant time period.*

Factual declarations are entirely appropriate, if not essential, on a motion for remand where a sham joinder to destroy diversity is alleged. See, *Morris*, 236 F.3d at 1067; *West America*, 765 F.2d at 936, fn. 6. As Mr. Sorensen attests in his declaration filed herewith, he did not contact (or harass) Mr. Ordonez during his employment or absences from July through September 2010:

- Mr. Sorensen had no contact with Mr. Ordonez -- over the phone, in person, or otherwise – while plaintiff was absent from work in July through September 2010, other than mailing Mr. Ordonez a termination letter on September 3, 2010 (after he called Mr. Ordonez on September 3rd to attempt to meet with him to advise him of his termination, but Mr. Ordonez stated that he was in Las Vegas and could not meet in person).
- Mr. Sorensen did not harass, reprimand, contact or talk to Mr. Ordonez about any illness or disability Mr. Ordonez may have had at any time.
- Mr. Sorensen learned that Mr. Ordonez was ill from plaintiff's father when he delivered doctor's notes for Mr. Ordonez to the Frontier ticket counter.
- Mr. Sorensen never went to any medical facility to investigate, or inquire about, Mr. Ordonez or his illness, nor did he instruct anyone to do so.
- Mr. Sorensen was never advised by anyone that Mr. Ordonez had any learning disability

---

[5] The complaint alleges that Mr. Ordonez was absent from work for nearly all of July, and through all of August and to September 3, 2010, when his employment was terminated. As for harassment, he specifically alleges that Mr. Sorensen contacted him on his September 3rd termination date and purportedly began to inquire about his illness, and contacted him again on September 8, 2010. All other harassment allegations are purely conclusory, and do not support a remand motion. *Morris*, 236 F.3d at 1068.

during his employment with Frontier.

Sorensen Declaration filed in support of Defendants' opposition to remand motion, at ¶¶ 3-7, Exh. 1. Accordingly, not only do plaintiff's allegations establish that Mr. Ordonez was absent from work and therefore could not be subject to harassment, but Mr. Sorensen confirms that he had no contact with Mr. Ordonez during his absence from work, or during his employment from July through September 2010. The remand motion must be denied for lack of any viable claim against Mr. Sorensen.

## V.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's motion to remand to the state court, and find that Mr. Ordonez's complaint against Mr. Sorensen is a sham or fraudulent joinder.

Dated: April 2, 2013

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: /s/ *Martina M. Nagle*
MICHAEL C. SULLIVAN
MARTINA M. NAGLE
Attorneys for Defendants
FRONTIER AIRLINES, INC., REPUBLIC AIRWAYS HOLDINGS, INC. AND ROGER SORENSEN

*Ordonez v. Frontier Airlines*
USDC – Northern District Case No. C 13-00940 MEJ

## PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to this action. I am employed, or am a resident of, the County of San Diego, California, and my business address is: Paul, Plevin, Sullivan & Connaughton LLP, 101 West Broadway, Ninth Floor, San Diego, California 92101-8285.

On April 2, 2013, I caused to be served the following document(s):

- **DEFENDANTS FRONTIER AIRLINES, INC., REPUBLIC AIRWAYS HOLDINGS, INC. AND ROGER SORENSEN'S OPPOSITION TO PLAINTIFF KHAN MICHAEL ORDONEZ'S MOTION TO REMAND TO STATE COURT**

on the interested party (ies) in this action by placing a true copy thereof and addressed as follows:

Kenneth C. Absalom
Law Office of Kenneth C. Absalom
275 Battery Street, Suite 200
San Francisco, CA 94111
Telephone: (415) 392-5040
Facsimile: (415) 392-3729
kenabsalom@333law.com

☑ (By **E-MAIL OR ELECTRONIC TRANSMISSION**) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☑ (Federal) I declare that I am employed by the office of a member of the bar of this court at whose direction the service was made.

Executed April 2, 2013, at San Diego, California.

_____
Julie M.W. Szotek