KENNETH C. ABSALOM (SBN 114607)
kenabsalom@333law.com
JAMES J. ACHERMANN (SBN 262514)
james.achermann@333law.com
LAW OFFICE OF KENNETH C. ABSALOM
275 Battery Street, Suite 200
San Francisco, Ca. 94111
Tel:  415-392-5040
Fax: 415-392-3729

Attorneys For Plaintiff
KHAN MICHAEL ORDONEZ

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHAN MICHAEL ORDONEZ,<br><br>　　　　Plaintiff<br><br>　　vs.<br><br>FRONTIER AIRLINES, REPUBLIC AIRWAYS HOLDINGS, ROBERT SORENSON an individual and DOES 1-20. ,<br><br>　　　　Defendant | Case No.:  C 13-00940 MEJ<br><br>PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND TO STATE COURT<br><br>Date:　　　　April 29, 2013<br>Time:　　　　10:00 a.m.<br>Courtroom:　　B<br>Judge:　　　　Hon. Thelton E. Henderson<br><br>Removal Filed: March 1, 2013<br>Trial Date:　　TBD |

## I.　ARGUMENT

### 1. *Defendant has Failed to Establish Fraudulent Joinder by Clear and Convincing Evidence*

It is well settled by both California case law and statute that an individual can be held liable under the Fair Employment Act ("FEHA") for harassment. Plaintiff has pled a cause of action in the above captioned matter against Defendant Roger Sorenson for harassment pursuant to the FEHA. Defendant now seeks prior to the exchange of any discovery, documents, or the taking of any depositions, to remove this purely state law matter to federal court on the basis that

Defendant Sorenson is fraudulently joined. Before addressing those issues stated in Defendants' Opposition to Plaintiff's Motion to Remand, Plaintiff reiterates below the strong presumption against the finding of a fraudulent joinder that must guide this Court's decision.

"'Fraudulent joinder must be proven by clear and convincing evidence.'" *Hale v. Bank of Am., N.A.,* 2013 U.S. Dist. LEXIS 34997, 10-11 (C.D. Cal. Mar. 13, 2013) citing *Hamilton Materials,* 494 F.3d 1203, 1206 (citing *Pampillonia v. RJR Nabisco, Inc*., 138 F.3d 459, 461 (2d Cir. 1998)). "Because courts must resolve all doubts against removal, a court determining whether joinder is fraudulent 'must resolve all material ambiguities in state law in plaintiff's favor.'" *Id*. citing *Macey v. Allstate Property and Cas. Ins. Co*., 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002) (citing *Good v. Prudential,* 5 F.Supp.2d 804, 807 (N.D. Cal. 1998)). "Thus, '[i]f there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand.'" *Id*. citing *Macey supra*, see also *Good*, 5 F.Supp.2d at 807 ("The defendant must demonstrate that there is no possibility that the plaintiff will be able establish a cause of action in State court against the alleged sham defendant").

"Given this standard, '[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion.'" *Id*. citing *Plute v. Roadway Package Sys., Inc*., 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001); see also *Davis v. Prentiss Properties Ltd., Inc*., 66 F.Supp.2d 1112, 1115 (suggesting that for fraudulent joinder to exist, a claim would have to be so frivolous as to also violate F.R.C.P. 11(b), meriting possible sanctions).

To date, the parties have taken no depositions and exchanged no discovery, Plaintiff admits that typographical errors exist in their Sixth Cause of Action which creates some ambiguities.[1] However, the complaint viewed as a whole establishes at this very early pleading stage that a viable cause of action exists against Defendant Roger Sorenson as an individual for Harassment under the Fair Employment and Housing Act and therefore, this Court must remand this matter.

---

[1] Plaintiff has set forth arguments regarding the typographical errors in their original Motion to Remand Points & Authorities.

### 2. *California law permits naming the Individual Defendant (Sorenson) on the FEHA Harassment claim Therefore, there is No Fraudulent Joinder*

At this initial pleading stage, Plaintiff has pled sufficient facts to establish a cause of action for Harassment under the FEHA against Defendant Sorenson. Without reiterating those arguments already set forth in Plaintiff's initial Points and Authorities in support of their motion to remand, the statute cited by Plaintiff in regards to the Sixth Cause of Action, Cal. Gov't Code § 12940(j), cites to the Fair Employment and Housing Act and represents the precise code which explicitly provides for individual liability on the part of employees under the FEHA. There is no question that Cal. Gov't Code § 12940(j) and California case law recognize individual liability for harassment under the FEHA. See *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1164-1165 (Cal. 2008). Therefore, Plaintiff's sixth cause of action is legally viable under California statute and law.

