IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KHAN MICHAEL ORDONEZ,

          Plaintiff,

v.

FRONTIER AIRLINES, et al.,

          Defendants.

NO. C13-0940 TEH

ORDER GRANTING MOTION TO REMAND

      This case is before the Court on Plaintiff's motion to remand to state court, heard on April 29, 2013. Defendants argue that this Court has diversity jurisdiction based on the fraudulent joinder of the single non-diverse defendant, Plaintiff's supervisor Defendant Sorensen. Having carefully considered the parties' oral and written arguments, the Court now finds that Defendants have failed to meet their burden to show fraudulent joinder and REMANDS this action.

**BACKGROUND**

      Plaintiff Khan Michael Ordonez worked for Defendant Frontier Airlines as a customer service agent. Complaint ("Compl.") ¶ 12. He alleges the following facts:

      Plaintiff "lives with learning disabilities including visual perception; auditory expression; reading comprehension/retention; speech pathology; difficulty with hand/eye coordination; difficulty with fine and gross motor skills." *Id.* ¶ 15. "In early July of 2010, Plaintiff began to suffer from a then unknown illness making it difficult at work." *Id.* ¶ 20. His doctor determined that he had whooping cough, *id.* ¶ 22, and he remained out of work, pursuant to a "work status report" from his doctor, until July 25, 2010. *Id.* ¶¶ 21-24. He returned to work on July 25 and worked July 25 and 26, but "could no longer continue to work by July 27, 2010 due to this illness." *Id.* ¶¶ 30, 33. Plaintiff was seen by his regular

1  doctor on July 28 and given a "work status report indicating that he should be off work until
2  August 15, 2010." *Id.* ¶ 36. He spoke with someone at the Home Office of Republic
3  Airways, was given, and filled out paperwork for Family Medical Leave. *Id.* ¶¶ 39-43. It is
4  unclear whether Plaintiff actually received medical leave status, either during the period of
5  time in question in this case or subsequently. *See id.* ¶¶ 41-43.

6  On September 8, Plaintiff's doctor gave him a "work status report keeping him off
7  work till [sic] October 5, 2010." *Id.* ¶ 45. Plaintiff sent his father to deliver the work status
8  report to Plaintiff's employer, Defendant Frontier Airlines. *Id.* That same day, Plaintiff
9  received a call from Defendant Sorensen, his supervisor, who "again inquired into
10 [Plaintiff's] condition and became upset when Plaintiff instructed him to speak to [the contact
11 at the Home Office]."[1] *Id.* On September 9, Plaintiff received a termination letter from
12 Defendant Sorensen that was dated September 3, along with a check for $1,000. *Id.* ¶¶ 46-
13 47.

14 This motion focuses solely on the claims asserted against Defendant Sorensen,
15 Plaintiff's former supervisor and the only non-diverse defendant in the case.[2] Plaintiff
16 alleges the following facts regarding Defendant Sorensen:

17 • Plaintiff was "told by his supervisors that he was not cut out for his position and
18   that he should find something else." *Id.* ¶ 19.

19 • During the time Plaintiff was ill, he was "repeatedly harassed and harangued by
20   Roger Sorensen [and two others] as to the details of his illness and treatment."
21   *Id.* ¶ 25.

---

23 [1] Defendant Sorensen's name is spelled "Sorensen" and "Sorenson" in the parties' papers. The Court uses "Sorensen" in this order.

25 [2] At the hearing, Defendants informed the Court and Plaintiff, for the first time, of Defendant Sorensen's death. Both parties indicated their assumption that the action would proceed against Defendant Sorensen's estate. Given that an estate is a citizen of the same
26 state as the decedent under 28 U.S.C. § 1332, the substitution of Defendant Sorensen's estate in this case would not change the jurisdictional analysis or the result. *See* 28 U.S.C. §
27 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"); *see also* Fed. R. Civ. P. 25(a)(1).

2

- On or about July 19, 2012, while Plaintiff was out of work due to illness, two individuals "introducing themselves as [Plaintiff's] employer had inquired [with his physician's office] about seeing his medical records to determine his current illness and whether it was serious enough to have missed work. Based on the description given to Plaintiff by the [physician's office] staffer, Plaintiff concluded that the two individuals were [Plaintiff's] supervisors." *Id.* ¶ 26.
- That evening, Defendant Sorensen, through Dylan Swartz, asked Plaintiff to provide a medical report from his doctor and verify whether his illness was contagious. *Id.* ¶ 27.
- Defendant Sorensen "verbally reprimanded Plaintiff for suffering from an illness and requesting leave." *Id.* ¶ 96.
- Defendant Sorensen "repeatedly failed to provide Plaintiff time to discuss his need for medical leave and refused to provide him the necessary information to take [California Family Rights Act ("CFRA")] leave." *Id.* ¶ 97.
- Defendant Sorensen "openly and repeatedly queried and probed Plaintiff regarding the private details surrounding his illness in a harassing matter [sic]. Defendant attempted to inquire into private and legally protected information regarding Plaintiff's current medical status and treatment. When Plaintiff refused to proffer the information to Defendant Sorensen he would become agitated and hostile to Plaintiff." *Id.* ¶ 98.