Further, at this initial pleading phase, Plaintiff has set forth sufficient facts in his pleadings when taken as a whole establish a claim for Harassment under the FEHA. See *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949, (2009) in addressing a motion to dismiss ("A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Here, the Complaint taken as a whole does set forth facts which present a viable claim under the FEHA for harassment. Plaintiff suffered from learning disabilities and Pertussis which qualified as a physical disability under the FEHA. (Complaint ¶¶15, 20-24, 38, 45, 71, 82). Defendants were aware of Plaintiff's learning disabilities and Pertussis. (Complaint ¶¶ 17, 20, 23, 28, 83, 90). Defendants, including Mr. Sorenson as Plaintiff's Supervisor, harassed Plaintiff because of his disabilities. (Complaint ¶ 25, 96). This harassment included verbally reprimanding Plaintiff (Complaint ¶ 97). Harassing and haranguing Plaintiff as to private details regarding his illness (Complaint ¶ 98). Becoming hostile with Plaintiff when discussing his disabilities (Complaint ¶ 98). Denying Plaintiff training to accommodate his disabilities (Complaint ¶ 18). Being told he was not cut out for the position and should find another job (Complaint ¶ 19). Contacting his physicians without his permission or consent (Complaint ¶ 26). Defendant's harassment was so

sever and pervasive that it affected Plaintiff's employment on a daily basis and created an abusive environment adversely affecting his ability to do his job. (Complaint ¶ 99).

Defendant has asked this Court to assess the merits of Plaintiff's claim against Sorenson and not whether he had presented a viable claim under California law.  Defendant's reliance on Mr. Sorenson's self-serving declaration directly attacks the merits of Plaintiff's cause of action, at a phase within the litigation where Plaintiff has had no opportunity to engage in any discovery.  "Where, as here, fraudulent joinder is an issue, the court may go outside the pleadings, and the defendant may present facts showing that the joinder is fraudulent. [internal citation omitted] However, there is a distinction between a complete lack of a cause of action against a sham defendant and an 'inquiry as to whether those defendants could propound defenses to an otherwise valid cause of action.' [internal citation omitted] finding of fraudulent joinder is improper if the defendant's assertions go to 'the merits of the action as an entirety, and not to the joinder; that is to say, it indicated that the plaintiff's case was ill founded as to all the defendants." *Murakami v. E.I. DuPont de Nemours & Co.*, 1999 U.S. App. LEXIS 22722, 8-9 (9th Cir. Haw. Sept. 9, 1999) citing *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *Chesapeake & Ohio Ry Co. v. Cockrell*, 232 U.S. 146, 153-54, (1914)).

In the case at hand, "a finding of fraudulent joinder would be intertwined with the substantive merits of Plaintiff's case and would overstep this Court's role in examining the threshold jurisdictional issue." *Lizari v. CVS Pharm. Inc.,* 2011 U.S. Dist. LEXIS 9104 (C.D. Cal. Jan. 20, 2011).  If the court were to accept Defendant's arguments then a finding of fraudulent joinder would effectively be a decision as to the merits of the cause of action before Plaintiff is provided the opportunity to conduct any fact discovery.  While Plaintiff's case may ultimately fail, it is not "obvious" and "settled" under California law that Defendant Sorenson is a sham defendant who was fraudulently joined. Accordingly, this Court cannot exercise jurisdiction over this dispute, as there is not complete diversity." *Id.*

// //

// //

## II.    CONCLUSION

Parties may not expand federal jurisdiction beyond its statutory boundaries by using fraudulent joinder-based removal as a replacement for the state court demurrer. *Lizari supra*, at 9. Taking Plaintiff's Complaint as a whole, Plaintiff has pled a claim for harassment under the FEHA. While Defendant disputes the merits of that claim, the merits of this purely state law claim should be litigated in the San Mateo Superior Court. Therefore, for the forgoing reasons, as well as those set forth in plaintiff's original motion, Plaintiff respectfully requests that this Court GRANT Plaintiff's Motion and remand these purely state law claims back to the Superior Court of San Mateo.[2]

Dated:   April 10, 2013                    LAW OFFICE OF KENNETH C. ABSALOM

                                           By:    /s/ Kenneth C. Absalom
                                                  Kenneth C. Absalom
                                                  James J. Achermann
                                                  Attorneys for Plaintiff
                                                  KHAN MICHAEL ORDONEZ

---

[2] Should the Court Deny Plaintiff's Motion to Remand and Grant Defendants Motion to Dismiss (Dkt. # 6) Plaintiff would ask that they be granted leave to amend their Complaint in order to cure any alleged defects in regards to their Sixth Cause of Action.