After his termination, Plaintiff filed this action in the San Mateo Superior Court against Frontier Airlines, Republic Airways Holdings, Roger Sorensen, and twenty Doe Defendants. He asserts causes of action for, *inter alia*, discrimination, harassment, and wrongful termination. Defendants removed the action to federal court, arguing that Defendant Sorensen, the only non-diverse defendant in the case, was fraudulently joined and should not be considered for purposes of determining diversity of citizenship. Defendants filed a motion to dismiss the claims against Defendant Sorensen, which was followed by this

3

motion to remand the case to state court. The Court vacated the hearing on the motion to dismiss, pending a determination on the motion to remand.

**LEGAL STANDARD**

28 U.S.C. § 1332(a) provides for federal court jurisdiction based on diversity of citizenship. "Although an action may be removed to federal court only where there is complete diversity of citizenship, 28 U.S.C. §§ 1332(a), 1441(b), one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)) (some internal quotation marks omitted). Fraudulent joinder is a "term of art." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The joinder of a non-diverse defendant is deemed fraudulent "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris,* 236 F.3d at 1067 (internal quotation marks, brackets, and citation omitted). In such cases, the court may ignore the presence of the non-diverse defendant for purposes of determining diversity. *Id.*

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Hunter*, 582 F.3d at 1044 (internal quotation marks, brackets and citations omitted). This "strong presumption against removal jurisdiction means that . . . the court resolves all ambiguity in favor of remand to state court." *Id.* at 1042 (internal quotation marks and citation omitted); *see also Wason v. Am. Int'l Group, Inc.*, 09CV2752-LAB CAB, 2010 WL 1881067, at *1 (S.D. Cal. May 6, 2010). "[I]if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007), *quoted in Hunter*, 582 F.3d at 1044.

Ordinarily, courts do not consider defenses on the merits of a claim in determining whether joinder was fraudulent. *Hunter,* 582 F.3d at 1045 (federal preemption defense went

4

to the merits and was not a proper basis for attacking joinder); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319 (9th Cir. 1998) (statute of limitations defense did "not truly go to the merits of the plaintiff's claim in any sense" and therefore was proper basis for finding fraudulent joinder). "'[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant . . . the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.'" *Hunter*, 582 F.3d at 1044 (quoting *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004) (en banc)).

**DISCUSSION**

Defendant Roger Sorensen, one of Plaintiff's supervisors at Frontier Airlines, is the single non-diverse defendant in this case. Defendants removed the case to federal court, arguing that Defendant Sorensen's joinder was fraudulent. *See* Notice of Removal ¶ 7. Throughout their removal papers, motion to dismiss papers, and opposition ("Opp'n") to the motion to remand, Defendants have argued that Plaintiff's Sixth Cause of Action for harassment under the California Fair Employment and Housing Act ("FEHA") is actually a claim under the California Family Rights Act ("CFRA"), which permits only claims against the employer but not against an individual. *See* Cal. Gov't Code § 12945.2(c)(2)(A). Defendants secondarily argue in their opposition papers that even if Plaintiff did allege a claim of harassment under the FEHA, the claim fails because the conduct Plaintiff complains of is not severe or pervasive enough to constitute harassment under California law. The Court addresses these arguments in turn.[3]

A. The Sixth Cause of Action is one under the FEHA; individual liability is permitted

Plaintiff's Sixth Cause of Action is captioned "Hostile Work Environment, Harassment based on Age in Violation of Gov't Code § 12940(j) - Against all Defendants." Compl. at 14. Government Code § 12940(j) is the FEHA harassment provision. Plaintiff

---

[3] The Court need not and does not address Defendants' arguments about Plaintiff's First Cause of Action because remand is required in light of the Sixth Cause of Action.

5

asserts that the "age" notation is an error and that the claim is one for disability harassment. *See* Motion to Remand ("Mtn.") at 6. Among the allegations listed, Plaintiff refers to Defendant Sorensen's failure to provide him with information about CFRA leave. Compl. ¶ 97. However, the mention of CFRA paperwork notwithstanding, the cause of action is clearly one under the FEHA. The title page to the complaint lists the Sixth Cause of Action as one under the FEHA, *id.* at 1; it falls after a series of causes of action under the CFRA and within a series of causes of action under the FEHA, *id.*; and it consistently relies on § 12940(j), the FEHA harassment provision. The substance of the allegations in the Sixth Cause of Action is that Defendants Sorensen and Dotson made inflammatory and disquieting comments about Plaintiff's illness and status, "probed Plaintiff regarding the private details surrounding his illness," *id.* ¶ 98, and inquired impermissibly into Plaintiff's medical status. *Id.* ¶¶ 96-99, 102-103. Thus, although the title of the Sixth Cause of Action mistakenly says "age," the allegations clearly state a FEHA harassment claim based on disability. The word "age" is an error. It does not convert the claim from one under the FEHA to one under the CFRA.

As a FEHA harassment claim, the Sixth Cause of Action is properly pleaded against an individual defendant. *See* Cal. Gov't Code § 12940(j)(3) ("An employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee . . . ."). Defendants' repeated argument that the Sixth Cause of Action fails because there is no individual liability under the CFRA is meritless at best, and disingenuous at worst.

B. Defendants fail to show there is no possibility the state would impose liability

Defendants next argue that the FEHA harassment claim fails on the merits because the conduct that Plaintiff alleges is not severe enough to constitute harassment. To establish harassment under the FEHA, a plaintiff must show that he is a member of a protected group, was subjected to harassment because he belonged to this group, and that the alleged harassment was so severe it created a hostile work environment. *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 130 (1999); *Huck v. Kone Inc.*, No. C 10–01845 RS, 2011 WL

6

6294466, at *11 (N.D. Cal. Dec. 15, 2011); *Gardner v. City of Berkeley*, 838 F. Supp. 2d 910, 926 (N.D. Cal. 2012). The "harassment cannot be occasional, isolated, sporadic, or trivial; rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." *Aguilar*, 21 Cal. 4th at 131 (internal quotation marks, brackets and citation omitted).

Defendants argue that the harassment Plaintiff complains of is not "sufficiently pervasive" under state law, but rather is "occasional, isolated, sporadic, or trivial." *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 610 (1989); *Aguilar*, 21 Cal. 4th at 131; opp'n at 5-7. The Court finds the argument unavailing under the standard governing the fraudulent joinder inquiry. Plaintiff alleges, as quoted above, that his supervisors, including Defendant Sorensen, "harassed and harangued" him about the details of his illness, that they contacted his physician's office, that they told him he was not cut out for the job, and that they gratuitously made him feel uncomfortable about his illness. Mindful of Defendants' heavy burden and resolving all ambiguity in favor of remand, the Court is unable to find that there is no possibility that a state court would impose liability under these circumstances. *See Hunter*, 582 F.3d at 1042, 1044.

Defendants also argue that Plaintiff was not at work during the time the alleged harassment took place and therefore the harassment cannot have changed the work environment. Opp'n at 6-7 (citing *Fisher*, 214 Cal. App. 3d at 613 (sexual harassment plaintiff had to establish that her "work environment was permeated by sexual harassment")). Defendants cite no law to substantiate the proposition that harassment directed at an employee while the employee is at home, in the hospital, or outside the workplace cannot – *per se* – constitute or contribute to actionable harassment. The Court declines to create any such rule now.

Finally, the Court notes that the fraudulent joinder inquiry is properly a summary inquiry, *see Hunter*, 582 F.3d at 1044, and not one that considers defendants' defenses on the merits. *Ritchey*, 139 F.3d at 1319; *Hunter*, 582 F.3d at 1045. The applicability of Defendants' severity of the harassment argument to all Defendants, not only Defendant

7

Sorensen, further indicates that this argument is one "for the state court to decide." *Caouette v. Bristol-Myers Squibb Co.*, C 12-1814 EMC, 2012 WL 3283858, at *4 (N.D. Cal. Aug. 10, 2012); *Hunter*, 582 F.3d at 1044-45.

In sum, Defendants have failed to overcome the "strong presumption against removal jurisdiction and the general presumption against fraudulent joinder." *Hunter*, 582 F.3d at 1046 (internal quotation marks and citation omitted). The case must be remanded.

**CONCLUSION**

For the reasons stated above, the motion to remand is GRANTED. Defendants' motion to dismiss is deemed moot without prejudice to renewal by way of a demurrer on remand. This terminates the case; the Clerk shall remand this action to the San Mateo County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: 5/1/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

8